# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHARLES MANLEY, | ) | 3:11-cv-00636-RCJ-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | January 17, 2013 |
| | ) | |
| ALAN ZIMMER, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   <u>Katie Lynn Ogden</u>   REPORTER:   <u>              FTR              </u>

COUNSEL FOR PLAINTIFF:  <u>Charles Manley, In Pro Per (Telephonically)              </u>

COUNSEL FOR DEFENDANTS:  <u>Micheline N. Fairbank, Esq.              </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

9:01 a.m. Court Convenes.

The court and parties address plaintiff's Motion for Appointment of Counsel (Dkt. #51), plaintiff's Motion to Compel Discovery (Dkt. #48) and plaintiff's Motion for Partial Summary Judgment (Dkt. #58).

## I.  <u>Motion for Appointment of Counsel (Dkt. #51)</u>

As stated in two prior orders (Dkt. ## 18, 38) regarding the appointment of counsel, the court is required to evaluate both the likelihood of success on the merits and the pro se litigant's ability to articulate his claims in light of the complexity of the legal issues involved.  With regard to the likelihood of success there is a dispute between the parties, which, at this time the court, cannot make a preliminary determination regarding this.  Furthermore, plaintiff has adequately shown his ability to articulate his claims throughout the course of this case.  In view of this, plaintiff's Motion for Appointment of Counsel is **DENIED**.

## II.  <u>Motion to Compel (Dkt. #48)</u>

The court first inquires whether the request for admissions been answered.  Ms. Fairbank represents that they have been served and is also addressed in defendants' opposition to

MINUTES OF PROCEEDINGS
3:11-cv-0636-RCJ-WGC
Date: January 17, 2013
Page 2
_____

plaintiff's Motion for Partial Summary Judgment (Dkt. #58), which will be filed no later than
Tuesday, January 22, 2013.  Ms. Fairbank indicates that the responses for defendants Manning,
Horsley, Hammock and Rowley were all deposited in the United States mail on October 31,
2012; however, she does not have any way to verify whether or not Mr. Manley received the
documents.  Ms. Fairbank states that she received a letter from Mr. Manley indicating that he did
not received the documents.  Subsequent to his letter, Ms. Fairbank sent duplicate copies of
responses to the request for admissions.

Mr. Manley represents that the package he received from Ms. Fairbank, that was sent on
the October 31, 2012, did not include the responses to the request for admissions.
Mr. Manley indicates that he did receive the duplicate copies that were sent in December 2012.

Based on Ms. Fairbank's representation, it is the finding of the court that there is
sufficient evidence that the responses to the request for admissions were timely served.

The court turns to the production of documents and requests that the parties address the
outstanding discovery disputes.  After hearing the parties respective positions, the court orders
the following:

**Request No. 1:**

Ms. Fairbank indicates that there are no reports for the additional four (4) individuals
Mr. Manley has identified.

The court finds that defendants should have responded to plaintiff's request in such a way
that Ms. Fairbank has represented today with regard to this request.   Ms. Fairbank volunteers to
review the records and any documents defendants have to assure there are no additional
documents to be provided to the plaintiff.  Based on Ms. Fairbank's representation that she will
review the records again, the court directs that she subsequently file a supplemental response that
states the outcome of her review.

Therefore, plaintiff's Request No. 1 is **GRANTED**, to the extent defendants shall provide
a supplemental response.

**Request No. 2, 9, and 10:**

The court finds that this issue has not been adequately briefed for the court to make a
determination.  Therefore, the court suspends the briefing schedule (Dkt. #61) indefinitely to any
potential Motion for Summary Judgment from defendants and the response deadline to plaintiff's
Partial Motion for Summary Judgment (Dkt. #58).

MINUTES OF PROCEEDINGS
3:11-cv-0636-RCJ-WGC
Date: January 17, 2013
Page 3

     The court directs that defendants file a supplemental memorandum addressing all the points as to the relevance, discoverability, privilege, etc., and as to other allegations of excessive force against the named defendants.  Defendants shall have up to and including Tuesday, February 19, 2013, in which to file the supplemental memorandum.  Plaintiff shall then have up to and including Tuesday, March 19, 2013, to file his reply.

     Therefore, plaintiff's Request No.'s 2, 9 and 10 are **DEFERRED** until further briefing on this subject is complete and the court has had the opportunity to review the memorandum and plaintiff's reply.

**Request No. 3**

     The court agrees with the defendants that plaintiff will need to submit a kite to the medical department to review his records.  Mr. Manley represents that his kites are being denied because the Nevada Department of Corrections ("NDOC") indicates that review of such records are allowed only one time a year unless the Attorney General's Office contacts the prison.

