## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHARLES MANLEY, | ) | 3:11-cv-00636-RCJ-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | April 23, 2013 |
| | ) | |
| ALAN ZIMMER, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>  Katie Lynn Ogden  </u>  REPORTER:  <u>              FTR              </u>

COUNSEL FOR PLAINTIFF:  <u>Charles Manley, In Pro Per (Telephonically)            </u>

COUNSEL FOR DEFENDANTS:  <u>Micheline N. Fairbank, Esq.                         </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

1:46 p.m. Court Convenes.

## I.    Preliminary Matters

The court is in receipt of "Defendants' Continued Supplemental Briefing in Opposition to Plaintiff's Motion to Compel Discovery" (Dkt. #81).  Ms. Fairbank advises the court that this briefing is in relation to the court's order from the hearing held on March 28, 2013, directing defendants' to address specific cases that relate to plaintiff's motion to compel and defendants' objections to plaintiff's requests.  The court requests Ms. Fairbank to prepare an Index for Exhibits A-K that are relative to defendants' supplemental briefing Dkt. #81, and provide Mr. Manley a copy of the Index.

The court briefly reviews defendants' "Motion for Leave to File Exhibits H, I, and J to Defendants Report of Discovery *In Camera*" (Dkt. #80), and notes that it appears the title mistakenly refers to the wrong document.  Ms. Fairbank indicates she will re-file the motion so that the title of the documents reads: "Motion for Leave to Submit Exhibits H, I, and J to Defendants Continued Supplemental Briefing *In Camera.*"

The court indicates that this hearing will address the defendants' responses to plaintiff's Motion to Compel (Dkt. #48).  The court will utilize the Minutes of Proceedings from the March 28, 2013, hearing (Dkt. #78) and defendants' Report on Discovery (Dkt. #74) to address

MINUTES OF PROCEEDINGS
3:11-cv-00636-RCJ-WGC
Date: April 23, 2013
Page 2

the outstanding discovery disputes during today's hearing.

II.     **Defendants' Report on Discovery (Dkt. #74) Re: Plaintiff's Motion to Compel (Dkt. #48)**

**Request No. 1**

Mr. Manley explains that his concern is not necessarily the content that has been redacted in this production of documents, rather his concern is that the documents have been produced to the warden's office for his review, not produced to him personally.  Mr. Manley explains that having these documents in his possession does not create a security threat, especially when he is in possession of similar documents.  Ms. Fairbank indicates that Nevada Department of Corrections ("NDOC") is not inhibiting Mr. Manley's ability to review records, rather NDOC's position is that there are specific documents which present safety and security concerns; therefore, they have been provided to the warden's office for Mr. Manley's review. Ms. Fairbank informs the court that the defendants' response to this request is governed by AR 568.02.

The court expresses its concern as to defendants' argument and position that Mr. Manley is not permitted to possess certain documents (which have been otherwise redacted) when he has already been subject to gain access to the document through the warden's office.  The court defers ruling on plaintiff's Request for Production No. 1 and directs Ms. Fairbank to submit further briefing on this particular issue.  Ms. Fairbank shall provide the court with additional information regarding the difference between allowing an inmate access to certain redacted documents but not be in possession of the documents.  Ms. Fairbank is directed to submit supplemental briefing by no later than Friday, May 3, 2013.  Mr. Manley is also permitted to file supplemental briefing as to this issue and provide the court with examples of documents that he has in his possession that are similar to documents defendants' claim are a safety and security threat.  Ms. Fairbank is instructed to make the necessary arrangements for Mr. Manley to review the documents that have been produced to the warden's office.

**Request No. 3**

According to the Minutes of Proceedings from last hearing (Dkt. #78), no further elaboration regarding this request was needed; therefore, Request No. 3 has been adequately responded to.

**Request No. 4**

The court finds Request No. 4 has been adequately responded to.

MINUTES OF PROCEEDINGS
3:11-cv-00636-RCJ-WGC
Date: April 23, 2013
Page 3

### Request No. 5

The court finds Request No. 5 has been adequately responded to.

