UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHARLES MANLEY, | ) | 3:11-cv-00636-RCJ-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | July 23, 2013 |
| | ) | |
| ALAN ZIMMER, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT: <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK: <u>  Katie Lynn Ogden  </u>  REPORTER: <u>            FTR           </u>

COUNSEL FOR PLAINTIFF: <u> Charles Manley, In Pro Per (Telephonically) </u>

COUNSEL FOR DEFENDANTS: <u> Micheline N. Fairbank, Esq. </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

9:33 a..m.  Court convenes.

The Court and parties address several pending motions.  After hearing the parties respective positions, the Court finds the following:

**I.       Disposition of Pending Motions**

       **A. Motion To Extend Copy Work Limit (Dkt. #103)**

Mr. Manley indicates that he is seeking a $100.00 - $150.00 copy work extension.

Ms. Fairbank opposes Plaintiff's request, stating it is generally the position of the State that it is not the State's responsibility to fund litigation on behalf of the Plaintiff and that it is the responsibility of the Plaintiff to manage any case expenses.  Ms. Fairbank further indicates there are alternative means available for inmate litigants to make copies of documents (i.e., carbon copies).

The Court is inclined to provide Plaintiff with an extension of his copy work limit; however, the Court does not find Plaintiff's request for the amount he seeks reasonable given the status of this case.  It appears the majority of briefing has been accomplished in this matter, including Plaintiff's Amended Complaint (Dkt. #112).  Therefore, Plaintiff's Motion to Extend

MINUTES OF PROCEEDINGS
3:11-cv-00636-RCJ-WGC
Date: July 23, 2013
Page 2
_____

Copy Work Limit (Dkt. #103) is **GRANTED** to the extent that plaintiff be provided a $25.00 copy work extension.

### B. Defendants' Motion for Leave to File Exhibits A Through C to Defendants' Briefing Regarding Possession of Records by Plaintiff and Production of Inspector General Report Under Seal (Dkt. #93)

Ms. Fairbank represents that, for purposes of this litigation only, and after further review of documents the Defendants agreed to produce certain documents for plaintiff's personal possession.  However, at the same time, Defendants maintain the position that certain documents should not be possessed by Mr. Manley in his cell (i.e. medical records).  Therefore, Defendants have filed a motion to seal Exhibit A-C (Dkt. #93; supporting document Dkt. #94).  Ms. Fairbank reiterates that Exhibits A-C can be reviewed in the warden's office.

The Court and parties discuss Defendants' rationale behind filing Exhibits A-C under seal.  Ms. Fairbank explains that the institution is not concerned about Mr. Manley being able review the documents, but the concern is the potential for inadvertent or intentional dissemination of the information that is contained in the documents.  Furthermore, Ms. Fairbank explains, that pursuant to Administrative Regulation ("AR") 639, inmates are not permitted to possess medical records.  Also,  AR 568-569 references that departmental records, information that pertain to other inmates, and information regarding the operation of the institution are examples of what the institution considers as information that should not be possessed by inmates.

Mr. Manley indicates he has reviewed Exhibit A-C several months ago and was told he'd be permitted to review the documents again; however, this has yet to happen.  Mr. Manley states he was able to obtain Exhibit A through a different resource; therefore, Exhibit A is no longer at issue.  As for Exhibit B, Mr. Manley claims that Exhibit B is not a document that should be scrutinized under the same rationale as other medical records when deciding whether a document is a threat to the institution.

The Court is inclined to agree with the position Ms. Fairbank has supported today regarding the sealing of Exhibits A-C (Dkt. #95).  The Court reiterates that Mr. Manley has the option to submit a  kite in order to review the documents in the warden's office.  Therefore, Defendants' Motion for Leave to File Exhibits A Through C to Defendants' Briefing Regarding Possession of Records by Plaintiff and Production of Inspector General Report Under Seal (Dkt. #93) is **GRANTED**.

The Court requests that Ms. Fairbank arrange a date and time for Mr. Manley to review

MINUTES OF PROCEEDINGS
3:11-cv-00636-RCJ-WGC
Date: July 23, 2013
Page 3

the records that have been filed with the warden's office.  Plaintiff shall have sufficient time to review such records.

### C. Plaintiff's Motion for Sanctions Pursuant to FRCP 37(b) (Dkt. 92)

There appears to be two components to Plaintiff's Motion for Sanctions.  One component is apparently the subject of Mr. Manley's later filing of Judicial Notice (Dkt. #102).  The second component is Mr. Manley's claim that Defendants have not adequately responded to discovery requests regarding complaints being investigated by the institution, which has not been done.

The Court turns to Judicial Notice (Dkt. #102) first.

Mr. Manley claims that the Defendants have lied and presented false arguments throughout the discovery process in this matter.  Mr. Manley addresses Request for Production No. 8 and claims that there are in fact settlements that occurred as to certain Defendants and their involvement in prior cases.  The Court reminds Mr. Manley that it had narrowed the scope of Request No. 8 to the production of only judgments against any Defendant in this matter (see Dkt. #64).

