# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHARLES S. MANLEY, JR. | ) | 3:11-cv-00636-RCJ-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | October 2, 2013 |
| | ) | |
| STATE OF NEVADA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  KATIE LYNN OGDEN   REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is Defendants' Motion to Stay Discovery. (Doc. # 127.) Defendants seek to stay the discovery served as to Defendants Baker, McDaniel and Zimmer (attached as Exhibits A, E and G to Defendants' motion) pending the disposition of Defendants' partial motion to dismiss (Doc. # 122). The basis of Defendants' motion is that Plaintiff "has failed to exhaust his administrative remedies as to his claims against Defendants Baker, McDaniel and Zimmer, as required by the Prison Litigation Reform Act (PLRA) 42 U.S.C. § 1997e(a)." (Doc. # 127 at 3.)

Defendants' motion was filed on September 30, 2013. Plaintiff Manley has not yet had an opportunity to respond to Defendants' motion. However, because the deadline to respond to the discovery served on Defendants Baker, McDaniel and Zimmer is on or about October 19, 2013, and because good cause appears to exist with respect to Defendants' motion, the court will address the Defendants' motion.

As just stated, a preliminary review of Defendants' partial motion to dismiss (Doc. # 122) suggests that good cause may exist for granting the motion.  It appears, based upon the information submitted by Defendants, that as to these Defendants Plaintiff may have failed to exhaust his administrative remedies prior to commencing the pending action. More specifically, in count one of Plaintiff's amended complaint, Plaintiff alleges Defendants McDaniel and Baker failed to investigate or correct the alleged misconduct of the officers whom he alleges were involved in his escort from his cell. (*Id.*, at 5.) However, based upon the information submitted by Defendants with their partial motion to dismiss, it preliminarily appears there is no grievance that these defendants failed to investigate or failed to take any action with respect to his cell extraction and subsequent escort from his housing unit to the Ely State Prison infirmary.

**MINUTES OF THE COURT**
3:11-cv-00636-RCJ-WGC
Date:  October 2, 2013
Page 2

Count two of Plaintiff's Amended Complaint asserts that Defendant Zimmer allegedly did not protect Plaintiff from harm after Zimmer was allegedly informed that Plaintiff was concerned about remaining in his cell with his cell mate. (Doc. # 112 at 6.) Again, based upon the information submitted with Defendants' motion to dismiss, it preliminarily appears that Plaintiff either failed to grieve this assertion, or if he did, may have abandoned this grievance after the first level. (Doc. # 122 at 5-6.)

If as Defendants allege Plaintiff failed to properly exhaust his available administrative remedies prior to filing the instant lawsuit, Plaintiff's allegation against these Defendants may be subject to a dismissal. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). The requirement of exhaustion of all administrative remedies before the initiation of a federal case is mandatory. *Porter v. Nussle*, 534 U.S. 516, 525 (2002). The discovery Plaintiff has served on these Defendants (responses to which Defendants seek to stay) does not deal with the issue of exhaustion.  Thus, Plaintiff would not appear to be prejudiced by delaying the deadline to respond to Plaintiff's discovery as to these Defendants.

Accordingly, therefore, good cause appears to stay the obligation of Defendants' Baker, McDaniel and Zimmer to respond to the discovery attached as Exhibits A, E and G, respectively, to Defendants' motion.[1]

Therefore, Defendants' motion (Doc. # 127) is **GRANTED in part.**  Should this court enter a report and recommendation recommending denial of Defendants' Partial Motion to Dismiss (Doc. # 122), then Defendants' responses to Plaintiff's discovery shall be due thirty (30) days from the date of that report and recommendation. Conversely, if this court recommends granting Defendants' motion, then responses to Plaintiff's discovery will continue to be stayed.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK


By:  _____/s/_____
                Deputy Clerk

---

[1] Because of the impending deadline to respond to Plaintiff's discovery, the court has proceeded with its decision with respect to Defendants' motion. However, the court will still consider any opposing argument Plaintiff may assert with respect to Defendants' motion.  Depending on the content of Plaintiff's argument, the court may revise its findings.