UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES MANLEY,<br><br>        Plaintiff,<br><br>vs.<br><br>ALAN ZIMMER, et al.,<br><br>        Defendants. | 3:11-cv-00636-RCJ-WGC<br><br>**ORDER**<br><br>re: Plaintiff's Motion for Court Order Compelling the A.G. to Withdraw as Counsel<br>Doc. # 128 |

Before the court is Plaintiff's "Motion for Court Order Compelling the A.G. To Withdraw as Counsel." (Doc. # 128.)[1] Defendants have opposed (Doc. # 139) and Plaintiff has replied (Doc. # 145).[2]

Plaintiff Manley is a pro se inmate litigant in the custody of the Nevada Department of Corrections (NDOC). At the times relevant to the claims averred in the Amended Complaint (Doc. # 112), Plaintiff was incarcerated at Ely State Prison (ESP). Plaintiff's civil rights claims arise out of a July 2, 2009, cell extraction and the subsequent escort of Plaintiff from the housing unit to the ESP infirmary. (Doc. # 112.) Plaintiff alleges that Defendant Zimmer failed to protect him from harm after he was informed that Plaintiff was concerned about remaining in his cell with his cellmate (Count II). (*Id*., at 6.) Plaintiff further alleges that while Plaintiff was being escorted to the ESP infirmary, Defendants Rowley, Horsley, Hammock and Manning subjected him to excessive force (Count III). (*Id*.,

---

[1] Refers to court's docket number.

[2] Plaintiff's motion refers to the "A.G's office." Presumably by "A.G's office" Plaintiff meant to identify the Attorney General of the State of Nevada, Catherine Cortez-Masto, and the deputies attorney general in her office, including the deputy assigned to this case, Micheline N. Fairbank, Esq.

at 7.)[3] Further, Plaintiff alleges that Defendants McDaniel and Baker failed to investigate or correct the alleged misconduct of the officers whom he alleges were involved in his escort (Count 1). (*Id.*, at 5.)

**Overview of Arguments**

Plaintiff notes that under Nev. Rev. Stat. § 41.0339(2), the "official attorney"[4] shall provide a defense to an action commenced against a state employee if the acts complained of in the action "appear" to have been committed (or omitted) within the course and scope of the public duty or employment and were committed (or, again, omitted) "in good faith." (Doc. # 128 at 2.) Plaintiff's argument is that because the acts of defendants Horsley, Manning, Rowley and Hammock were "wanton and malicious" (Doc. # 128 at 2), "no reasonable person would conclude that the Defendants' actions appear to be or, any fact indicates, they were made in good faith and were not wanton or malicious." (*Id.*, at 4.)

The "wanton or malicious" disqualification argument asserted by Plaintiff arises from his interpretation of Nev. Rev. Stat. 41.0349. This statute precludes the state from indemnifying a state employee if the "act or omission of the [employee] was wanton or malicious." His argument is also based on NRS 41.0346(1)(d), which provides that the official attorney may seek to withdraw if the official attorney discovers facts that indicate the act or omission attributed to the state employee defendant was "wanton or malicious."

Plaintiff then concludes that because, in his viewpoint, the actions of these Defendants were not done in "good faith" and were "wanton or malicious" (Doc. # 128 at 3), "this proves that the Attorney General should withdraw as attorney of record." (*Id.*, at 4.)

Mr. Manley reaches similar conclusions as to Defendant Zimmer, whom he contends refused to protect Mr. Manley from his cellmate and left him in a dangerous situation. (*Id.*, at 4.) As with the prior defendants, Plaintiff asserts Defendant Zimmer's actions "were wanton, malicious and not made in good faith." (*Id.*, at 5.)

As to Defendants McDaniel and Baker, Plaintiff predicates their liability in his Amended

---

[3] In his motion, Plaintiff more specifically alleges these Defendants "beat Mr. Manley while he was completely restrained." (Doc. # 128 at 2-3.)

[4] In this instance, the "official attorney" would be the Attorney General because the Defendants in the pending action are employed by the State of Nevada. Nev. Rev. Stat. § 41.0338(1).

