1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                                **DISTRICT OF NEVADA**

8

9    CHARLES MANLEY,                    )              3:11-cv-00636-RCJ-WGC
                                        )
10            Plaintiff,                )              **ORDER**
                                        )
11       vs.                            )              re: Plaintiff's Motion for Court
                                        )              Order Compelling the A.G. to
12   ALAN ZIMMER, et al.,               )              Withdraw as Counsel
                                        )              Doc. # 128
13            Defendants.               )
     _____)

14

15           Before the court is Plaintiff's "Motion for Court Order Compelling the A.G. To Withdraw as

16   Counsel." (Doc. # 128.)[1] Defendants have opposed (Doc. # 139) and Plaintiff has replied (Doc. # 145).[2]

17           Plaintiff Manley is a pro se inmate litigant in the custody of the Nevada Department of

18   Corrections (NDOC). At the times relevant to the claims averred in the Amended Complaint (Doc.

19   # 112), Plaintiff was incarcerated at Ely State Prison (ESP). Plaintiff's civil rights claims arise out of a

20   July 2, 2009, cell extraction and the subsequent escort of Plaintiff from the housing unit to the ESP

21   infirmary. (Doc. # 112.) Plaintiff alleges that Defendant Zimmer failed to protect him from harm after

22   he was informed that Plaintiff was concerned about remaining in his cell with his cellmate (Count II).

23   (*Id*., at 6.) Plaintiff further alleges that while Plaintiff was being escorted to the ESP infirmary,

24   Defendants Rowley, Horsley, Hammock and Manning subjected him to excessive force (Count III). (*Id*.,

25

26   _____

27           [1] Refers to court's docket number.

28           [2] Plaintiff's motion refers to the "A.G's office."  Presumably by "A.G's office" Plaintiff meant to identify the
     Attorney General of the State of Nevada, Catherine Cortez-Masto, and the deputies attorney general in her office, including
     the deputy assigned to this case, Micheline N. Fairbank, Esq.

1  at 7.)[3] Further, Plaintiff alleges that Defendants McDaniel and Baker failed to investigate or correct the

2  alleged misconduct of the officers whom he alleges were involved in his escort (Count 1). (*Id.*, at 5.)

3  **Overview of Arguments**

4  Plaintiff notes that under Nev. Rev. Stat. § 41.0339(2), the "official attorney"[4] shall provide a

5  defense to an action commenced against a state employee if the acts complained of in the action "appear"

6  to have been committed (or omitted) within the course and scope of the public duty or employment and

7  were committed (or, again, omitted) "in good faith." (Doc. # 128 at 2.) Plaintiff's argument is that

8  because the acts of defendants Horsley, Manning, Rowley and Hammock were "wanton and malicious"

9  (Doc. # 128 at 2), "no reasonable person would conclude that the Defendants' actions appear to be or,

10  any fact indicates, they were made in good faith and were not wanton or malicious." (*Id.*, at 4.)

11  The "wanton or malicious" disqualification argument asserted by Plaintiff arises from his

12  interpretation of Nev. Rev. Stat. 41.0349. This statute precludes the state from indemnifying a state

13  employee if the "act or omission of the [employee] was wanton or malicious." His argument is also

14  based on NRS 41.0346(1)(d), which provides that the official attorney may seek to withdraw if the

15  official attorney discovers facts that indicate the act or omission attributed to the state employee

16  defendant was "wanton or malicious."

17  Plaintiff then concludes that because, in his viewpoint, the actions of these Defendants were not

18  done in "good faith" and were "wanton or malicious" (Doc. # 128 at 3), "this proves that the Attorney

19  General should withdraw as attorney of record." (*Id.*, at 4.)

20  Mr. Manley reaches similar conclusions as to Defendant Zimmer, whom he contends refused to

21  protect Mr. Manley from his cellmate and left him in a dangerous situation. (*Id.*, at 4.) As with the prior

22  defendants, Plaintiff asserts Defendant Zimmer's actions "were wanton, malicious and not made in good

23  faith." (*Id.*, at 5.)

24  As to Defendants McDaniel and Baker, Plaintiff predicates their liability in his Amended

25

26  [3] In his motion, Plaintiff more specifically alleges these Defendants "beat Mr. Manley while he was completely
restrained." (Doc. # 128 at 2-3.)

27

28  [4] In this instance, the "official attorney" would be the Attorney General because the Defendants in the pending action
are employed by the State of Nevada. Nev. Rev. Stat. § 41.0338(1).

1  Complaint on an alleged failure to "take any corrective actions." (*Id*.) Plaintiff contends these

2  Defendants "did not act in good faith and their actions were wanton and malicious." (*Id*.)

3      Plaintiff cites Nev. Rev. Stat. 41.0346 as grounds for "compelling" the Attorney General's office

4  to withdraw as counsel in this action. (*Id*., at 2.)

5      In response, Defendants argue that under Nev. Rev. Stat. 41.0339, if the "official attorney"

6  determines the acts complained of were done in good faith, then the state must provide a defense to that

7  employee.  Defendants also assert the "official attorney" makes the determination under Nev. Rev. Stat.

