# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHARLES MANLEY, | ) | 3:11-cv-00636-RCJ-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | re Motion for Court Order to Conduct Depositions of Each Defendant |
| ALAN ZIMMER, et al., | ) | by Remote or Alternative Means |
| Defendant. | ) | Doc. # 121 |

Before the court is Plaintiff's Motion for Court Order to Conduct Depositions of Each Defendant by Remote or Alternative Means. (Doc. # 121.) Defendants have opposed (Doc. # 126) and Plaintiff replied (Doc. # 131).

**Background**

Plaintiff's motion seeks, among other relief, the court's order to allow the depositions to be recorded by means of a video camera, that Defendants provide the necessary AV equipment and operate the equipment during the deposition, that copies of the deposition be made on DVD format for Plaintiff and that Defendants be responsible for transcription of each deposition with a copy to be provided to Plaintiff at no expense. (Doc. # 121 at 5-8.)

Some of the other demands made by Plaintiff with respect to the proposed depositions include

– that only Defendants' counsel operate the AV equipment (*id.* at 5, ¶ 4);

– that Defendants' counsel or an Ely State Prison notary swear the deponents (*id.* at 5 ¶ 7);

– that only the Plaintiff, "the Defendant being deposed," and Defendants' counsel be present at the deposition (*id.* at ¶ 9);

1    – that counsel stipulate to the admissibility of the deposition (*id.* at ¶ 9);

2    – that the deposition be conducted in a room at Ely State Prison "with a computer that accesses
3    NDOC files/computer network" (*id.* at ¶ 10); and

4    – that Plaintiff can recall any deponent for re-deposition (*id.* at pp. 9-10, ¶¶ 12, 13).

5    Although the Plaintiff's motion (and Defendants' opposition) address numerous issues of
6    deposition-related discovery, the primary issues appears to be related to <u>expenses</u> associated with
7    Plaintiff's motion to conduct deposition discovery by remote or alterative means. (Doc. # 121 at 2, 3.)
8    In that regard, plaintiff requests that the "transcription of each Deposition be provided to Mr. Manley
9    at no cost giving (sic) his IFP status." (*id*. at 3).[1]

10   Defendants oppose Plaintiff's motion on the authority of *Lewis v. Casey*, 518 U.S. 343 (1996),
11   i.e., that an inmate's constitutional right of access to courts does not impose "an affirmative obligation
12   on the states to finance and support prisoner litigation." 518 U.S. at 384. Defendants also cite recognized
13   Ninth Circuit case authority which has repeatedly held that 28 U.S.C. § 1915(a) and (b) do not provide
14   that the "fees and costs associated with prosecuting a civil action be financed or subsidized by the
15   Defendants or the Court." (Doc. # 126 at 4; citations omitted.)  Defendants did not address the issue
16   mentioned in footnote 1 whether Plaintiff does or not have IFP status, and if he does not have IFP status,
17   whether §1915 would even apply to this motion.

18   Plaintiff's reply memorandum admits that "defendants are technically correct that they have no
19   obligation to incur the expense for such depositions under the U.S. Constitution." However, he
20   nonetheless asserts that "[t]hese arguments are misplaced in the instant case." (Doc. # 131 at 1.)  More
21   specifically, Plaintiff alleges that  because his action was originally filed in state court (the Defendants
22   removed the action to federal court), under the terms of a Nevada statute, Nev. Rev. Stat. §12.015,
23   Plaintiff "was/is not required to cover any costs related to the prosecution of this case." Plaintiff did not
24   cite Nev. Rev. Stat. § 12.015 in his initial memorandum (Doc. #121) and therefore, defendants did not

---

[1] One of the complications presented by Plaintiff's motion is that as best as the court can ascertain, Plaintiff has never been provided "IFP status" (*in forma pauperis*) in the instant matter.  Because the Defendants paid the requisite filing fee when Defendants removed the case from the Seventh Judicial District Court of the State of Nevada to the United States District Court, no request for IFP status was ever submitted by plaintiff, nor was he ever deemed to be proceeding *in forma pauperis*.

2

1  address the application of this statute in their response and opposition (Doc. # 126). Plaintiff made no
2  further argument in his reply memorandum that his (alleged) IFP status would entitle him to have
3  discovery costs absorbed by the opposing parties.

**Discussion**

5  The court will first address the applicability, if any, of Nev. Rev. Stat. §12.015 and will thereafter
6  turn to a review of whether plaintiff's alleged IFP status under §1915 affords plaintiff the relief he seeks.

7  1.   Nev. Rev. Stat. §12.015:

8  Nev. Rev. Stat. §12.015 provides, in pertinent part, that if a person qualifies for indigency under
9  this statute, the person is entitled to have "proceedings reported or recorded." It also directs that the
10 court "shall order that the reporting, recording or transcription be performed at the expense of the county
11 in which the action is pending... ." Nev. Rev. Stat. § 12.015(3).

