UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHARLES S. MANLEY, JR., | ) | 3:11-cv-00636-RCJ-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | November 25, 2013 |
| | ) | |
| STATE OF NEVADA, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT: <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK: <u>   Katie Lynn Ogden   </u>  REPORTER: <u>              FTR              </u>

COUNSEL FOR PLAINTIFF: <u> Charles Manley, In Pro Per (Telephonically) </u>

COUNSEL FOR DEFENDANTS: <u> Micheline N. Fairbank, Esq. </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

9:35 a.m. Court convenes.

I.  **Plaintiff's Motion to Substitute Two Defendants Pursuant to Rule 15(c) (Dkt. # 150)**

The court hears argument regarding the substitution of Issac Windsor and Carol Gardner in place and stead of defendant Scott Manning and defendant Cameron Horsley.

Defendants' counsel advises the court that, within the supplemental discovery propounded on Plaintiff shortly after August of 2012, are additional reports that disclosed Windsor and Gardner as participants during the July 9, 2009, incident. However, the documents were not attached to Defendants' response to Plaintiff's motion for substitution (Doc. # 157).

Mr. Manley explains that it was his intention to provide the court with documentation that would demonstrate plaintiff was aware of Windsor and Gardner's participation during the July 9, 2009, incident. However, Mr. Manley explains he did not have adequate time to file his reply since receiving Defendants' response to his motion for substitution and the setting of this hearing.

After hearing argument, the court expresses concern whether an amended complaint should have been filed. At this time, the court will defer ruling on this motion until it receives

MINUTES OF THE COURT
3:11-cv-00636-RCJ-WGC
Date: November 25, 2013
Page 2

further information regarding Windsor and Gardner's participation.  The court schedules the following deadlines relative to this instant motion:

- Defendants' supplemental response to Plaintiff's motion:  November 27, 2013;

- Plaintiff's reply to Defendants' supplemental response: December 6, 2013.

Therefore, Plaintiff's Motion to Substitute Two Defendants Pursuant to Rule 15(c) (Doc. # 150) is **DEFERRED**.

Plaintiff advises the court that, irrespective of the outcome of his motion to substitute, he will be filing a motion to withdraw defendant Manning and defendant Horsley.  The court indicates it will grant the motion as soon as it is filed and no response is necessary from Defendants.

10:07 a.m. Court recesses.

10:13 a.m. Court reconvenes.

## II.	Plaintiff's Discovery Motions

The court returns from a brief recess and begins to advise the parties its intention to address a series of recently filed discovery motions (Doc. ## 159, 160, 161, 162 and 163) submitted by Plaintiff.  Mr. Manley advises the court that he is not adequately prepared to discuss the motions because he was not informed this hearing would cover such material.  Defendants' counsel explains that her intention of filing Request for Status Conference (Doc. # 164) was to establish with the court a briefing schedule for the recently filed motions submitted by Plaintiff so that Defendants are afforded sufficient time to respond to all recently filed discovery motions adequately.

The court acknowledges that the expeditious approach it is taking to resolve these discovery motions is not typical; however, the court reminds the parties that there are discovery deadlines rapidly approaching which have been extended a number of times.  The court notes it has reviewed all the motions and prepared itself to rule on most of these discovery motions, at least to those which were accompanied by requests for sanctions.  Therefore, the court feels comfortable to make certain findings today.  However, the court will establish a briefing schedule for Doc. # 161 and Doc. # 163.

MINUTES OF THE COURT
3:11-cv-00636-RCJ-WGC
Date: November 25, 2013
Page 3

    **A. Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. Rule 26(g) (Doc. # 160)**

        Order: **DENIED**

    **B. Plaintiff's Motion for Sanctions Pursuant to Rule 26(g)(B)(3) as it Related to Plaintiff's 2nd Request on Admissions (Doc. # 162)**

        Order: **DENIED**

    **C. Plaintiff's Motion to Determine the Sufficiency of the Defendants' Answer and/or Objections Pursuant to Rule 36(a)(6) (Doc. # 159)**

    Order: **DENIED**. The court explains Defendants' answer is sufficient and the court cannot force the Defendants to make a determination, one way or the other, that the video does show or does not show what Plaintiff contends is or is not illustrated on the video. Furthermore, Plaintiff has access to the video and may make his arguments to the fact finder regarding his objections to Defendants' answers for admissions.

    The court notes that the Defendants are not required to file a response to Doc. # 159, Doc. # 160 and Doc. #162.

**III. Discussion Regarding Plaintiff's Two Outstanding Discovery Motions (Doc. # 161 and Doc. # 163)**

    The court reviews with the parties its inclination as to many of the disputes raised by Mr. Manley regarding Defendants' answers to his request for interrogatories and admissions.

    Although the court makes no definitive findings at this time regarding Plaintiff's discovery requests in his motions Doc. # 161 or Doc. # 163, the court notes the following:

**Request for Admission No. 1 (Doc. # 163, pg. 3)**

This request for admission is narrowed to the time period of one week (seven days) prior to the July 2, 2009, incident.

**Request for Admission No. 13 (Doc. #163, pg. 11)**

This request for admission is narrowed by deleting the phrase "to manage pain."

MINUTES OF THE COURT
3:11-cv-00636-RCJ-WGC
Date: November 25, 2013
Page 4

IV.     **Briefing Schedule**

The court sets the following briefing schedule as to Plaintiff's Motion to Compel Discovery (2nd Request) (Doc. # 161) and Motion to Determine the Sufficiency of the Defendants Answer and/or Objections Pursuant to Rule 36(a)(b)(2nd Request) (Doc. # 163).

- Defendants' Response deadline: Monday, December 9, 2013;

- Plaintiff's Reply deadline: Monday, December 16, 2013.

In light of the extension of time, the court requests Ms. Fairbank to expedite the process of serving Mr. Manley with a copy of Defendants' response brief by electronically forwarding Mr. Manley a copy of the brief.  Additionally, the court requests that a copy of Mr. Manley's reply brief be sent to the Courtroom Administrator Katie Lynn Ogden via e-mail (Katie_Ogden@nvd.uscourts.gov) on or before December 16, 2013.  However, Mr. Manley will still be required to file and serve his reply brief via United States Postal System to the Clerk's Office so that the pleading is filed with the court electronically through the CM/ECF system.

V.     **Defendants' Oral Motion for Extension of Time**

Ms. Fairbank advises the court that written discovery is due today with regard to Plaintiff's Fourth Set of Request for Admissions as to defendant Glen Hammock.  However, defendant Hammock has been on extended leave and Ms. Fairbank has not been able to contact defendant Hammock to complete the responses to this set of admissions.  Ms. Fairbank is attempting to contact Hammock independent of the institution and requests for an extension of time to serve Mr. Manley defendant Hammock's responses.

Mr. Manley has no objection.

Good cause showing, defendant Hammock shall have up to and including **Wednesday, December 4, 2013**, to serve his response to Plaintiff's Fourth Set of Admissions.

**IT IS SO ORDERED.**

10:51 a.m.  Court adjourns.

                                                                LANCE S. WILSON, CLERK

                                                                By: _____/s/_____
                                                                     Katie Lynn Ogden, Deputy Clerk