## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

CHARLES MANLEY,       )     3:11-cv-00636-RCJ-WGC
        )
       Plaintiff,    )     __MINUTES OF PROCEEDINGS__
        )
     vs.         )     February 20, 2014
        )
ALAN ZIMMER, *et al.,*    )
        )
      Defendants.    )
_____)

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   Katie Lynn Ogden    REPORTER:            FTR

COUNSEL FOR PLAINTIFF:  Charles Manley, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANTS:  Micheline N. Fairbank, Esq. (Telephonically)

**MINUTES OF PROCEEDINGS: Status Conference**

10:03 a.m. Court convenes.

      The court outlines what it considers two groups of discovery which comprise of several motions submitted by Plaintiff that remain outstanding.  Group I motions include his "Motion to Compel (2nd Request)" (Doc. # 161) and "Motion to Determine the Sufficiency of the Defendants Answer and/or Objections Pursuant to Rule 36(a)(6) (2nd Request)" (Doc. # 163).[1] Group I motions have been fully briefed and are ripe for decision.  Group II motions include his "Motion for Court Order Requiring the Defendants to Accept and Respond to Plaintiffs Discovery Requests" (Doc. # 170),[2] "Motion to Determine the Sufficiency of the Defendant's Answer and/or Objections Pursuant to Rule 36(a)(6)" (Doc. # 176),[3] "Plaintiff's Supplement to His 2nd Motion to Compel Discovery" (Doc. # 177),[4] "Plaintiff's Supplement to Motion to Compel" (Doc. # 186),[5] and "Motion to

---

[1] Defendants' response to Doc. ## 161 and 163 is found at Doc. # 173.  Plaintiff's reply is found at Doc. # 188 (duplicate copy of # 188 is found at Doc. # 191).

[2] Defendants' response to Doc. # 170 is found at Doc. # 208. Plaintiff's reply is found at Doc. # 214.

[3] Defendants' response to Doc. # 176 is found at Doc. # 209.

[4] Defendants' supplemental brief in response to Doc. # 177 is found at Doc. # 210.

[5] Defendants' supplemental brief in response to Doc. # 186 is found at Doc. # 211.

**MINUTES OF PROCEEDINGS**
3:11-cv-00636-RCJ-WGC
Date: February 20, 2014
Page 2

Determine the Sufficiency of the Defendants Answer and/or Objections Pursuant to Rule 38(a)(6)" (Doc. # 189).[6]  Group II motions are currently being briefed by the parties and will be ripe on or before March 14, 2014 (see Doc. # 206).

The court advises the parties that an order regarding scheduling dispositive motions will not be entered until the outstanding motions in both Groups I and II are resolved.

The court is prepared to resolve the outstanding discovery disputes raised in Group I motions, Doc. ## 161 and 163.  The parties indicate they have no objection to the court proceeding with today's hearing to address and rule on the two motions.

Mr. Manley expresses his opinion that the court has already made its rulings as to the discovery requests in Doc. # 161 and # 163 during the hearing held on November 25, 2013 (Doc. # 167).  The court advises plaintiff that during the November 25th hearing, the court only made preliminary observations or indications as to how it may rule.  The court had only definitively narrowed the scope of the discovery request raised in Doc. # 163 (see Doc. # 167, pg. 3, ¶ III).  The court previously set a briefing schedule for both Doc. # 161 and # 163, which suggests to the court that it never intended its comments to be definitive rulings regarding the outstanding discovery requests.

I.    **Group I Discovery**

a.    **Plaintiff's Motion to Compel Discovery (2nd Request) (Doc. # 161)**

With regard to the Motion to Compel Discovery (2nd Request) (Doc. # 161), the court enters the following rulings as to the discovery request:

1.    *Interrogatories served in Set 1 as to defendants Hammock and Rowley and in Set 2 for defendants Baker and McDaniel.  The interrogatories are the same as to all defendants. Plaintiff indicates in his motion that "the objections are the same for each defendant" (see Doc. # 161, pg. 5, ¶3).*

**Interrogatory No. 1:**  Identification of insurance policies. **DENIED**; defendants are not required to supplement their responses. The State of Nevada is self-insured and the State would indemnify the Defendants, if at all, from general fund monies. Plaintiff references Nev. Rev. Stat. 41.0349 in his reply brief (Doc. # 188 at 3, 4) but the court finds that Nev. Rev. Stat. 41.0349 is not applicable to this discovery dispute.

---

[6] Defendants' response to Doc. # 189 is found at Doc. # 212.

MINUTES OF PROCEEDINGS
3:11-cv-00636-RCJ-WGC
Date: February 20, 2014
Page 3

**Interrogatory No. 2:** Defendants' sources of income. **DENIED**; defendants are not required to supplement their responses. The nature of this discovery request is not relevant to the claims asserted in plaintiff's amended complaint (Doc. # 112).

**Interrogatory No. 3:** Financial debt of Defendants. **DENIED**; defendants are not required to supplement their responses. The nature of this discovery dispute is not relevant to the claims asserted in plaintiff's amended complaint (Doc. # 112).

**Interrogatory No. 4:** Assets of Defendants. **DENIED**; defendants are not required to supplement their responses. The nature of this discovery dispute is not relevant to the claims asserted in plaintiff's amended complaint (Doc. # 112) If plaintiff were to demonstrate a *prima facie* evidence of a punitive damage claim, which he has not to date, the court might reconsider this issue.

2.    *Interrogatories served in Set 1 as to defendant Baker (Doc. # 161, pg. 8)*

**Interrogatory No. 1:** Plaintiff seeks all instances the named defendants have used "force" from January 2003 to date (and attendant follow-up questions). Defendants' counsel represents a response to this interrogatory would require a review of close to 1000 incident reports, which this court finds unduly burdensome. The court further questions the relevance of other instances of force, whether justified or unjustified/excessive. Such evidence could not be utilized to establish a course of conduct in the pending matter. Also, information pertaining to alleged use of force by <u>these</u> defendants has been previously addressed with respect to plaintiff's earlier requests for production 2, 9 and 10. (See, Order, 10/9/13, Doc. # 134). **DENIED**; defendant is not required to supplement her responses. The nature of this discovery request is burdensome and defendants have previously filed relevant information relating to this discovery dispute in response to request for production 2, 9, and 10.

**Interrogatory No. 5:** All medical documents which relate to Plaintiff's action. **DENIED**; defendant Baker is not required to supplement her responses. The plaintiff has access to these records and may use the appropriate NDOC procedures to review and make copies of the records. The defendant should not have to determine which of plaintiff's medical records are relevant or not.

**Interrogatory No. 7:** Medical insurance policies. **DENIED**; defendant is not required to supplement her responses. The nature of this discovery dispute is not relevant to the claims asserted in plaintiff's amended complaint (Doc. # 112) because there is no relevant health insurance.

**Interrogatory No. 9:** All documents maintained by the Inspector General regarding Defendants. Not relevant. See also, Order, Doc. # 134. **DENIED**; defendant is not required to supplement her responses. Defendant Baker does not have possession of such records nor does

MINUTES OF PROCEEDINGS
3:11-cv-00636-RCJ-WGC
Date: February 20, 2014
Page 4

defendant Baker have authorization to access such records as requested in this discovery request. The court has previously ruled on an analogous discovery request in Doc. # 134.

   **3.**     *Interrogatories served in Set 1 for Defendant Rowley and Hammock (Doc. # 161, pg. 14)*

        **Interrogatory No. 8 and No. 9: GRANTED**; defendants are required to supplement their responses.  Defendants' opposition to plaintiff's motion to compel (Doc. # 173) represents that defendants were in the process of amending their responses to Interrogatory No. 8 and 9 and that the responses will be served upon plaintiff.  Ms. Fairbank is not able to confirm whether or not the amended responses were provided to plaintiff.  Therefore, once the amended responses are produced to plaintiff, defendants shall file a notice with the court indicating they have complied with this court's directive regarding responding to the information sought in Interrogatories 8 and 9.

   **4.**     *Interrogatories served in Set 1 for defendant McDaniel (Doc. # 161, pg. 17)*

        **Interrogatory No. 3:**  All NDOC investigations conducted as to each defendant. **DENIED**; defendant McDaniel is not required to supplement his responses. The nature of this discovery request is burdensome and defendants have previously filed relevant information relating to this discovery request in response to request for production 2, 9, and 10 (Doc. # 134).

        **Interrogatory No. 4:**  All complaints of "staff misconduct."  **DENIED**; defendant is not required to supplement his responses.  The nature of this discovery request is overbroad and burdensome.  Even if this request is narrowed, the court questions its relevancy.  The court understands plaintiff is attempting to utilize responses to this discovery to further plaintiff's "policy or custom" argument against supervisor McDaniel. But asking for all complaints of "misconduct" would not establish that claim and would eventually involve compound discovery disputes. If plaintiff had requested information on, e.g., judgments, or perhaps even discipline against the individual defendants (addressed already to a large extent in Requests # 2, 9 and 10; Doc. #134), the court might allow such discovery. But such is <u>not</u> what plaintiff is seeking in his discovery.

   **b.**     **Plaintiff's Motion to Determine the Sufficiency of Defendants Baker's and McDaniel's Answers and/or Objections to the 1st Set of Request for Admissions and of Defendants Hammock's and Rowley's Answers and/or Objections to the 3rd Set of Requests for Admissions for Pursuant to Rule 36(a)(6) (2nd Request) (Doc. # 163)**

   Requests Nos. 1-13 in the 1st and 3rd sets have the same theme of asking the defendants to admit or deny what is contained in Plaintiff's medical records, sometimes to evaluate a medical provider's opinion or diagnosis. Defendants Hammock and Rowley, some of whom do not have access to Plaintiff's records. But even as to those defendants who conceivably might have access to

MINUTES OF PROCEEDINGS
3:11-cv-00636-RCJ-WGC
Date: February 20, 2014
Page 5

plaintiff's medical records (Baker and McDonald), Defendants should not have to evaluate plaintiff's medical records.

Following analysis and consideration of plaintiff's "Motion to Determine the Sufficiency of the Defendants Answer and/of Objections Pursuant to Rule 36(a)(6) (2nd Request) (Doc. # 163), and the defendants' responses (Doc. # 173), the court enters the following rulings as to the discovery requests:

1.   *Request for Admissions No. 1-13 in Set 1 for defendants Baker and McDaniel (Doc. # 163, pg. 3)*

**Request for Admissions No. 1-13: DENIED as to Baker and McDaniel**; defendants are not required to supplement their response.  Theoretically, even if defendants Baker and McDaniel have access to plaintiff's medical records, these requests for admissions are not proper as it would require the defendants to review and interpret plaintiff's medical records.

2.   *Request for Admissions No. 1-13 in Set 3 for defendants Hammock and Rowley (identical requests as in Set 1 for defendant's Baker and McDaniel)*

**Request for Admission No. 1-13: DENIED as to Hammock and Rowley**; defendants are not required to supplement their response.  In addition to the rationale the court just expressed as to the relevance of this discovery, pursuant to NDOC policies and procedures, Defendants Hammock and Rowley do not have access to plaintiff's medical records. Even if they did have access to Plaintiff's medical records, they should not be required to evaluate and/or interpret plaintiff's records.

3.   *Request for Admission No. 14 in Set No. 1 for defendants Baker and McDaniel and in Set No. 3 for Defendants Hammock and Rowley (Doc. # 163)*

**Request for Admission No. 14:   DENIED.** Plaintiff seeks to have the defendants admit each document produced during discovery is genuine and authentic. The request is overbroad. Each defendant should not be required to admit what another defendant may or may not have produced is authentic, particularly without specifying a document in particular. Defendants are not custodians of record. Doc. # 173 at Exh. A-15 (p. 15). In any event, defendants' counsel represents that a "Declaration of Custodian of Records as to those documents produced throughout the course of discovery in this case" shall be made. (*Id.*)

## II.   Defendants' Motion for Protective Order (Doc. # 173)

Defendants did not properly file a request for a protective order; instead, it is "buried" in Defendants' opposition to plaintiff's motion to compel (see Doc. # 173, pg. 22).  Therefore, defendants' request for protective order is **DENIED.**

**MINUTES OF PROCEEDINGS**
3:11-cv-00636-RCJ-WGC
Date: February 20, 2014
Page 6

**III.    Plaintiff's Oral Motion re Transcript**

Plaintiff's oral request for production of the transcript of the hearing held on November 25, 2013 (Doc. # 167) is **DENIED.**

**IV.    Concluding Remarks**

Defendants are to file a notice with the court regarding the status of the most recent extension of copy work granted to plaintiff by the court.

Plaintiff is advised he may file with the court additional requests for copy work if appropriate.

Objections to any of the rulings today must be filed with the court within fourteen (14) days after the minutes of proceedings order is entered.

**IT IS SO ORDERED.**

12:06 p.m.  Court adjourns.

LANCE S. WILSON, CLERK


By: _____/s/_____
        Katie Lynn Ogden, Deputy Clerk