1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                               **DISTRICT OF NEVADA**

8

9    CHARLES MANLEY,                    )           3:11-cv-00636-RCJ-WGC
                                        )
10             Plaintiff,               )              **ORDER**
                                        )
11         vs.                          )        Re: Doc. ## 170, 176, 177, 186, 189, 224
                                        )
12   ALAN ZIMMER, et al.,               )
                                        )
13             Defendants.              )
     _____)

14

15         On February 20, 2014, this court held a discovery hearing regarding Plaintiffs multiple discovery

16   disputes. (Doc # 219.)[1] The court segregated Plaintiff's discovery motions into two groups. "Group I"

17   motions included  Doc. # 161, Plaintiff's Motion to Compel (2nd Request), and Doc. # 163, Plaintiff's

18   Motion to Determine the Sufficiency of the Defendants' Answers or Objections (2nd Request). Group I

19   motions were fully briefed and were resolved at the February 20, 2014 hearing. (Doc. # 219.)

20         "Group II" motions were then still in the process of briefing.  Filings assigned to Group II which

21   are addressed by this Order include Plaintiff's Motion for Court Order Requiring Defendants to Accept

22   and Respond to Plaintiff's Discovery Requests (Doc. # 170), Plaintiff's Motion to Determine the

23   Sufficiency of the Defendant [Rowley's] Answers or Objections (Doc. # 176), Plaintiff's Supplement to

24   his Second Motion to Compel Discovery (Doc. # 177), Plaintiff's Supplement to Motion to Compel

25   (Doc. # 186), and Plaintiff's Motion to Determine the Sufficiency of the Defendant [Hammock's]

26   Answers or Objections (Doc. # 189). Subsequent to the hearing on February 20, 2014, Plaintiff filed a

27   Motion for Sanctions (Doc. # 224), which the court will also resolve along with the Group II motions.

28

     _____
          [1] Refers to court's docket number.

**BACKGROUND**

Plaintiff Manley is a pro se inmate litigant in the custody of the Nevada Department of Corrections (NDOC). At the times relevant to the claims averred in the Amended Complaint (Doc. # 112), Plaintiff was incarcerated at Ely State Prison (ESP). Plaintiff's civil rights claims arise out of a July 2, 2009, cell extraction and the subsequent escort of Plaintiff from the housing unit to "visiting holding." (*Id.* at 7.) Plaintiff alleges that Defendant Zimmer failed to protect him from harm after he (Zimmer) was informed that Plaintiff was concerned about remaining in his cell with his cellmate (Count II). (*Id.*, at 6.) Plaintiff further alleges that after being extracted from his cell and while being escorted, Defendants Rowley, Horsley, Hammock and Manning subjected him to excessive force (Count III). (*Id.*, at 7.)[2] Further, Plaintiff alleges that Defendants McDaniel and Baker failed to investigate or correct the alleged misconduct of the officers whom he alleges were involved in his escort (Count 1). (*Id.*, at 5.)

This § 1983 lawsuit does not present any particularly complicated legal or factual issues. As to Defendant Zimmer, the question is whether he (Zimmer) was informed by Plaintiff that Plaintiff had received threats of violence from his cellmate, and if yes, what action, if any, did Zimmer undertake. As to Defendants Rowley and Hammock, the issue is whether they used excessive or a disproportionate amount of force when effecting the cell extraction and escort. And as to Defendants McDaniel and Baker, the issue is whether they failed to investigate the incident or undertake any disciplinary action (assuming such was appropriate). This case is not particularly complicated factually or legally, and the discovery which has been undertaken appears to be disproportionate to the substance of the lawsuit.

Due to the significant number of discovery motions this court has had to address, including those resolved by this Order, an overview of the pertinent filings submitted in this matter would be important to understanding the court's approach to and analysis of the Group II discovery motions. This overview will illustrate the extensive discovery (mainly by Plaintiff) which has permeated this litigation.

The following summarizes the more significant events of the procedural history of this case from

---

[2] In his Amended Complaint, Plaintiff more specifically alleges these Defendants "beat" Mr. Manley while he was "fully restrained in handcuffs behind his back and leg irons." (Doc. # 112 at 7.) Plaintiff subsequently dismissed his claims against Defendants Horsley and Manning. (Docs. # 168, # 206.)

its inception through the deadline for filing discovery motions, December 13, 2013 (Doc. # 115):[3]

- July 22, 2011, Plaintiff's Complaint filed in the Seventh Judicial District Court (Doc. # 1-2)

- September 1, 2011, Defendants removed his case to the United States District Court (Doc. # 1)

- October 13, 2011, Screening Order issued (Doc.# 8)

- January 1, 2012, Defendants file Report of 90-day Stay (Doc. # 11)

- February 21, 2012, Acceptance of Service filed (Doc. # 19)

- March 27, 2012, Answer and Scheduling Order filed (Docs. # 24, # 25)

- April 25, 2012, Plaintiff served first discovery requests seeking documents (Doc. # 154-1)

- June 5, 2012, Plaintiff served second discovery requests seeking documents (Doc. # 154-2)

- June 6, 2012, Stipulation to Extend Discovery filed (Doc. # 32)

- June 7, 2012, Stipulation to Extend Discovery granted; discovery deadline extended 90 days to September 24, 2012 (Doc. # 33)

- June 17, 2012, Plaintiff served third requests for documents (Doc. # 154-3)

- June 18, 2012, Plaintiff served first set of requests for admissions to Defendant Rowley (Doc. # 154-4)

- July 20, 2012, Plaintiff served first set of request for admissions to Defendant Zimmer (Doc. # 154-5)

- August 12, 2012, Plaintiff served fourth requests for documents (Doc. # 154-5)

- August 15, 2012, Plaintiff moved to extend discovery (Doc. # 43)

- August 22, 2012, Defendants filed non-opposition to Plaintiff's motion to extend discovery (Doc. # 46)

- August 23, 2012, Revised Scheduling Order filed extending discovery 90 days, deadline for completion of discovery on November 20, 2012. The court specifies that barring unusual circumstances, there shall be no further extensions of time (Doc. # 47)

- September 30, 2012, Plaintiff served second set of requests for admissions on Defendant Rowley and first set of requests for admissions on Defendants Manning, Horsley and Hammock (Docs. # 154-7 to # 154-10)

- October 4, 2012, Plaintiff filed motion to compel discovery (Doc. # 48)

- October 31, 2012, Defendants filed opposition to Plaintiff's motion to compel (Doc. # 52)

---

[3] This chronology was taken in part from that provided by Defendants in their response (Doc. # 208 at 3-6), but has also been modified by the court to include certain other pertinent filings and submissions. The docket reflects there have been 235 filings to date in this matter.

3

- November 13, 2012, Plaintiff filed reply to Defendants' opposition (Doc. # 55)

- January 17, 2012, the court conducted hearing regarding Plaintiff's motion to compel discovery (Doc. # 64)

- February 19, 2013, Defendants filed supplemental briefing regarding requests for production 2, 9 and 10 (Doc. # 65)

- March 18, 2013, Plaintiff filed response to Defendants' supplemental briefing (Doc # 67)

- March 28, 2013, the court conducted hearing re continued briefing as to requests 2, 9 and 10 (Doc. # 78)

- April 23, 2013, Defendants filed continued supplemental briefing regarding Plaintiff's requests for production 2, 9 and 10 (Doc. # 81)

- April 25, 2013, Plaintiff filed continued supplemental briefing (Doc. # 85)

- May 17, 2013, Plaintiff moved to file an amended complaint adding supervisory liability allegations against Defendants McDaniel and Baker (Doc # 99)

- May 22, 2013, Defendants filed a their non-opposition to Plaintiff's motion to amend (Doc. # 100)

- July 3, 2013, The court granted Plaintiffs motion to file amended complaint (Doc. # 10)

- July 11, 2013, Plaintiff filed amended complaint (Doc. # 112)

- July 16, 2013, Defendants answered Plaintiff's amended complaint (Doc. # 113)

- July 23, 2013, Because of the involvement of new defendants, the court issued new scheduling order establishing November 27, 2013, as the date for completion of discovery; the court again orders "**there shall be no further extensions**." The order also establishes December 13, 2013, as the deadline for filing and serving discovery motions. (Doc. # 115)

- July 31, 2013, Plaintiff served first set of interrogatories on Defendants Hammock, Zimmer, Rowley, McDaniel, Baker, Manning and Horsley, and his second set of interrogatories on Defendants Baker and McDaniel (Docs. # 154-11 to # 154-19)

- August 5, 2013, Plaintiff filed additional supplemental briefing regarding requests 2, 9 and 10 (Doc # 117)

- August 16, 2013, Defendants filed their notice regarding additional supplemental briefing as to Plaintiff's requests numbers 2, 9 and 10 (Doc. # 118)

- September 19, 2013, Plaintiff moved to take depositions of all Defendants, and served his fifth set of requests for production and second set of interrogatories to Defendants Hammock, Manning, Rowley, Horsley and Zimmer, and his third set of interrogatories on Defendants Baker and McDaniel (Docs. # 121, # 154-20 to # 154-27)

- September 24, 2013, Defendants moved for partial dismissal of plaintiff's complaint (Doc. # 122)

- September 30, 2013, Defendants filed limited opposition to plaintiff's motion to take depositions of defendants (Doc. # 126); Defendants moved for partial stay of discovery as

to Defendants Baker, McDaniel and Zimmer pending outcome of motion for partial dismissal (Doc. # 127)

• October 2, 2013, The court in Doc. # 129 granted, in part, Defendants' motion for partial discovery stay as to the discovery contained in   Exhibit A, Plaintiff's Request for Interrogatories (3rd Set) for Renee Baker (Doc. # 127-1:1-8), Exhibit E, Plaintiff's Request for Interrogatories (3rd Set) for E.K. McDaniels (Doc. # 127-1:33-40) and Exhibit G, Plaintiff's Request for Interrogatories (2nd Set) for Alan Zimmer (Doc. # 127-1:49-58) (Doc. # 129)

• October 7, 2013, Plaintiff filed his Reply regarding his motion for depositions, response to defendants' motion for partial stay and opposition to motion for partial dismissal (Docs. # 131, # 132, # 133)

• October 9, 2013, The court ordered production of certain limited documents pursuant to Plaintiff's motion to compel (Doc. # 134)

• October 14, 2013, Defendants filed reply memorandum  regarding their motion for partial stay of discovery (Doc. # 138)

• October 24, 2013, Defendants submitted documents under seal pursuant to the court's Order of October 9, 2013 (Doc. # 144); Plaintiff served his sixth set of request for production of documents and fourth  set of requests for admissions to Defendants Hammock and Rowley (Docs. # 154-35 to # 154-36)

• October 28, 2013, Plaintiff moved for leave to extend the number of interrogatories to 100 per defendant (Doc. # 146)

• October 30, 2013, Plaintiff moved to extend discovery by 120 days (Doc. # 147)

• October 31, 2013, Defendants filed a notice of compliance with the court's October 9, 2013, order (Doc. # 149)

• November 4, 2013, Plaintiff filed motion to substitute two defendants (Doc. # 150)

• November 5, 2013, Defendants moved to withdraw motion for partial dismissal and to lift the partial stay of discovery (Doc. # 151)

• November 7, 2013, The court granted Defendants' motion to withdraw and lifted the partial discovery stay as to Defendants Baker, McDaniel and Zimmer; Defendants' answers to Plaintiff's discovery attached as Exhibits A, E and G to Defendants' underlying motion (Doc. #127) "shall be due thirty days from the date of this order" (Doc. # 152)

• November 8, 2013, the court granted in part and denied in part Plaintiff's motion for court order to conduct depositions of each defendant (Doc. # 153); Defendants respond to Plaintiff's motion to extend time re discovery (Doc. # 154)

• November 15, 2013, Plaintiff served his seventh set of Requests for Production of Documents (Doc. # 208-1)

• November 18, 2014, Defendants filed response to Plaintiff's motion to substitute two defendants (Doc. # 157)

• November 20, 2013, Plaintiff served his requests for admissions (second set) for Defendant E.K. McDaniel (Doc. # 208-2); Plaintiff withdrew his motions (#146) to extend the number

5

of interrogatories to each defendant and (#147) to extend discovery (Doc. # 158); Plaintiff filed two motions to determine sufficiency of the Defendants answers and/or objections (Docs. # 159, # 163) and two motions for sanctions (Docs. # 160, # 162); Defendants filed a motion for a status conference (Doc. # 164)

• November 21, 2013, The court granted Plaintiff's motion to withdraw, and Docs. #146 and #147 were denied as moot; Defendants' request for status conference is granted (Doc. #165)

• November 25, 2013, discovery status conference; the court denied Plaintiff's two motions for sanctions  (#160, #162), denied Plaintiff's #159 motion to determine sufficiency of defendants' answers and/or objections; and set briefing schedule set on (#161, #163) Plaintiff's two outstanding discovery motions (Doc. # 167)

• November 26, 2013, Defendants filed response to plaintiff's motion to substitute two defendants (Doc. # 166)

• November 27, 2013, Deadline for completion of discovery (Docs. # 115, # 116 at 5)

• December 4, 2013, Plaintiff filed motion to dismiss Defendants Horsley and Manning (Doc. # 168); Plaintiff's  motion to dismiss was later granted in Doc. # 206 on January 13, 2014

• December 9, 2013, Plaintiff filed motion for court order requiring defendants to answer and accept discovery requests (Doc. # 170); Defendants filed motion to extend time to respond to Docs. # 161, # 163 (Doc. # 171)

• December 10, 2013, the court granted Defendants' motion for extension of time (Doc. # 172); Defendants responded to Plaintiff's motions #161 and #163 (Doc. # 173)

• December 11, 2013, Plaintiff filed motion to extend time to file discovery motions and to vacate current deadline for filing dispositive motions (Doc. # 174), a reply to motion to substitute two defendants (Doc. # 175), a motion to determine sufficiency of defendant's answer and/or objections (Doc. # 176), a supplement to his second motion to compel (Doc. # 177), a motion for protective order (Doc. # 178), and motion for leave to file exhibits under seal (Doc. # 179)

• December 12, 2013, Defendants filed a motion to compel discovery (Doc. # 182) and a motion for a status conference (Doc. # 183); the court scheduled hearing to discuss plaintiff's #178 motion for protective order and Defendants' #182 motion to compel (Doc. # 184)

• December 13, 2013, Deadline for filing Discovery motions (Doc. # 115)[4]

The court will now address the substantive and procedural issues presented by the Group II motions which are before the court, mindful of the nature of the civil rights claims made by Plaintiff, considering as well the extent of the discovery which has already been undertaken in this case.

---

[4] Subsequent to the December 13, 2013 deadline for filing discovery motions, there have been another 35± filings by the parties. (See documents listed at ## 186 - 235.)  Although all require the court's attention, mainly because they pertain to Plaintiff's discovery motions, the court will not separately list them in this chronology .

**I.    Plaintiff's Motion for Order Requiring Defendants to
        Accept and Answer Discovery Requests  (Doc. # 170)**

Before the court is Plaintiff's Motion for Order Requiring Defendants to Accept and Answer Discovery Requests. (Doc. # 170.) The Defendants have opposed the motion. (Doc. # 208) and Plaintiff has replied (Doc. # 214.)

Plaintiff's motion pertains to Plaintiff's Request for Production of Documents to Defendants (7th Set), which he states he "handed" to counsel for defendants at a discovery conference on November 15, 2014. The motion also addresses Plaintiff's Request for Admissions (2nd Set) to Defendant McDaniel and yet another Request for Production of Documents to Defendants (8th Request), which two documents he states he mailed to counsel for Defendants on November 20, 2014. (*Id.* at 1.) Plaintiff claims when he handed the seventh request for production to Ms. Fairbanks, she agreed to answer these requests and did not object in any way to their timeliness. Plaintiff contends counsel for Defendants now avoids responding to this discovery, advising Plaintiff the requests were untimely. (*Id* at 2.) Plaintiff argues his requests were served before the discovery cut off. He asserts counsel's "accepting the 7th production request and agreeing to respond to it and the other two discovery requests as soon as possible on November 15th...should be taken as a stipulation to respond by the November 27th discovery cut off date." (*Id.* at 3.) Plaintiff also argues that the Defendants should have sought "a motion for more time if there (sic) unable to respond within this time frame." (*Id.*)[5]

First, it appears unlikely, in view of the history of this case, Defendants' counsel would have agreed to respond to Plaintiff's mid-November discovery within two weeks.  It is even more improbable defense counsel would have agreed to do so as to the discovery which was served by mail on November 20, 2014, approximately one week before the November 27 discovery deadline. Not surprisingly, it is Defendants' position no such stipulation was reached.  (Docs. # 208 at 2, 8; # 208-3.) Counsel for Defendants advised Plaintiff in writing his discovery was untimely and that Defendants

---

[5] Local Rule 26-7(a) requires the full text of the discovery sought to accompany a motion to compel. Plaintiff's motion did not submit the disputed discovery. (Doc. # 170.) Although this deficiency is grounds to summarily deny Plaintiff's motion, the defendants have themselves submitted the discovery they contend is untimely: Plaintiff's 7th Request for Production to all Defendants, (Doc. # 208-1); Plaintiff's Request for Admissions (2nd Set) to Defendant McDaniel (51 separate requests) (Doc. #208-2 at 2-12); and Plaintiff's 8th Request for Production to all Defendants (Doc. # 208-2 at 15-17).

1   would not be providing responses. (Docs. # 208 at 8, # 208-3.)

2          Second, Plaintiff recognizes the discovery deadline of November 27, 2013, but misinterprets the

3   rule pertaining to the discovery deadline that for discovery to be effective, it must be served more than

4   30 days before the expiration of the deadline.  He blames this on the fact that the scheduling order "did

5   not state when all discovery requests must be served." (*Id* at 3.) However, this court's Order of July 23,

6   2013, extending discovery because of the entry of two new defendants in the case stated, "Discovery in

7   this action <u>shall be completed</u> on or before November 27, 2013." (Doc. # 115; emphasis added.) It has

8   long been the requirement of the courts of this District that absent a stipulation between the parties or

9   an order of the court, written discovery requests under Rules 33, 34 and 36 must be served at least 30

10  days <u>before </u>the discovery cut off date so that they may be responded to–and completed– within the

11  discovery period. *Adobe Systems Inc. v. Christenson*, No. 2:10-cv-00422-LRH-GWF, 2011 WL

12  1322529, at * 2 (D. Nev. 2011); *Bishop v. Potter*, No. 2:08-cv-00726-RLH-GWF, 2010 WL 2775332

13  (D. Nev. 2010); *Christmas v. MERS*, No. 2:09-cv-01389-RLH-GWF, 2010 WL 2695662 (D. Nev. 2010);

14  and *Andrews v. Raphaelson*, No. 2:06-cv-00209-RCJ-GWF, 2007 WL 160783, at * 6 (D. Nev. 2007).

15         Third, Plaintiff misinterprets the October 2, 2013, Order granting Defendants' motion to stay

16  discovery. (Doc. # 129.) The stay the court entered was very specific and was limited to the discovery

17  attached as Exhibits A, E and G to the motion to stay (#127-1: 3rd Set of Interrogatories to Baker, 3rd

18  set of Interrogatories to McDaniel and 2nd Set of Interrogatories to Zimmer). When the stay was lifted,

19  the court only granted additional time to respond to those specific discovery requests.  (*Id.* at 10-1; Doc.

20  # 115.) There was no general stay as to all discovery.[6]

21         Fourth, Plaintiff states the defendants have committed "perjury."  Manley contends the

22  Defendants previously stated in Doc. # 138 (Defendants' reply to the motion to stay, which was filed

23  <u>after</u> entry of the order partially staying discovery) that they would not oppose an enlargement of time

24  equal to the time period the stay was in effect to conduct discovery as to Defendants Baker, McDaniel

25  and Zimmer.  He states Defendants agreed to that because the stay prevented him from serving and

26  receiving discovery responses from those parties. (Doc. # 214 at 1-2.)  However, regardless of what

27

28         [6] However, see this court's further discussion whether the stay prevented Plaintiff from undertaking any additional
    relevant discovery at pp. 9-10.

1  inference may or may not be made as to Defendants' filing, it was never the court's intention to extend

2  discovery further. (Scheduling Order, Doc. # 115; Order Lifting Stay, Doc. # 152.) As outlined above,

3  the stay of discovery (Doc. # 129) was restricted to those specific interrogatories to Defendants Baker,

4  McDaniel and Zimmer (Exhibits A, E and G).  The Order lifting the partial stay was similarly very

5  specific and referenced that Baker, McDaniel and Zimmer's responses to the discovery attached to the

6  underlying motion as Exhibits A, E and G was due 30 days from the date of the Order.  It did not open

7  the door to additional unlimited discovery. (Doc. # 152.)

8         Fifth, had a request for extension of discovery been presented to the court, the court would <u>not</u>

9  have countenanced any tacit, or even explicit, agreement as to discovery extension referenced by

10  Plaintiff. Doing so would have adversely impacted not only the discovery deadline but the court's

11  deadline to file discovery and dispositive motions. The court's amended scheduling order issued after

12  Defendants Baker and McDaniel entered the case definitively stated **there shall be no further**

13  **extensions.** (Doc. # 115; emphasis in the original.) As the record outlined above clearly demonstrates,

14  the multiple and seemingly endless discovery motions have already drastically effected the deadline for

15  dispositive motions on this case.

16         That being said, the court recognizes Plaintiff's argument that when the stay of discovery was

17  entered as to Defendants Baker, McDaniel & Zimmer, even though the Order was specific as to the

18  discovery referenced in Exhibits A, E and G, that the stay would have included any other discovery

19  Plaintiff may have wanted to commence as to those Defendants. (Doc. # 129.) And when the stay was

20  lifted on November 7, 2013 (Doc. # 152), only 20 days remained before the expiration of the discovery

21  deadline. Thus, although the court required Defendant Baker to answer the third set of interrogatories

22  (Exhibit A), Defendant McDaniel to answer the third set to him (Exhibit E), and Defendant Zimmer to

23  answer the second set to him (Exhibit G), Plaintiff's argument is the limited time remaining for

24  completion of discovery when the stay was lifted prevented him from propounding more discovery to

25  the Defendants (i.e., that discovery referenced in Doc. # 170).

26         The question becomes whether, in light of the stay order, this court would abuse its discretion

27  by not allowing Plaintiff to undertake and complete the additional discovery identified in Doc. # 170,

28  i.e, Plaintiff's 7th request for production to <u>all</u> Defendants (not just Baker, McDaniel or Zimmer); his

1   2nd request for admissions to Defendant McDaniel; and his 8th request for production to all Defendants.

2   The court concludes it would not.

3        Certainly Plaintiff would have no argument the stay prevented his ability to effect timely

4   discovery upon the other Defendants not covered by the stay. In fact, Plaintiff did so on October 23,

5   2013, when he served his 6th Request for Production to all Defendants (Doc # 177) and his 4th sets of

6   Requests for Admissions to Defendants Hammock (Doc. # 189) and Rowley (Doc. # 176). The

7   Defendants describe the other extensive discovery which Plaintiff generated as follows:

8                **A.     Relevant Discovery History**

9               Since discovery has begun in this case, Plaintiff has propounded
        thirty-six separate sets of written discovery including more than 600
10       discovery requests. Not taking into account Plaintiff's first request for
        documents (#154-1) and the untimely discovery served by Plaintiff in
11       November (Ex. A; Ex. B), Plaintiff timely served five different requests
        seeking production of documents, with 69 separate document requests.
12       (#154-2; #154-3; #154-6; #154-20; #154 - 154-34) Plaintiff timely served
        fourteen sets of requests for admissions totaling 209 separate requests to
13       the various defendants, including sixty-one separate requests on
        Defendant Rowley in four sets, one set of twenty-five on Defendant
14       Zimmer; two sets totaling eleven requests each on Defendants Manning
        and Horsley; sixty-three separate requests on Defendant Hammock
15       through three different sets; and nineteen requests in one set on each
        Defendants Baker and McDaniel. (#154-4; #154-154-5; #154-7; #154-10;
16       #154-28 - #154-33; #154-35, #154-36) Finally, Plaintiff timely served
        fifteen separate sets of interrogatories totaling approximately three
17       hundred and nineteen separate interrogatories (including subparts) to the
        Defendants, including two sets totaling forty-six interrogatories on
18       Defendants Hammock, Horsley, and Rowley; two sets totaling forty-five
        interrogatories on Defendant Manning; one set of twelve interrogatories
19       on Defendant Zimmer; three sets on Defendant Baker totaling sixty-one
        interrogatories; and three sets on Defendant McDaniel totaling sixty-three
20       interrogatories (#154-11 - #154-19; #154-21 - #154-27)

21   (Doc. # 208 at 6:24-7:15.)

22       Under Fed. R. Civ. P. 26(b)(2)(C), the court "must limit the frequency or extent of discovery

23   otherwise allowed by these rules...if it determines that: (i) the discovery is unreasonably cumulative or

24   duplicative...(ii) the party seeking discovery has had ample opportunity to obtain the information by

25   discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely

26   benefit, considering the needs of the case... ." (Emphasis added.)

27       The Third Circuit has held that "[a]lthough the scope of discovery under the Federal Rules is

28   unquestionably broad, this right is not unlimited and may be circumscribed. *Bayer AG v. Betachem, Inc.*,

173 F.3d 188, 191 (2nd Cir. 1999), *citing Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1322 (Fed. Cir. 1980).

This court is mindful of the factors enunciated by the Seventh Circuit Court of Appeals which a District Court is to consider when evaluating whether to restrict the scope of discovery. In *Patterson v. Avery Dennison Corp.*, 281 F.3d 676 (7th Cir. 2002), the court stated that

> Before restricting discovery, the court should consider "the totality of the circumstances, weighing the value of the material sought against the burden of providing it," and taking into account society's interest in furthering "the truthseeking function" in the particular case before the court. *Rowlin v. Alabama*, 200 F.R.D. 459, 461 (M.D. Ala. 2001) (placing limits on discovery in employment discrimination case); *see generally* Fed. R. Civ P.26 advisory committee notes; 8 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2008.1 (1994).

281 F.2d at 681.

This approach has been embraced by other decisions in the District of Nevada. *See., e.g., Henderson v. Prop. & Cas. Ins. Co. of Hartford*, No. 2:12-cv-00149-KJD-PAL, 2012 WL 3730533 at * 6 (D. Nev. 2012); *Klein v. Freedom Strategic Partners, LLC,* No. 2:08-cv-01369-PMP-PAL, 2009 WL 1606467 at * 3 (D. Nev. 2009); *U. S. Equal Employment Opportunity Commission v. Caesars Entertainment, Inc.*, 237 F.R.D. 428, 431-432 (D. Nev. 2006),

Magistrate Judge Peggy A. Leen in the *Henderson* decision noted that the Ninth Circuit has embraced a similar approach in considering the "totality of circumstances" when a court is considering whether to restrict discovery. *Henderson* at * 6, *citing Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990).

This court, of course, has broad discretion in controlling discovery. *Little v. Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In evaluating the totality of the circumstance–by weighing the value of the material sought against the burden of providing it–the court finds any "truth seeking function" in the discovery Plaintiff seeks to require in his motion to compel (Doc. # 170) is outweighed by the discovery Plaintiff has in fact undertaken and completed in this case and what the court perceives is the limited value, if any, in all this additional discovery.

Without reviewing each item of discovery contained in Plaintiff's three sets referenced in Doc. # 170, the court's overview of these materials finds them to reference matters of questionable relevance to this case. For example, Plaintiff's 7th Request for Production of Documents seeks copies of

11

depositions in a 2000 lawsuit against Defendant McDaniel (Request #1), and interoffice memoranda relating to NDOC Administrative Regulations (Requests ## 7-8). (Doc. # 208-1.)  Plaintiff's 2nd Requests for Admissions to Defendant McDaniel in large part request Defendant McDaniel's opinions as to Plaintiff's version of his allegations (Doc. # 208-2 at 2-11). Plaintiff's 8th Request for Production of Documents seeks the "make, model and serial number" of the prison's "audio visual cameras." (Doc. # 208-2 at 16-17.) The court finds this discovery to be of questionable relevance to this case and fails to see how it would be of assistance to the fact finders in this case. If the court ruled in Plaintiff's favor on timeliness of this discovery, undoubtedly–and probably rightfully so–the Defendants would object to much if not all of Plaintiff's discovery.

The "burden" the court evaluates is not only the impact responding to the discovery would have upon the Defendants but also upon the court. Allowing this discovery to proceed would inevitably generate yet another motion to compel and possibly two (as to the 7th and 8th production requests), another motion to determine the sufficiency of the defendant's responses to the request for admissions, and probably another motion for discovery sanctions with attendant briefing, resolution of which would even further delay the court in being able to proceed with dispositive motions in this matter.[7]

In its discretion, the court finds precluding the discovery with which Plaintiff seeks to proceed under Doc. # 170 would not unduly restrict the truth-seeking function imposed on this court.

Plaintiff's motion (Doc. # 170) is **DENIED.**

**II.  Plaintiff's Motions to Determine the Sufficiency and/or Objections to Requests for Admissions to Defendants Rowley (Doc. # 176) and Hammock (Doc. # 189)**

**A.  Overview of Motions**

Plaintiff has filed two motions to determine the sufficiency of the "Defendants answer and/or objections pursuant to Rule 36(a)(6)." Each motion arises from these two Defendants' responses to Plaintiff's 4th Set of Requests for Admissions. (Doc. # 176 at 3 (Rowley); Doc. # 189 at 1 (Hammock).)

While each set of the Plaintiffs requests for admissions is labeled "4th set," the content of each

---

[7] To date, Plaintiff has filed four motions to compel (Docs. ## 48, 161, 177, 186), four motions to determine the sufficiency of the defendants' responses and objections (Docs. ## 159, 163, 176, 189), and four motions seeking discovery sanctions (Doc. ## 92, 160, 162, 224).

set is different: The fourth set to Defendant Rowley consists of 25 requests (Doc. # 209-1); those to Defendant Hammock consists of 52 requests (Doc. # 210-1). Plaintiff has identified ten of the requests to Defendant Rowley which he deems to be inadequate (Doc. # 176) and twenty two of the requests to Defendant Hammock to be objectionable (Doc. # 189).

Doc. # 209 is Defendants' response to the motion to compel as to Defendant Rowley. Doc. # 212 is the Defendants' opposition to the motion filed as to Defendant Hammock.[8] Plaintiff has chosen to reply to both oppositions in a consolidated reply. (Doc. # 225.) Because the subject of both motions present analogous and similar issues, the court will similarly address Docs. # 176 and # 189 together.

**B. Compliance With the "Meet and Confer" Requirements**

Prior turning to the substantive aspects of Plaintiff's motions, the court needs to address whether Plaintiff satisfied the "meet and confer" requirements of Fed. R. Civ. P. 27(a)(1) and Local Rule 26-7.

Plaintiff's motion as to Defendant Rowley (Doc. # 176) includes a "Certification of Good Faith" which represents Plaintiff provided Defendants "with a list of case law showing that [Plaintiff] is entitled to responses" and that he has therefore attempted "to resolve this discovery dispute informally." (Doc. # 176 at 18-19, Exhibit 1.) However, the "list of case law" or whatever Plaintiff claims he provided Defendants in this exhibit was not attached to his certification.

Defendants' counsel disputes Plaintiff's representation about his attempting to resolve this discovery dispute informally. Defendants represent that subsequent to serving Defendant Rowley's responses on November 25, 2013, "Defendants are unable to identify any effort by Plaintiff to attempt to resolve these specific matters." (Doc. # 209 at 3.) In a declaration submitted by Defendants' counsel, Ms. Fairbanks states she has been "unable to identify any correspondence...regarding Plaintiff's complaints" concerning Rowley's responses. (Doc. # 209-2.)

Plaintiff's reply memorandum again argues he attempted to resolve this dispute prior to filing his

---

[8] The text of Defendant Rowley's responses to Plaintiff's 4th Request for Admissions is found in Defendants' opposition (Doc. # 209) at Doc. # 209-1. The Defendants' opposition to Plaintiff's motion relative to Defendant Hammock refers to his (Hammock's) Responses to Plaintiff's 4th Set of Requests for Admissions as being attached as Exhibit A. (Doc. # 212 at 4.) Unfortunately, no "Exhibit A" accompanied Doc. # 212. However, the text of Plaintiff's 4th Requests for Admissions to Defendant Hammock and his responses may be found instead as an exhibit to Defendants' Supplemental Opposition to Plaintiff's Supplement to his Second Motion to Compel Discovery. (Doc. # 210-1.) The Defendants' opposition also sets forth the specific requests from Plaintiff and Defendant Hammock's responses.. (Doc. # 212 at 4-23.)

discovery motion. (Doc # 225 at 7.) He refers to "Exhibit 1" referencing "a letter with relevant case law to show Ms. Fairbanks how her objections were improper." However, "Exhibit 1" is not a letter to Ms. Fairbanks, but is instead another "certification of good faith," which references a letter Plaintiff sent to counsel in October 2013 (Doc. #225 at 12, ¶ 2**)**, which would have been a month <u>before</u> Defendant Rowley answered Plaintiff's requests.

Plaintiff also directs the court to "see...Accompanying Motion for Sanctions Pursuant to Rule 26(b)." (Id. at 7.) If Plaintiff is referring to the motion for sanctions he filed the same date as his reply memorandum, then Plaintiff's reference apparently would be to Doc. # 224. "Exhibit 1" to that motion appears to be a copy of a letter he wrote to Deputy Attorney General Fairbanks dated "20 Oct. 2013." (Doc. # 224 at 6-7.) The court assumes this is the letter (with Plaintiff's citation of case law concerning requests for admissions) referred to in paragraph 2 of Plaintiff's "certification" (Doc. # 225 at 12.) However, a letter sent by Plaintiff to Defendants' counsel approximately one month <u>before</u> the allegedly objectionable discovery responses were served obviously cannot be considered to be any "personal consultation" with counsel attempting to undertake a "sincere effort" to resolve a discovery dispute.

More than lip service to the Local Rule 26-7 pre-motion informal dispute resolution discussion is required by the United States District Court. *Shuffle Master Inc. v. Progressive Games, Inc.* 170 F.R.D. 166, 171 (D. Nev. 1996). Accordingly, the court finds that Plaintiff's motion to compel as to Defendant Rowley (Doc. # 176) is defective and fails to satisfy the "meet and confer" requirements of Fed. R. Civ.P. 37(a)(1) and Local Rule 26-7.

Although the court will not review in the same detail the "meet and confer" deficiencies applicable to the Hammock discovery (Doc. # 189), the court finds Plaintiff's responsibility to attempt to resolve any dispute as to Defendant Hammock's responses to Plaintiff's 4th set of requests for admission has similarly not been satisfied.

While Plaintiff's motions are defective procedurally, upon which basis the motions could be summarily denied, the court will nevertheless discuss the substantive aspects of Plaintiff's motions.

/ / /

/ / /

/ / /

14

**C. Substantive Issue: Sufficiency of Defendants' Responses**

**1) Legal Standard**

Rule 36 of the Federal Rules of Civil Procedure governs Requests for Admissions. Requests may be served on subject that are "relating to...facts, the application of law to fact, or opinions about either." Rule 26(a)(1)(A).[9] The Authors' comments to Rule 26 states that this Rule "allows each party to require other parties to admit each relevant <u>fact</u> not in controversy, thereby eliminating the need to produce witnesses and evidence in support of these <u>facts</u>." (Emphasis added.) When a request for admission is properly framed within the guidelines noted above, Rule 26 imposes a duty on the responding party to make a "reasonable inquire" before asserting lack of knowledge or information for failing to admit or deny a response. Rule 26(a)((4).

Rule 36(a)(6) provides that the requesting party may move to determine the sufficiency of a response. However, "sufficiency" (or insufficiency) refers to the specificity of a response, not whether the response is correct or even if it is not in good faith. *Foretich v. Chung*, 151 F.R.D. 3 (D. D.C. 1993). Neither do requests for admission provide a party a vehicle to establish disputed facts. *Dowdy v. The Coleman Company*, No. 1:11-cv-00045-DAK-EJF, 2012 WL 5450039  (D. Utah 2012). Similarly, Rule 36 also does not authorize a court to make a factual determination about the responding party's denial. *U.S. v. Operation Rescue Nat'l*, 111 F. Supp.2d 948, 968 (S.D. Ohio 1992), nor does the Rule allow the court to determine the accuracy of a denial. *Merix Pharmaceutical Corporation v. EMS Acquisition Corporation*, No. 09-cv-5871, 2010 WL 3781013 at * 6 (N.D. Ill. 2010), citing *Operation Rescue*, 111 F. Supp.2d at 968.

**2) Analysis**

The court will not review all 10 of Defendant Rowley's responses or all 22 of Defendant Hammock's responses to which Plaintiff takes exception. Instead, since certain responses and objections to requests are similar, the court will address "exemplar" requests.

/ / /

/ / /

---

[9] Requests for admission may also ask a party to admit the "genuineness of any described documents." However, none of Plaintiff's requests for admissions in Motions # 176 and #189 pertain to genuineness of documents.

**(a) Rowley (Doc. # 176)**

Request No. 1 is typical of several requests which seek Defendant Rowley's opinions based on his "personal and/or professional expertise." The text of the request and response reads as follows:

Request for Admission No. 1:

Admit or deny that based on your own personal and/or professional expertise, experience and training as a Correctional Officer that the injuries detailed in the Plaintiff's medical file as it relates to the events of 7-2-2009 is consistent with excessive force.
Response:

Objection. This Request for Admission No. 1 seeks the interpretation of medical notes and medical records by a person who does not have training, education or experience in the practice of medicine. Further, this Request for Admission seeks an admission or denial as to the content of a writing, Plaintiff's medical records, which do not require an admission or denial, as the medical records are document which clearly speak for themselves and this answering Defendant does not have the requisite knowledge, education, raining or experience necessary to form an opinion to refute the content of Plaintiff's medical records. Additionally, this Request for Admission is no proper under Fed. R. Civ. P. 26(a)(1), as this Request for Admission does not seek the admission of a fact, the application of law to a fact, or the opinions about either. Additionally, this Request for Admission is not relevant under Fed. R. Civ. P. 26(b)(1) as the subject of this Request for Admission, an admission as to the notations contained inn Plaintiff's medical record by a non-medical practitioner is not reasonably calculated to lead to the discovery of admissible evidence or likely to lead to the narrowing of the scope of issue and encourage judicial economy in this matter. Moreover, this answering Defendant is not authorized to access Plaintiff's medical records pursuant to NDOC Administrative Regulation 639. On this basis, this answering Defendant asserts no admission or denial is necessary, and on that basis deny.

(Doc. # 209-1 at 4.)

Requests Nos. 6, 7, 8, 11, 12 and 15 (Doc. # 209-1 at 5-12) similarly ask Defendant Rowley to provide his opinions not as to fact but more as to what constitute medical opinions. These requests are essentially arguments Plaintiff is making with respect to his case and a misuse of Rule 36. Further, even though the requests are improper under the Rule, the court finds Defendant Rowley's responses to be satisfactory. The Rule allows the propounding party to challenge the sufficiency of a response, not whether it is the response the questioner was seeking. *Foretich*, 151 F.R.D. at 5.

The court finds the Defendants' responses to Requests Nos. 1, 6, 7, 8, 11, 12 and 15 to be sufficient.

However, the court finds that Requests Nos. 9, 10 and 13 are appropriate for a Rule 36 request. (Doc. # 209-1.) These questions pertain more to facts than do the aforementioned requests. No. 9 asks about whether all extractions are "normally" video recorded and No. 10 whether all extractions are

16

"normally" the subject of still photographs. No. 13 inquires about whether, when inmates create disturbances, they are "normally" disciplined. (*Id*. at 7-10.)

Defendant Rowley takes exception to the use of the term "normally." Because the Plaintiff is a pro se inmate, the court finds it would have been reasonable for Defendant Rowley to interpret "normally" to also connote "typical" or "usual." Applying that interpretation to these requests (which the court recognizes could have been more artfully phrased), the court finds that Defendant Rowley should provide a more specific response to these three requests. Plaintiff is asking whether, based on Rowley's expertise, cell extractions are typically or usually video recorded (No. 9) or whether still photographs are taken (No. 10). Similarly, in Request No. 13, Plaintiff is asking, again in Defendant Rowley's experience, whether historically inmate misconduct, or more specifically, when an inmate tries to "hinder and/or prevent NDOC staff," whether disciplinary charges  typically or commonly result.

Defendant Rowley shall, within **fifteen (15) days** of the date of this Order, provide supplemental responses to Requests Nos. 9, 10 and 13.[10]

The court finds the Defendant's responses to the other disputed Requests to be sufficient.

### (b)  Hammock (Doc. # 189)

Many of the same infirmities which afflict Plaintiff's requests for admission to Rowley are found in those to Defendant Hammock. More specifically, Requests Nos. 5, 6, 7, 8, 9, 10, 11, 12, 13, 14 and 15 ask Defendant Hammock to interpret Plaintiff's medical records.  (Doc. # 212.) In addition to improperly seeking opinions as to his interpretation of medical records, Defendant Hammock does not have access to Plaintiff's medical records which would be necessary to even be able to make that determination in any event. (*Id.* at 4.) Defendant's responses to these requests are deemed sufficient.

Request No. 16, which pertains to whether Plaintiff asked to be "moved away from his cellmate at least three difference occasions," was answered by this Defendant as to what was within his knowledge. More specifically, he denied that Plaintiff made such a request to him personally. (*Id*. at 15.) What other correctional officers may or may not know is not something Defendant Hammock should

---

[10] The court is not exonerating Plaintiff from not completing his meet and confer obligations. The court is ordering these supplemental responses with respect to these three requests, in the interests of justice, to move this case along and because, out of all of Plaintiff's voluminous discovery requests, these three requests may actually have some relevance to Plaintiff's causes of action.

have to address.

Request No. 22 asks Defendant Hammock what Defendant Baker supposedly knew about excessive force being employed against Plaintiff, and Request No. 23 asks Defendant Hammock what he understood Defendant McDaniels knew about excessive force allegations. Use of requests for admissions in this fashion is improper. Defendant also satisfactorily answered Request No. 24 as to whether any investigation into Plaintiff's excessive force allegation was undertaken (he stated he was personally not aware of any such investigation). (*Id.* at 17.) He should not have to answer as to what other Nevada Department of Corrections (NDOC) personnel did or did not do with respect to any investigation.

Request No. 25 inquires into Defendant's opinion as to any injuries which might be caused if a shackled inmate were carried by chains. This is more opinion of hypothetical matters than an attempt to narrow facts. (*Id.* at 18.)

Request No. 27 asks whether any allegations of misbehavior were made about the Plaintiff. Hammock stated he was unaware of what other correctional officers may have alleged with regard to alleged misbehavior by Plaintiff but Hammock also stated he did not make any such allegations. The response is sufficient.

The response to Request No 28, about whether NDOC staff contended Plaintiff hindered them, is similarly sufficient in that Defendant says he personally did not know of any such contentions. (*Id.*) What other NDOC personnel may have contended about the implications of Plaintiff's actions is an inappropriate use of a request for admissions.

Defendant Hammock denied Request No. 31 which asked whether an administrative regulation (# 405.07) requires an escort to be video recorded. The answer (an unequivocal denial) is sufficient. (*Id.* at 20.) The response may not be what Plaintiff wanted, or perhaps even what the Administrative Regulation provides, but under Rule 36, the answer is sufficient.

Request No. 42, which solicits Defendant Hammock's opinions about possible tension among inmates, is not a request deemed proper under Rule 36. (*Id.* at 22.)

However, Request Nos. 36 and 37 (Doc. # 212 at 20-22) parallel Requests Nos. 9 and 10 to Defendant Rowley, i.e., whether in his experience he is aware of any practice of photographing (video

or still) cell extractions. The court rules similarly as to these two requests and Defendant Hammock shall supplement his response to Request Nos. 36 and 37 within **fifteen (15) days** of the date of this Order.

The court finds the Defendant's responses to the other disputed Requests to be sufficient.

### 3) Conclusion

Plaintiff's motions (Docs. # 176 and # 189) are **GRANTED in part** and **DENIED in part**.

Defendant Rowley shall provide supplemental responses to Requests Nos. 9, 10 and 13, and Defendant Hammock shall provide supplemental responses to Requests Nos. 36 and 37, within **fifteen (15) days** of the date of this Order. Otherwise, the Court finds these Defendants' responses to be sufficient.

### III.  Plaintiff's Supplement to 2nd Motion to Compel Discovery (Doc. # 177)

Before the court is Plaintiff's Supplement to his 2nd Motion to Compel Discovery. Defendants responded (Doc. # 210) and Plaintiff replied (Doc. # 226).

Although Plaintiff characterizes his filing as a "supplement" to an earlier motion, i.e., his "2nd Motion to Compel Discovery" (Doc. # 177 at 1), Plaintiff does not identify the CM/ECF document number assigned to his second motion to compel which Doc. # 177 is supposed to supplement. The court assumes, however, that Plaintiff is referring to Doc. # 161, Plaintiff's "Motion to Compel Discovery (2nd Request)." That motion, which was addressed and disposed of by the court at the February 14, 2014 discovery conference (Doc. # 219 at 2-5), actually pertained to Plaintiff's Interrogatories to Defendants Hammock and Rowley (Set 1) and his Interrogatories to Defendants' Baker and McDaniel (Set 2). (*Id.* at 2-5.)

Plaintiff's "supplement," however, pertains to <u>different</u> discovery, i.e., his Request for Production of Documents (6th Set) wherein he seeks to compel responses from Defendants to some 35± requests.[11] Plaintiff claimed in Doc. # 161, an earlier Group I motion, he "reserves his right to supplement and/or

---

[11] Neither Plaintiff nor Defendants attach a copy of the actual discovery responses to their filings. Plaintiff wrote out the requests and responses (Doc. # 177.) Defendants attach Hammock's Responses to Requests for <u>Admissions</u> (Doc. # 210, Exhibit A), a declaration of counsel (Exhibit B) and a Petition for a Writ of Habeas Corpus and related documents filed by Plaintiff in the Seventh Judicial District Court of the State of Nevada (Exhibit C). But Exhibit A is not the disputed discovery. However, the court was able to locate a copy of the actual requests for production which were attached to Defendants' response to Plaintiff's motion to extend discovery (Doc. # 154, Exhibit HH at Doc. #154-34). The court will rely on Plaintiff's handwritten recitation of the requests he made and Defendants' response. The court assumes Plaintiff's 6th Request for Production, and Defendants' Response, was made to–and on behalf of–all Defendants named in this action.

amend his motion to compel to include all other discovery requested in this case," (Doc. # 161 at 21.) He has no such "right." What he may do is to file a new motion to compel as to disputed discovery, which he has done. The present motion, however, is unrelated to those subjects in Doc. # 161 and is not a supplement to the earlier motion. Neither was any of the subject raised in the present motion discussed at the court's February 20, 2014, discovery conference. (Doc. # 219.)

Plaintiff's "supplement" (Doc. # 177) must be considered a separate motion. Accordingly the court will evaluate Doc. # 177 as another motion to compel.

### A. Compliance With the "Meet and Confer" Requirements

Once again the parties are at odds whether there has been satisfactory compliance with Local Rule 26-7. Plaintiff's supplement submits he discussed the discovery issues with counsel. (Doc. # 177 at 12). Defendants' counsel states that in between the brief period of time when Defendants served their responses to Plaintiff's 6th Set of Requests for Production on November 25, 2013, and when Plaintiff filed the "supplement" on December 1, 2013, "there is no record that Plaintiff made any effort as he represents to the court to meet and confer regarding this dispute. (Doc.# 210 at 6.)

Plaintiff counters by stating he had a personal conversation with Defendants' counsel on November 15, 2013, and had numerous prior discussions with counsel regarding their earlier discovery disputes. (Doc. # 226 at 2, 3.) Plaintiff contends insufficient time remained for him to specifically conduct another meet and confer on what had been extensively discussed with Defendants' counsel on other discovery disputes. (*Id.* at 3.)

Although Plaintiff's explanation of compliance with Local Rule 26-7 is less than anticipated by this Rule, the court will not invalidate Plaintiff's supplement (Doc. # 177) on meet and confer grounds.

### B. Evaluation of the Disputed Discovery Responses.

Request Nos. 1, 3 and 7:

The court has reviewed the extensive filings related to Plaintiff's 6th Request for Production. Plaintiff in these Requests seeks Transcripts of hearings of what presumably is related to a criminal prosecution as a result of the inmate fight which prompted the cell extraction which is the subject of this

litigation. These transcripts might provide relevant information pertaining to this case.[12]

Defendants contend Plaintiff has access to the transcripts he seeks in Requests Nos. 1, 3 and 7. Whether Plaintiff has access is not the standard; if Defendants have copies of the transcripts, they should be produced to Plaintiff.  However, if Plaintiff already has copies, as his Petition for Writ of Habeas Corpus suggests, then the court is not going to order unnecessary copying of presumably voluminous documents.

If Defendants have verifiable proof Plaintiff already has possession of the transcripts of the criminal trial which resulted from this cell extraction, then Defendants should produce a declaration to that effect. Absent such verification, Defendants should, within **fifteen (15) days** of the date of this Order, either produce copies of the transcripts to Plaintiff or make them available for his reasonable review of them.

Request Nos. 2, 4, 5 and 6:

These Request seek copies of "discovery" which was generated in Case CR 1008063. The court finds such a request in this matter to be beyond the scope of reasonable discovery. Fed. R. Civ. P. 26(b)(2)(C) allows the court to prohibit discovery which is unreasonably cumulative or duplicative. The court finds that Plaintiff's request for all discovery undertaken in the criminal case to be overbroad and outside the scope of bounds of reasonable discovery

Subsection (C) (iii) of Rule 26(b)(2) also allows the court to limit the extent of discovery where the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at sake in the action, and the importance of the discovery in resolving the issues. The court further finds that the discovery identified in Request Nos. 2, 3, 4 and 6 should be precluded as any benefit of such discovery, "considering the needs of the case" (and in light of the considerable other discovery already completed in this matter), is outweighed by any tangential relevance it may have.

The Remainder of Plaintiff's Requests for Production

Defendants argue that the numerous requests which follow those discussed above are the subject

---

[12] The Nevada Supreme Court sustained Plaintiff's conviction. (Doc. # 210, Exh. C at Doc. # 210-3 at 18.)

of "an agreement to defer these issues for resolution by the court." (Doc. # 210 at 13.) Plaintiff disagrees. (Doc. # 226 at 8.) Plaintiff's reply was filed on March 14, 2014, which was after the last discovery hearing of February 20, 2014. (Doc. # 219.) The court therefore assumes no agreement was in fact reached as to the remaining 21 requests and addresses the remaining twenty-four requests identified by Plaintiff in his motion to compel. (Doc. # 177 at 9-16.)[13]

Request No. 9:  Emails from CCS Weiss to any NDOC employee as it related to plaintiff from 1/1/09 to date with all responses.

Resolution:  Objection sustained. The request is overbroad. The request might be appropriate if the subject of the emails pertained to the subjects presented by this case, but it does not. Also, "CCS Weiss" is not a party to this action.

Request No. 10:  Emails from any other caseworker past or present at ESP to any other NDOC employee and/or person as it relates to Plaintiff from 1/1/09 to date with all responses.

Resolution:  Objection sustained. The request is overbroad. The request might be appropriate if the subject of the emails pertained to the subjects presented by this case, but it does not. The Defendants sued in this action are named individually. Neither "past or present caseworkers at ESP" or "other NDOC employee" are parties. These Defendants should not have to respond to the requested discovery.

Request No. 11:  Emails from ESP medical/mental health staff to any other NDOC employee as it relates to Plaintiff from 1/1/09 to date with all responses.

Resolution:  Objection sustained. The request is overbroad. It might be appropriate if the subject of the emails sought pertained to the subjects presented by this case, but it does not. The Defendants sued in this action are named individually. Neither "ESP medical/mental health staff" or "other NDOC employee" are parties, and Defendants should not have to respond to the requested discovery.

Request No. 12:  Emails from any NDOC employee to any other NDOC employee as it relates to Plaintiff from 1/1/09 to date with all responses.

Resolution:  Objection sustained for the same rationale expressed above as to Request # 10.

---

[13] The court has not set forth in full the text of either the Plaintiff's requests or the Defendant's responses, but instead has synthesized the relevant subject. The actual requests and responses may be found as set forth in Plaintiff's motion at Doc. # 177)

Request No. 13:  Documents that relate to the housing committee here at ESP as it pertains to Plaintiff from 1/1/09 to date with all responses.

Resolution:  Objection sustained. The request is overbroad. It might be appropriate if the subject of the housing committee documents pertained to the subjects presented by this case, but they do not. The Defendants sued in this action are named individually. The members of the "housing committee here at ESP" are not parties, Defendants should not have to respond to discovery relating to housing committee documents as they pertain to Plaintiff.

Request No. 14:  Electronically stored information (ESI) that pertains to plaintiff which was created and/or maintained in any NDOC computer system from 1/1/09 to date.

Resolution:  Objection sustained. The request is overbroad. Again, it might be appropriate if the ESI sought pertained to the issues presented by this case, but it does not. The request pertains to all ESI information which has been generated over the past four years. The Defendants sued in this action are named individually. NDOC is not a party. Defendants should not have to respond to discovery relating to the requested ESI.

Request No. 15:  Communication by an ESP employee to any other NDOC employee as it pertains to Plaintiff from 1/1/09 to date with all responses.

Resolution:  Objection sustained. The request is overbroad. The subject of this request might have some relevancy if the communication sought pertained to the subject matter presented by this case, but it does not. The Defendants sued in this action are named individually. "ESP employees" and "any other NDOC employee" are not parties; Defendants should not have to respond to discovery relating to the requested "communication"

Request No. 16:  Documents maintained and/or created in the office of the Inspector General of the NDOC as it pertains to the plaintiff from 1/1/09 to date.

Resolution:  Objection sustained. The request is overbroad. The Defendants sued in this action are named individually. The office of the Inspector General of the NDOC is not a party.  Defendants should not have to respond to discovery relating to the requested documents.

Request No. 18:  Deleted computer files as it relates to the plaintiff from 1/1/09 to date.

Resolution:  Objection sustained. The request is overbroad. It might be appropriate if the subject

23

of the deleted computer files pertained to the subject matter presented by this case, but it does not.

Request No. 19:  Document either electronically stored and/or maintained in hard copy that was/has been supplemented or otherwise edited as it relates to the plaintiff from 1/1/09 to date.

Resolution:  Objection sustained. The request is overbroad. Further, as with many of the above requests, the topic is not narrowed to any issue relating to Plaintiff's cell extraction.

Request No. 24:  Documents which will detail when each document produced throughout discovery in this case was created, edited or modified, etc.

Resolution:  Objection sustained. According to Defendants, "Plaintiff has propounded thirty-six separate sets of written discovery including more than 600 discovery requests." (Doc. # 210 at 6.) Defendants represent Plaintiff has served fourteen sets of requests for admissions totaling 209 separate requests to the Defendants (*id*.). The current dispute arises from Plaintiff's Sixth Set of Requests for Production, meaning it was preceded by five other sets. To require Defendants to identify when each document produced in discovery was "created, edited or modified" presents an unreasonable burden on Defendants and would likely generate, if at all, information of only remote marginal utility to this case.

Request No. 29:  Deleted emails made by any NDOC employee and/or contractor as it relates to plaintiff from 1/1/2009 to date.

Resolution:  Objection sustained. The request is overbroad. It might be appropriate if the subject of the deleted emails pertained to the subject matter presented by this case, but it does not. The Defendants sued in this action are named individually. Any "NDOC employee and/or contractor" are not parties, and Defendants should not have to respond to discovery relating to the requested deleted emails generated by any NDOC employees and/or contractor. See also the court's comments with respect to Request No. 19.

Request No. 30:  Documents which will show or tend to show when any ESI in any NDOC computer system were deleted and by who as it pertains to the plaintiff from 1/1/09 to present.

Resolution:  Objection sustained. The request is overbroad. It might be appropriate if the subject of the deleted ESI pertained to the issues presented by this case, but it does not. See also comments above, particularly Nos. 19 and 19.

Request No. 31:  Documents, communications and/or ESI relied on or referenced by the NDOC

when calculating and/or imposing restitution against the plaintiff.

Resolution:  Objection sustained. How any order of restitution imposed against Plaintiff was calculated is at best only tangentially related to this action. Plaintiff does not claim he has been damaged by any order of restitution. (Doc. # 112.)

Request No. 36:  Documents and/or ESI that show Deputy AG Michael Bongard's opinions, beliefs, and mental impressions as it relates to Case Nos. CR 1008063 and CR 1008062.

Resolution:  Objection sustained. This request for counsel's "opinions, beliefs and mental impressions" clearly invades counsel's work product and is not discoverable. *In re Grand Jury Subpoena (Mark Torf/Torf Int'l. Mgmt.)*, 357 F.3d 900, 907 (9th Cir. 2004).

Request No. 37:  Documents and/or ESI that show opinions, beliefs, and mental impressions by any employee and/or contractor with the AG's office as it relates to Case nos. CR 1008063 and CR 1008062.

Resolution:  Objection sustained for the same reasons expressed by the court as to No. 36.

Request No. 38:  Documents and/or ESI reflecting NDOC employee's and/or contractor's personal opinions/beliefs/mental impressions as to Case Nos. CR1008063, CR1008062 and plaintiff's claims in this case.

Resolution:  Objection sustained for the same reasons expressed by the court as to No. 36.

Request No. 39:  Documents and/or ESI that relates to plaintiff's request to move cells and/or change cellmates here at ESP from 1/1/09 to date.

Resolution:   Objection overruled. Defendants shall produce the requested documents.

Request No. 40:  Documents and/or ESI relating to plaintiff requesting a transfer to another facility within the NDOC from 1/1/09 to date.

Resolution:   Objection overruled. Defendants shall produce the requested documents.

Request No. 41:  Any and electronically stored information relating to plaintiff seeing a medical specialist and/or expert from 1/1/09 to date.

Resolution:  Objection sustained. Plaintiff may "kite" the warden's office to review his medical file. The court fails to recognize the relevance of documents regarding Plaintiff's request for additional medical care. None of Plaintiff's allegations arise out of an alleged denial of medical care which

constitutes these defendants or any of them were deliberately indifferent to a serious medical need.

Request No. 42:  A DVD copy of all use of force and/or cell extractions and subsequent escorts that have occurred at ESP since 1/1/2003.

Resolution:  Objection sustained. Besides imposing an unreasonable burden on the Defendants (ten years of cell extraction videos are covered by the request), what occurred during other cell extractions is irrelevant to what occurred during the cell extraction involving Plaintiff.

Request No. 43:  A DVD copy of all escorts that have occurred at ESP since 1/1/2003 where a video camera for any reason was used to film said escort.

Resolution:  Objection sustained for reasons similar as expressed in # 42 above. Besides imposing an unreasonable burden on the Defendants (ten years of escort videos are covered by the request), what occurred during other escorts is irrelevant to what occurred during the escort involving Plaintiff.

Request No. 44:  Training manuals, etc., referenced by NDOC employees on how to conduct a cell extraction, video tape said cell extraction, escort procedures and videotape of  restraints on an inmate and/or otherwise use force as defined by AR 405 and OP 405 against an inmate as such materials are used at both ESP and NDOC training academy, etc.

Resolution:  Objection sustained in part and overruled in part. The court interprets this request as seeking training materials or NDOC procedures for cell extractions which may possibly only be available to Defendants Baker and McDaniel. Unless these documents present legitimate concerns to Defendants Baker and McDaniel about security of officer and/or other safety issues, the materials requested appear relevant to Plaintiff's claim excessive force was allegedly employed during Plaintiff's cell extraction. The documents produced should pertain to 2009 policies and procedures. If Defendants believe these documents would present legitimate safety and security issues to NDOC operations which could not be overcome by a review of such documents in the Warden's Office, then, within **seven (7) days** of the date of this Order, Defendants shall file a memorandum of point and authorities explaining Defendants' position. Upon the filing of any such memorandum, production of these materials will be stayed until the court has had an opportunity to readdress this portion of the Order. Otherwise, Defendants shall make these materials available to Plaintiff within **fifteen (15) days** of the date of this

1   Order.

2          Request No. 45:  A transcribed or audio copy of Investigator Thompson's interview with inmate

3   Hubble concerning plaintiff pushing his emergency cell button and/or trying to get out of the cell and

4   away from inmate Hubble on 7/1/09 and 7/2/09.

5          Resolution:  Objection overruled. While this information might only be available to Defendants

6   Baker and McDaniel, this interview may contain information germane to this case. If the interview

7   contains confidential information an inmate should not possess in his cell, Defendants shall make the

8   interview available via a "kite" to the Warden's Office. Defendants shall make these materials available

9   to Plaintiff within **fifteen (15) days** of the date of this Order.

10         Plaintiff's (Doc. # 177) "Supplement to 2nd Motion to Compel Discovery" is **GRANTED in part**

11  **and DENIED in part** consistent with the analysis the court outlined above.

12  **IV.   Plaintiff's "Supplement to Motion to Compel" (Doc. # 186)**

13         The court next addresses Plaintiff's Supplement to Motion to Compel. (Doc. # 186.) Plaintiff

14  states by this filing he "supplements his motion to compel discovery before this Honorable Court" and

15  "incorporates all arguments, case law and authorities previously stated." (Id.) The problem which arises

16  initially with Plaintiff's motion is that Plaintiff has not identified which of his numerous prior motions

17  to compel this filing (Doc. # 186) is intended to supplement. Plaintiff states he attempted to meet and

18  confer with Defendants' counsel and references a letter submitted to Deputy Attorney General Fairbanks,

19  "see Exhibit 1"; however, no Exhibit 1 was attached to his motion.

20         While whatever underlying motion to compel Plaintiff was referring to is unknown, Plaintiff sets

21  forth the content of a Request for Production No. 3, which was apparently contained in Set 5, and

22  Defendants' response to this request. (Doc. # 186 at 2.). Plaintiff claims the Defendants' response to this

23  request merely reiterated Defendants' initial response and provided no new documents. He states "this

24  response is evasive and non-responsive." (*Id*. at 2.)

25         The Defendants' February 14, 2011 response (Doc. # 211) to Plaintiff's motion/supplement is no

26  more illuminating as to which underlying motion of the Plaintiff this document was supposed to be

27  supplementing. Be that as it may, Defendants state after a meet and confer with Plaintiff, the

28  Defendants have obtained "clarification" of the materials Plaintiff seeks via Request No. 3. Defendants

27

further state they "have agreed to supplement their responses to Plaintiff's Request for Production No. 3." (*Id*. at 2-3.)

The Defendants suggest the court should therefore defer ruling on this motion "until the Defendants supplementation is complete." (*Id*. at 2.) Defendants represent this dispute would be ultimately resolved and recommend the court order the parties "to submit a joint status report in thirty days to advise the Court as to any outstanding issues surrounding this discovery request and whether the need for additional briefing exists." (Doc. 211 at 3.)

Because Plaintiff's motion "supplement" would not have become ripe until Plaintiff filed a reply memorandum, the court would not have been aware of Defendants' suggestion about a possible court order for a status report. However, the court should not have to order the parties to file a status report regarding potential resolution of a discovery dispute. The parties–and particularly the Defendants–should have advised the court whether a particular discovery dispute still exists or whether, as appears to have been the case, the dispute has resolved.

Nevertheless, because of Defendants' representation the discovery dispute would be ultimately resolved (Doc. # 211 at 3), and because Plaintiff filed no reply memorandum challenging that assertion, the court concludes the parties have indeed resolved any dispute surrounding Request for Production No. 3, Set 5.

The relief sought in Plaintiff's Supplement to Motion (Doc. #186) is **DENIED as moot.**

**V.  Plaintiff's Motion for Sanctions (Doc. # 224)**

Plaintiff seeks sanctions against the Defendants because of their "baseless objections as it relates to DKT # 176, 177, 189 ..." (Doc. # 224 at 1.)

Defendants have opposed. (Doc. # 232.)  Defendants argue their responses to Plaintiff's Motions to Compel (# 209, # 210, # 212) reflect satisfactory compliance with Plaintiff's underlying discovery. Defendants also challenge Plaintiff's compliance with the meet and confer requirement of Local Rule 26-1. Defendants submit that Plaintiff's reliance on a meet and confer letter, which was mailed <u>before</u> Defendants' discovery responses were even served, is "disingenuous." (Doc. # 232 at 3.) Defendants contend no sanctions are appropriate or justified with respect to the disputed discovery.

Plaintiff has replied. (Doc. # 234.) He contends Defendants have cited little or no case authority

regarding when sanctions may be imposed.  Plaintiff also includes citation of multiple cases regarding when sanctions are appropriate.

This Order disposes the discovery disputes presented by Plaintiff's motions found in Docs.# 170, # 176, # 177, # 186 and # 189. As reflected above, certain components of the motions and the discovery pertaining to those motions were resolved in Plaintiff's favor. However, most were found adverse to Plaintiff. Plaintiff's motion to compel in # 170 was denied in its entirety and his motion in # 186 was denied as moot. Plaintiff's motions to compel # 176, # 177 and # 189 were granted in part, but by and large, the court sustained Defendants' objections with respect to the disputed discovery.

Fed. R. Civ. P. 37(a)(5)(C) addresses how a court should handle sanctions, of any, where the underlying discovery motion was granted in part and denied in part, as herein:

> If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard apportion the reasonable expenses for the motion.

The Ninth Circuit has held that the decision to deny sanctions is discretionary. In *Avery Dennison Corp. v. Allendale Mut. Ins. Co.*, 310 F.3d 1114 (2002), the Ninth Circuit noted even false responses to requests for admission (which were deemed to be of no substantial importance) did not necessitate sanctions. 310 F.3d at 1117-1118. Under such circumstances where the motion to compel is granted in part but also denied in part, the court may award expenses as it deems appropriate. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1313-14 (11th Cir. 2011).

The standard generally applied is whether a party's objections to discovery requests were "substantially justified." Rule 27(c)(1). In the present circumstances, although the court ruled in Plaintiff's favor herein as to certain aspects of his motions to compel, most of Defendants' objections were found to be "substantially justified" and therefore sustained.

In the exercise of its discretion, the court declines to order sanctions herein and Plaintiff's motion (Doc. # 224) is **DENIED**.

## CONCLUSION

1.     Plaintiff's Motion for Order Requiring Defendants to Accept and Answer Discovery Requests (Doc. # 170) concerns Plaintiff's Request for Production of Documents to Defendants (7th Set), Plaintiff's Request for Admissions (2nd Set) to Defendant McDaniel and Plaintiff's Request for

Production of Documents to Defendants (8th Request). Since the discovery was untimely, Plaintiff's motion (Doc. # 170) is **DENIED**.

2.      Plaintiff's Motion to Determine the Sufficiency and/or Objections to Requests for Admissions to Defendant Rowley (Doc. # 176) is **GRANTED in part and DENIED in part.** Defendant Rowley shall, within **fifteen (15) days** of the date of this Order, provide supplemental responses to Requests Nos. 9, 10 and 13 to Plaintiff's Fourth Set of Requests for Admissions to Defendant Rowley. Otherwise, the Court finds this Defendant's responses to be sufficient.

3.      Plaintiff's Motion to Determine the Sufficiency and/or Objections to Requests for Admissions to Defendant Hammock (Doc. # 189) is **GRANTED in part and DENIED in part.** Defendant Hammock shall within **fifteen (15) days** of the date of this Order supplement his responses to Request Nos. 36 and 37 to Plaintiff's Fourth Set of Requests for Admissions to Defendant Hammock. Otherwise, the Court finds this Defendant's responses to be sufficient.

4.      Plaintiff's Supplement to his 2nd Motion to Compel Discovery pertains to Plaintiff's Plaintiff's Request for Production of Documents (Set 6). (Doc. # 177.) Plaintiff's "Supplement to 2nd Motion to Compel Discovery" is **GRANTED in part and DENIED in part** as follows:

(a) Defendants' objections to Request Nos. 1, 3 and 7 are **OVERRULED.** If Defendants have copies of the transcripts, they should be produced to Plaintiff.  However, if Plaintiff already has copies, the court is not going to order unnecessary copying of presumably voluminous documents.  If Defendants have verifiable proof Plaintiff already has possession of the requested transcripts, then Defendants shall produce a declaration to that effect. Absent such verification, Defendants shall, within **fifteen (15) days** of the date of this Order, either produce copies of the transcripts to Plaintiff or make them available for his reasonable review of them.

(b) Defendants' objections as to  Request Nos. 2, 4, 5, 6, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19. 24, 29, 30, 31, 36, 37, 38, 41, 42, and 43 are **SUSTAINED.**

(c)  Defendants' objections to Request Nos. 39, 40 and 45 are **OVERRULED** and Defendants shall produce the requested documents within **fifteen (15) days** of the date of this Order.

1    (d) Defendants' objection to Request No. 44 is **SUSTAINED in part and OVERRULED**

2    **in part**. Defendants shall produce the requested documents which pertain to 2009 training

3    policies and NDOC procedures for cell extractions. If Defendants believe these documents would

4    present safety and security issues to NDOC operations which could not be overcome by a review

5    of such documents in the Warden's Office, then Defendants shall, within **seven (7) days** of the

6    date of this Order, file a memorandum of point and authorities explaining Defendants' position.

7    Upon the filing of any such memorandum, production of these materials will be stayed until the

8    court has had an opportunity to readdress the production of these materials. Otherwise,

9    Defendants shall make these materials available to Plaintiff within **fifteen (15) days** of the date

10   of this Order.

11   5.    Plaintiff's Supplement to Motion to Compel (Doc. # 186) is **DENIED as moot**.

12   6.    Plaintiff's Motion for Sanctions (Doc. # 224) is **DENIED.**

13   **IT IS SO ORDERED.**

14   DATED:   April 17, 2014

15

16   _____
     WILLIAM G. COBB
17   UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

31