     Ms. Fairbank indicates that she is unaware of the problems Mr. Manley is experiencing with regard to kiting and reviewing his medical records.  Ms. Fairbank asks to have an opportunity to discuss this with the prison and that she will work with the institution so that Mr. Manley is provided the opportunity to review his medical records in short order.

     Therefore, plaintiff's Request No. 3 is **GRANTED**, insofar Ms. Fairbank represents that she will work with the institution so that plaintiff is assured to be given the opportunity to review his medical records.

**Request No. 4**

     Ms. Fairbank represents that Mr. Hubble did not provide testimony as to the cell extraction.  The court inquires whether there is any portion of the recorded testimony that relates to Mr. Hubble's observation of what happened during the cell extraction.  Ms. Fairbank indicates that she has not listened to the entirety of the record.

     Mr. Manley asserts that Mr. Hubble was a witness prior to the cell extraction.

     The court agrees that any information Mr. Hubble may have reported regarding the cell extraction is evidence, which may or may not have a bearing on this matter, but should be available for Mr. Manley review.  The court explains that Mr. Hubble's testimony, as it relates only to the cell extraction and any assertions of excessive force, is relevant and any additional observations made by Mr. Hubble should be extracted.

MINUTES OF PROCEEDINGS
3:11-cv-0636-RCJ-WGC
Date: January 17, 2013
Page 4

_____

Ms. Fairbank requests that she be provided the opportunity to review the testimony and should there potentially be something that is discoverable, that she be able to submit any testimony in camera with argument as to why or why not the testimony is privileged.

The court will allow Ms. Fairbank to submit any relevant testimony from Mr. Hubble in camera.  However, Ms. Fairbank, must also provide case authority and the cited administrative regulations which justify withholding recorded statement(s) of an eye witness to an occurrence.

Therefore, plaintiff's Request No. 4 is **GRANTED** and defendants shall supplement its response.

### Request No. 5

The court finds that this request is **DENIED as moot** because the documents have been produced; however, Ms. Fairbank is going to investigate further with regard to this requests and if necessary will provide Mr. Manley with a supplemental response.

### Request No. 6

Mr. Manley represents the defendants provided him only with his filed grievance and not the Inspector General Investigation Report.

Ms. Fairbank is unable to verify what was provided to Mr. Manley and, again, volunteers to supplement her response to specifically address this request.

The court is concerned with the representation of Mr. Manley with regard to only being served with his grievance and not the Inspector General's Investigation Report. The court directs that Ms. Fairbank provide Mr. Manley with a supplemental response.  In addition, should Ms. Fairbank find that only Mr. Manley's grievance was produced and not the Inspector General's Investigation Report, Ms. Fairbank shall file a notice to that effect with the court.

 Therefore, plaintiff's Request No. 6 is **GRANTED** and Ms. Fairbank shall comply with the court's directive regarding this request.

### Request No. 7

Based on the representation by defendants, the tape of the disciplinary matter has been produced; however, Ms. Fairbank will investigate further whether Zimmer's report was previously produced and, if not, it will be produced.

MINUTES OF PROCEEDINGS
3:11-cv-0636-RCJ-WGC
Date: January 17, 2013
Page 5

Therefore, plaintiff's Request No. 7 is **GRANTED**, to the extent that defendant will produce Zimmer's report if it had not been previously produced.

### Request No. 8

The court is not inclined to agree with defendants' response that they are under no obligation to produce such documents.  Therefore, plaintiff's Request No. 8 is **GRANTED**, and  it is the order of this court that if there are any judgments against any defendant in this matter, it shall be produced; however, this shall not include any settlements.

### Request No. 11

It is the order of the court that plaintiff's Request No. 11 is **GRANTED**, to the extent the request seeks all incident reports relating to Mr. Manley's incident.

## III.  Hearing Date

The court will address the supplemental responses at the next hearing date.  The court schedules a hearing for **Thursday, March 28, 2013, at 9:30 a.m.**

## IV. Discussion regarding Motion for Partial Summary Judgment (Dkt. #58)

In light of the courts earlier finding that the defendants have adequately explained any delay or non-service regarding requests for admissions, and in view of defendants' representation that the responses were served on October 31, 2012, the court requests that plaintiff consider withdrawing his Partial Motion for Summary Judgment (Dkt. # 58).  The court explains that  plaintiff is not obligated to withdraw his motion.

**IT IS SO ORDERED.**

10:08 a.m. Court Adjourns.

LANCE S. WILSON, CLERK


By: _____/s/_____
       Katie Lynn Ogden, Deputy Clerk