### Request No. 6

Mr. Manley informs the court that there are two different reports relating to this request and the report produced by defendants to the warden's office is not the report he is seeking.  Mr. Manley indicates that he has filed a *Judicial Notice* with the court that explains there are two different entities, which prepare two different reports.  The court informs plaintiff that it has not received the *Judicial Notice*.  Ms. Fairbank represents that this request has been produced and no further documents exist; however, she will address Mr. Manley's *Judicial Notice* once it has been filed with the court.  The court directs Ms. Fairbank to include in defendants' response a declaration from the Inspector General's Office indicating whether or not they received Mr. Manley's grievance and what events occurred after the office had received Mr. Manley's grievance (if they received his grievance).

### Request No. 7

Mr. Manley indicates that Ms. Fairbank has provided him with a copy of the requested transcript (which he is in personal possession of); therefore, this request has been satisfied.

### Request No. 8

Mr. Manley indicates that he has received, through his personal investigation, copies of judgments and will be submitting the documents to the court relatively soon.  The court suggests that Mr. Manley file the documents as a Motion for Further Consideration with Respect to Request No. 8.

### Request No. 11

Request No. 11 has been adequately responded to.

### III.   Request's No. 2, 9 and 10

The court explains that defendants were granted an extension of time to April 25, 2013, to file further briefing as to Request No.'s 2, 9 and 10.  The court notes that this extension of time should have clarified that plaintiff would also have this time to file any supplemental briefing.  Therefore, plaintiff's supplemental briefing, date stamp filed on April 24, 2013 (Dkt. #83), is considered to be timely filed.  The court states that it will schedule a hearing concerning Request

MINUTES OF PROCEEDINGS
3:11-cv-00636-RCJ-WGC
Date: April 23, 2013
Page 4
_____

No. 2, 9 and 10 after it has reviewed the parties' additional briefing.

**IV.    Plaintiff's Oral Motion for Appointment of "Special Master"**

Mr. Manley requests he be appointed a Special Master in this matter.  The court is not inclined to appoint and a Special Master; therefore, plaintiff's oral Motion for Appointment of "Special Master" is **DENIED**.

**V.    Plaintiff's Oral Motion to Amend Complaint**

Mr. Manley requests to amend his complaint to add additional defendants.  The court explains that Mr. Manley's request to amend is untimely; however, if plaintiff desires, he may formally submit a motion to the court to amend, with an attached amended complaint to the motion.

**VI.    Defendants' Motion for Leave to File Exhibit E to Defendants' Report of Discovery _Under Seal_ (Dkt. #72)**

The court requests that Ms. Fairbank assert defendants reasoning for requesting documents to be filed under seal.  Ms. Fairbank asserts that based on the NDOC's interest in their legitimate penological concerns regarding the safety and security inmates, staff and the public, and furthermore, because these documents were not produced for public production but to be maintained in the office of the warden, these documents should be considered confidential and filed under seal and maintained in a secure form.

Good cause appearing, Defendants' Motion for Leave to File Exhibit E to Defendants' Report of Discovery _Under Seal_ (Dkt. No. 72) is **GRANTED.**

**VII.    Motion for Leave to File Exhibit H to Defendants Report of Discovery _In Camera_ (Dkt. #73)**

The court explains that the Attorney General's Office has complied with the court's directives (see Dkt. #64 and #79) concerning the submission of _In Camera_ documents.  _In Camera_ submissions are not filed with the court and are provided to the court for its review only; therefore, defendants Motion for Leave to File Exhibit H to Defendants Report of Discovery _In Camera_ is **DENIED as moot.**

MINUTES OF PROCEEDINGS
3:11-cv-00636-RCJ-WGC
Date: April 23, 2013
Page 5

VIII.   **Motion for Leave to File Exhibits H, I, and J to Defendants Report of Discovery**
        ***In Camera* (Dkt. #80)**

    Defendants are requested to withdraw Dkt. #80 and re-file the document with the correct title.  Therefore, defendants' Motion for Leave to File Exhibits H, I, and J to Defendants Report of Discovery *In Camera* is **WITHDRAWN**.

IX.   **Further Directive by the Court**

    The parties are to entitle the additional briefing that has been ordered today as follows: "Memorandum Regarding Possession of Records and Inspector General Report."

    The Courtroom Administrator is directed to provide plaintiff with a copy of an updated docket sheet.

**IT IS SO ORDERED.**

3:23 Court Adjourns.

LANCE S. WILSON, CLERK

By: _____/s/_____
Katie Lynn Ogden, Deputy Clerk