Mr. Manley advises the Court that he has requested from an individual outside the prison system to make copies from PACER of cases in which Defendants have been named in an action with the United Stated District Court.  However, Ely State Prison ("ESP") mail-room will not allow Mr. Manley to receive the documents and they are currently being held in the mail-room.

Ms. Fairbank represents that she has reviewed each of the cases Plaintiff has cited in his Judicial Notice (Dkt. #102) and has reported to the Court in Defendants' Response to Plaintiff's Notice (Dkt. #104) that none of the cases cited involve a judgment against Defendants.

Regardless of Ms. Fairbank's representation, Mr. Manley requests that he be allowed to receive and review the documents himself.

The Court briefly reviews one of the cited cases in Mr. Manley's Judicial Notice and states that it appears Ms. Fairbank has provided correct information regarding the disposition of the cases cited in the Judicial Notice.  Therefore, any additional response to Request for Production No. 8 is not required.  Furthermore, if there is a necessity to deny Plaintiff's Judicial Notice (Dkt. #102), it is hereby **DENIED**.

Thereafter, the Court requests Ms. Fairbank to provide Mr. Manley copies of the documents which identifies the disposition and/or status of the cases cited by Mr. Manley; or, alternatively, to allow Mr. Manley to review the documents being held in the mail-room for an inspection either in Ms. Fairbank presence or in the warden's office.

MINUTES OF PROCEEDINGS
3:11-cv-00636-RCJ-WGC
Date: July 23, 2013
Page 4

     The Court turns to a separate topic of Mr. Manley's Motion for Sanctions which appears to claim that Defendants have not produced documents relating to complaints that are investigated by the institution.

     It is Ms. Fairbank's understanding that not every complaint against a correctional officer submitted by an inmate is found meritorious to warrant a full investigation by the Inspector General Office ("IG Office). It is Ms. Fairbank's further understanding, as reflected in a declaration by Warden Baker (Dkt. #94-5), that Mr. Manley's grievance was referred to the IG Office and the IG Office referred it back to the institution.

     Mr. Manley indicates he understands that the IG Office has the authority to refer grievances back to the institution; however, it is his understanding that the Warden is required, pursuant to Administrative Regulation ("AR") 340, to investigate the claims and make a finding. Therefore, there should be a report.

     Ms. Fairbank reiterates that Defendants have produced all documents related to Mr. Manley's incident and there are no further documents to produce.

     The Court reviews AR 340 and it appears there is no requirement within this administrative regulation to produce a report for a preliminary investigation. In view of Ms. Fairbank's representation that there was no report produced from the IG Office to the institution, and because there is no requirement to produce a report in AR 340, the Court finds that there is no basis to sanction the Attorney General's Office and, furthermore, the Court does not agree that the Attorney General's Office has committed perjury. Therefore, Plaintiff's Motion for Sanction (Dkt. #92 ) is **DENIED**.

     **D.  Motion for Leave to Submit Exhibits H, I, and J to Defendants Continued Supplemental Briefing *In Camera* (Dkt. #88)**

     Defendants' Motion for Leave to Submit Exhibits H, I, and J to Defendants Continued Supplemental Briefing *In Camera* (Dkt. #88) is **GRANTED**. The Court indicates that it will keep possession of these documents as they appear to be relevant to the discovery dispute regarding Plaintiff's Motion to Compel (Dkt. #48).

**II.    Scheduling Order**

     The Court will file a Scheduling Order in response to Plaintiff's Amended Complaint (Dkt. #112), filed on July 11, 2013.

     Plaintiff verbally requests that the discovery deadline be extended by 120 days. The

MINUTES OF PROCEEDINGS
3:11-cv-00636-RCJ-WGC
Date: July 23, 2013
Page 5

Court agrees that Plaintiff's request is appropriate and is, therefore, **GRANTED**. The close of discovery is scheduled for Wednesday, November 27, 2013.

### III. Discussion Regarding Plaintiff's Motion to Compel (Dkt. #48)

The Court request that the parties to updates the Court as to the status of Plaintiff's Motion to Compel (Dkt. #48) and as to what disputes remain relevant.

Ms. Fairbank and Mr. Manley agree that Request for Production No. 2, 9, and 10 remain relevant to the discovery dispute. Considering the Court is in receipt of the supplemental briefing regarding the subjects relevant to Request for Production No. 2, 9, and 10, the Court finds it appropriate to schedule a hearing to address those specific discovery requests. Therefore, the Court schedules a hearing for **Wednesday, August 28, 2013, at 1:30 p.m.**

The parties are directed to prepare simultaneous briefing as to any additional arguments the parties may want to make regarding Plaintiff's Motion to Compel, specifically as to Request for Production of Documents No. 2, 9, and 10. The Court notes that Plaintiff's discovery requests (Request No. 2, 9, and 10) will be evaluated from the time discovery was initially served. The parties' brief shall be filed no later than **Friday, August 16, 2013**.

The Courtroom Administrator is directed to send Plaintiff a copy of the current docket sheet.

**IT IS SO ORDERED.**

11:17 a.m. Court adjourns.

LANCE S. WILSON, CLERK

By: _____/s/_____
Katie Lynn Ogden, Deputy Clerk