2

1  Complaint on an alleged failure to "take any corrective actions." (*Id*.) Plaintiff contends these
2  Defendants "did not act in good faith and their actions were wanton and malicious." (*Id*.)
3        Plaintiff cites Nev. Rev. Stat. 41.0346 as grounds for "compelling" the Attorney General's office
4  to withdraw as counsel in this action. (*Id*., at 2.)
5        In response, Defendants argue that under Nev. Rev. Stat. 41.0339, if the "official attorney"
6  determines the acts complained of were done in good faith, then the state must provide a defense to that
7  employee. Defendants also assert the "official attorney" makes the determination under Nev. Rev. Stat.
8  41.03415 whether or not to tender the defense. (Doc. # 139 at 2.)
9        Defendants submit Plaintiff's reliance on Nev. Rev. State 41.0346 is "misplaced, as this statute
10 provides the procedure and basis for the official attorney to withdraw, but does not impose a mandate
11 based upon the conclusory and unsubstantiated allegations of an opposing party." (*Id*.) Defendants argue
12 it is solely the "official attorney" who "determines the scope of representation and whether the
13 representation of a client will cease." Defendants dispute that an opposing party "may seek the
14 withdrawal of counsel." (*Id*., at 3.)
15       Plaintiff's reply memorandum basically asserts the same arguments as does his motion, i.e., that
16 there is an "appearance" of "bad faith or wanton or malicious conduct" on the part of the Defendants and
17 that because of the appearance of misconduct by the Defendants, the Attorney General's Office should
18 cease representing all defendants in this action. (Doc. # 145 at 8.) Plaintiff denies he suggested that the
19 defendants' bad faith and wanton or malicious conduct has been "proven conclusively." Instead, he
20 contends that there is an "appearance" of such conduct, which is the standard, he asserts, under
21 Chapter 41. (*Id*., at 8.)

                      **Analysis**

23     The Nevada statute upon which Plaintiff primarily relies is utilized in an initial determination
24 whether a state employee should be provided a defense. Nev. Rev. Stat. 41.0339(2). The language of this
25 statute does not provide for a post-acceptance, re-analysis of the initial determination of the employee's
26 acts being committed (or omitted) in good faith. The statute which Plaintiff cites which does cloak the
27 official attorney with authority to withdraw, Nev. Rev. Stat. 41.036, places the determination of whether
28 the Attorney General should continue as counsel of record as being made by the official attorney, not

by an opposing party.

Plaintiff contends the Attorney General has not argued "this court lacks the authority to compel them off this case." (Doc. # 145 at 8.) The court disagrees, as Defendants stated, the decision of whether to withdraw is not based on the "conclusory and unsubstantiated allegations of the opposing party" (Doc. # 139 at 2) and that "[i]t is the Office of the Attorney General who determines...whether the representation of a client will cease." (*Id*., at 3.)

Conversely, the court notes Plaintiff has cited absolutely no authority that vests a court with the power "to compel them off this case." (Doc. # 145 at 8.) Plaintiff does cite Local Rule 7-2(b) and Fed. R. Civ. P. 8(b)(6) as authority for this purported power. However, neither is applicable. The local rule Plaintiff cites merely address the requirement of an opposing party to file a response to a motion, which Defendants have done. Fed. R. Civ. P. 8 discusses the effect of a party's failure to respond to a "pleading." Plaintiff's motion is not a pleading. Fed R. Civ. P. 7. In any event, Defendants did respond.

Even assuming, *arguendo*, that Plaintiff's motion relative to the named Defendants establishes, as Plaintiff contends, an "appearance" of bad faith or that their acts or omissions were wanton or malicious or not within the course and scope of the Defendants' public duty, under Nev. Rev. Stat. 41.0436, the process which follows is that the official attorney "may apply to any court to withdraw as the attorney of record for that person." The statute does not provide a mechanism for an opposing party to make that application, as Plaintiff has done herein.  As defendants' argued, "it is the Office of the Attorney General who determines the scope of representation and whether the representation of a client will cease. There is no statutory basis to support Plaintiff's contention that he may seek the withdrawal of counsel." (Doc. # 139 at 3.)

**Conclusion**

The court finds no statutory or common law authority that an opposing party may, under the terms and provisions of Chapter 41 of the Nevada Revised Statutes, seek an order of the court disqualifying the defendants from being provided a defense to Plaintiff's action by the State's "official attorney," in this instance, the Attorney General of the State of Nevada.

///

///

Plaintiff's motion (Doc. # 128) is therefore **DENIED.**[5]

**IT IS SO ORDERED.**

DATED: October 31, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[5] Plaintiff's request for oral arguments (Doc. # 145 at 1, 9, 10) is also **DENIED**. Local Rule 78-2 provides that motions may be decided with or without oral arguments in the court's discretion. Plaintiff seeks oral argument to be "able to cite numerous pieces of evidence." (Doc. # 145 at 9.) Such "evidence" is irrelevant, for as noted above, even assuming *arguendo* Plaintiff has adequately demonstrated even an appearance of bad faith or wanton or willful misconduct on the part of the Defendants, the decision to seek to withdraw is statutorily that of the official attorney, not by the opposing party. Thus presentation of such "evidence" would not be of any assistance to the court, particularly where Plaintiff has not brought to the Court's attention any authority justifying the relief he seeks.