8  41.03415 whether or not to tender the defense. (Doc. # 139 at 2.)

9      Defendants submit Plaintiff's reliance on Nev. Rev. State 41.0346 is "misplaced, as this statute

10  provides the procedure and basis for the official attorney to withdraw, but does not impose a mandate

11  based upon the conclusory and unsubstantiated allegations of an opposing party." (*Id*.) Defendants argue

12  it is solely the "official attorney" who "determines the scope of representation and whether the

13  representation of a client will cease." Defendants dispute that an opposing party "may seek the

14  withdrawal of counsel." (*Id*., at 3.)

15      Plaintiff's reply memorandum basically asserts the same arguments as does his motion, i.e., that

16  there is an "appearance" of "bad faith or wanton or malicious conduct" on the part of the Defendants and

17  that because of the appearance of misconduct by the Defendants, the Attorney General's Office should

18  cease representing all defendants in this action. (Doc. # 145 at 8.) Plaintiff denies he suggested that the

19  defendants' bad faith and wanton or malicious conduct has been "proven conclusively." Instead, he

20  contends that there is an "appearance" of such conduct, which is the standard, he asserts, under

21  Chapter 41. (*Id*., at 8.)

22                              **Analysis**

23      The Nevada statute upon which Plaintiff primarily relies is utilized in an initial determination

24  whether a state employee should be provided a defense. Nev. Rev. Stat. 41.0339(2). The language of this

25  statute does not provide for a post-acceptance, re-analysis of the initial determination of the employee's

26  acts being committed (or omitted) in good faith. The statute which Plaintiff cites which does cloak the

27  official attorney with authority to withdraw, Nev. Rev. Stat. 41.036, places the determination of whether

28  the Attorney General should continue as counsel of record as being made by the official attorney, not

1    by an opposing party.

2            Plaintiff contends the Attorney General has not argued "this court lacks the authority to compel

3    them off this case." (Doc. # 145 at 8.) The court disagrees, as Defendants stated, the decision of whether

4    to withdraw is not based on the "conclusory and unsubstantiated allegations of the opposing party" (Doc.

5    # 139 at 2) and that "[i]t is the Office of the Attorney General who determines...whether the

6    representation of a client will cease." (*Id.*, at 3.)

7            Conversely, the court notes Plaintiff has cited absolutely no authority that vests a court with the

8    power "to compel them off this case." (Doc. # 145 at 8.) Plaintiff does cite Local Rule 7-2(b) and Fed.

9    R. Civ. P. 8(b)(6) as authority for this purported power. However, neither is applicable. The local rule

10   Plaintiff cites merely address the requirement of an opposing party to file a response to a motion, which

11   Defendants have done. Fed. R. Civ. P. 8 discusses the effect of a party's failure to respond to a

12   "pleading." Plaintiff's motion is <u>not</u> a pleading. Fed R. Civ. P. 7. In any event, Defendants did respond.

13           Even assuming, *arguendo*, that Plaintiff's motion relative to the named Defendants establishes,

14   as Plaintiff contends, an "appearance" of bad faith or that their acts or omissions were wanton or

15   malicious or not within the course and scope of the Defendants' public duty, under Nev. Rev. Stat.

16   41.0436, the process which follows is that the official attorney "may apply to any court to withdraw as

17   the attorney of record for that person." The statute does not provide a mechanism for an opposing party

18   to make that application, as Plaintiff has done herein.  As defendants' argued, "it is the Office of the

19   Attorney General who determines the scope of representation and whether the representation of a client

20   will cease. There is no statutory basis to support Plaintiff's contention that he may seek the withdrawal

21   of counsel." (Doc. # 139 at 3.)

22                                           **Conclusion**

23           The court finds no statutory or common law authority that an opposing party may, under the

24   terms and provisions of Chapter 41 of the Nevada Revised Statutes, seek an order of the court

25   disqualifying the defendants from being provided a defense to Plaintiff's action by the State's "official

26   attorney," in this instance, the Attorney General of the State of Nevada.

27   ///

28   ///

                                              4

1    Plaintiff's motion (Doc. # 128) is therefore **DENIED.**[5]

2

3    **IT IS SO ORDERED.**

4

5    DATED:  October 31, 2013.

6

7                                                              _____

8                                                              WILLIAM G. COBB
                                                               UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    [5] Plaintiff's request for oral arguments (Doc. # 145 at 1, 9, 10) is also **DENIED**. Local Rule 78-2 provides that
      motions may be decided with or without oral arguments in the court's discretion. Plaintiff seeks oral argument to be "able
26    to cite numerous pieces of evidence." (Doc. # 145 at 9.) Such "evidence" is irrelevant, for as noted above, even assuming
      *arguendo* Plaintiff has adequately demonstrated even an appearance of bad faith or wanton or willful misconduct on the part
27    of the Defendants, the decision to seek to withdraw is statutorily that of the official attorney, not by the opposing party. Thus
      presentation of such "evidence" would not be of any assistance to the court, particularly where Plaintiff has not brought to
28    the Court's attention any authority justifying the relief he seeks.