12 The court is unaware of any case authority interpreting what applicability Nev. Rev. Stat. §12.015
13 might have, if any, in a federal civil rights action which was initially commenced within the state court
14 system and removed to federal court. Regardless, the statute upon which Plaintiff relies is first
15 predicated upon the filing by the person prosecuting the action of "(a) an affidavit with the court setting
16 forth with particularity facts concerning his income, property and other resources which establish that
17 he is unable to prosecute or defend the action because he is unable to pay the costs of doing so; or (b)
18 submit a statement or otherwise indicate to the court that he is a client of a program for legal aid."

19 Based upon the materials logged into this court's docket, the court cannot ascertain whether
20 Plaintiff ever submitted the required affidavit when he commenced his action in state court. There are
21 no such materials in this court's docket. It is also impossible to determine whether the state court made
22 a determination of indigency that Plaintiff is unable to pay the costs of prosecuting or defending the
23 action, or that the plaintiff is a client of a program for legal aid, all preconditions to the application of
24 the provisions of this statute.

25 Thus, even if the Nevada statute has relevance to this civil rights action (which, as discussed
26 *infra*, this court finds to be inapplicable to this federal action), the absence of a preliminary
27 determination of indigency under this statute precludes Plaintiff the relief he seeks.

28 Regardless, even if the Plaintiff had submitted such an affidavit, and even if the state district

court had made the finding of indigency, and even if this statute was pertinent to the pending proceeding, the court cannot grant Plaintiff the relief he seeks under that statute. In that regard, Plaintiff's motion seeks to impose deposition expenses (i.e., recording the deposition in some fashion and transcription of the proceedings) on the Defendants. (Doc. # 121 at 6, ¶ 6.) However, subsection 3 of the state statute upon which Plaintiff relies provides that the costs are *not* to be borne by the Defendants as Plaintiff seeks, but rather by requiring "the *county* in which the action is pending" to bear the expense of such discovery (emphasis added). This civil rights action before this court is technically not *pending* in any particular county, but rather is *pending* before the United States District Court for the District of Nevada. But even if one were to consider the action as *pending* in the County of Washoe, this court would lack authority to impose the expenses of Plaintiff's requested discovery upon Washoe County.

Thus, Nev. Rev. Stat. §12.015, even if applicable, would not provide plaintiff the relief he seeks via his motion. However, as discussed next, the court determines that this state statute would be inapplicable to the pending civil rights action.

2.      *In Forma Pauperis Status* and 28. U.S.C. 1915:

Discussed above in footnote 1 is the court's observation that Plaintiff does not have IFP status in this case. Thus, his request for imposition of deposition costs and expenses on the Defendants "giving (sic) his IFP status" is ill-founded. However, even if Plaintiff had IFP status, 28 U.S.C. §1915 would not provide Plaintiff with the ability to shift discovery costs to the Defendants.

Although this action may have been commenced originally in state court, because it was removed to federal court by reason of a federal question, and because the gravamen of Plaintiff's action per his own allegations action is predicated upon a federal statute (42 U. S. C. § 1983; Doc. # 1-2 at 2) and certain Constitutional provisions (8th and 14th Amendments; Doc. # 1-2 at 3), federal rules and law would govern this motion. In that regard, there is no provision of which the court is aware that would allow the court to impose the costs of discovery, during litigation, upon an opposing party.

The court has already made the observation that in the present matter it does not appear that plaintiff has achieved IFP status in this matter. However, even if he did, that status would afford him no relief. *In forma pauperis* relief is limited by 28 U.S.C. §1915. Of that statute, the United States Supreme Court has stated in *Lewis v. Casey*, 518 U.S. 343 (1996), that an inmate's constitutional right of access

4

to courts does not impose "an affirmative obligation on the states to finance and support prisoner litigation." 518 U.S. at 384. The Ninth Circuit Court of Appeals has similarly stated that with respect to 28 U.S.C. § 1915,

> Several courts of appeal have held that this language does not permit a waiver of the witness fees to be tendered with the subpoena [citations omitted]. Although the plain language of Section 1995 provides for service of process for an indigent's witnesses, it does not waive payment of fees or expenses for those witnesses. The Supreme Court has declared that "the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress... ." *United States v. MacCollom*, 426 U.S. 317, 321, 96 S.Ct. 286, 289 48 L.Ed.2d 666 (1976). We join the Third, Sixth and Seventh and Eighth Circuits in finding no such authorization exists in Section 1915.

*Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989); *see also Dixon v. Yist*, 990 F.2d 478, 480 (9th Cir. 1993.

**Conclusion**

Defendants submit they do not have any objection to Plaintiff conducting the depositions of defendants in accordance with the Federal Rules of Civil Procedure. Defendants correctly argue, however, that the expenses of discovery should not be their responsibility.

The court finds that the expenses of such discovery should be borne by Plaintiff. While the court could conceivably grant Plaintiff's motion to be able to take Defendants' depositions via "remote means," [Fed. R. Civ. P. 30(b)(4)], until Plaintiff demonstrates an ability to bear any expenses of such depositions, that question is academic.

Plaintiff's motion (Doc. # 121) is therefore **GRANTED in part** and **DENIED in part** consistent with the decision of the court.

**IT IS SO ORDERED.**

**DATED:** November 8, 2013

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE