UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHARLES MANLEY, | ) | 3:11-cv-00636-RCJ-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | May 16, 2014 |
| | ) | |
| ALAN ZIMMER, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT: THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   Katie Lynn Ogden   REPORTER:   FTR

COUNSEL FOR PLAINTIFF:  Charles Manley, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANTS:  Micheline N. Fairbank, Esq.

**MINUTES OF PROCEEDINGS:** Discovery Status Conference

10:36 a.m. Court convenes.

The court holds today's hearing to address two motions submitted by Plaintiff: "Motion for a Court Order Extending the NDOC Copywork Limit (3rd Request)" (Doc. # 242) and "Motion for Teleconference with Judge Cobb" (Doc. # 241). The court addresses the motions separately and further discusses discovery issues in this matter.

I. **"Motion for a Court Order Extending the NDOC Copywork Limit (3rd Request)" (Doc. # 242)**

The court inquires how many additional medical records, beyond any documents previously provided by the Nevada Department of Corrections ("NDOC"), Plaintiff still requires to file his opposition to Defendants' Motion for Summary Judgment (Doc. # 201). Plaintiff indicates there are potentially 20 additional medical pages he needs to copy. However, Plaintiff alleges, after submitting kites to review the records, he has not been provided the opportunity to review his medical file; therefore, he is uncertain the exact page numbers required for copy work. Overall, Plaintiff requests a $30.00 - $35.00 extension for copy work.

Plaintiff's "Motion for a Court Order Extending the NDOC Copywork Limit (3rd Request)" (Doc. # 242) is **GRANTED**. Plaintiff shall receive an extension of $30.00 to his copywork limit to be used in this case only.

MINUTES OF PROCEEDINGS
3:11-cv-00636-RCJ-WGC
Date: May 16, 2014
Page 2

**II.** **"Motion for a Teleconfrence with Judge Cobb" (Doc. # 241)**

There are two components to Plaintiff's "Motion for a Teleconfrence with Judge Cobb" (Doc. # 241). The first component of the motion requests a telephonic conference with Judge Cobb. The court granted and responded to the request by scheduling today's hearing (Doc. # 243). In its order (Doc. # 243), the court explains the intentions of holding an expedited hearing is "to resolve any remaining discovery issues as soon as possible and avoid further delay of this litigation."

The second component of Plaintiff's motion challenges the adequacy of Defendants' supplemental responses to discovery, which were filed pursuant to a court order addressing a discovery motion (Doc. # 236). The court ordered, in Doc. # 243, that the Defendants "file and serve a response to Plaintiff's motion addressing the substantive discovery issues asserted in the motion and submit copies of defendant Rowley's and defendant Hammock's supplemental discovery responses which Plaintiff complains." Defendants filed its response on May 13, 2014 (Doc. # 245).

After reviewing the Defendants' responses and having discussion with the parties regarding the adequacy and/or sufficiency of the responses, the court finds the following:

**Defendant Michael Rowley's First Supplemental Responses to Plaintiff's Interrogatories (Set 2) (Doc. # 245-1, Exhibit A)**

Interrogatory No. 8 and 9:

Defendant's responses are sufficient and compliant with court order (Doc. # 236). Defendant is not required to supplement his response to Plaintiff's discovery requests.

**Defendant Glen Hammock's First Supplemental Responses to Plaintiff's Interrogatories (Set #2) (Doc. # 245-2, Exhibit B)**

Interrogatory No. 8 and 9:

Defendant's responses are sufficient and compliant with court order (Doc. # 236). Defendant is not required to supplement his response to Plaintiff's discovery requests.

**Defendant Rowley's First Supplemental Responses to Plaintiff's Requests for Admissions (4th Set) (Doc. # 245-3, Exhibit C)**

MINUTES OF PROCEEDINGS
3:11-cv-00636-RCJ-WGC
Date: May 16, 2014
Page 3

---

**Request for Admission No. 9, 10 and 13**:

Defendant's responses are sufficient and compliant with court order (Doc. # 236). Defendant is not required to supplement his response to Plaintiff's discovery requests.

**Defendant Glen Hammock's First Supplemental Responses to Plaintiff's Requests for Admissions (4th Set) (Doc. # 245-4, Exhibit D)**

Request for Admission No. 36 and 37:

Defendant's responses are sufficient and compliant with court order (Doc. # 236). Defendant is not required to supplement his response to Plaintiff's discovery requests.

Therefore, the second component of Plaintiff's "Motion for a Teleconfrence with Judge Cobb" (Doc. # 241), challenging the sufficiency of the discovery responses, is **OVERRULED**.

**III.    Discussion Regarding Discovery Responses Submitted by Defendants**

Deputy Attorney General Micheline Fairbank represents that, pursuant to court order (Doc. # 236), Defendants timely responded to section 4(d) of the order with a redacted version of Operational Procedure ("OP") 405 as well as Administrative Regulation ("AR") 405. Ms. Fairbank states the relevant portions of the NDOC policies and procedures have been made available for Plaintiff's review in the warden's office.

Ms. Fairbank further indicates that the 2009 training materials the court has ordered the Defendants to produce were recently retrieved from archives. Ms. Fairbank explains certain documents regarding the use of force procedures appear to refer to a more recent version of the AR's; therefore, without certainty that the documents are responsive to Plaintiff's discovery requests, they have not been produced to Mr. Manley. Ms. Fairbank states she is in the process of clarifying with the institution whether those documents were utilized in 2009. Ms. Fairbank adds, in effort to timely comply with the court's order (Doc. # 236) to produce such material, Defendants mailed on May 2, 2014, "Defendants' Third Supplemental Response to Plaintiff's Request for Production of Documents (Set #6)," which either responds and/or explains the delay in responding to certain discovery requests.[1]

Mr. Manley indicates he has not received Defendants' document entitled "Defendants'

---

[1] The court briefly recesses from 11:01 a.m. - 11:07 a.m. to have Ms. Fairbank email the court a copy of "Defendants' Third Supplemental Response to Plaintiff's Request for Production of Documents (Set 6)." The court instructs the courtroom deputy to file the supplemental response as of May 16, 2014.

MINUTES OF PROCEEDINGS
3:11-cv-00636-RCJ-WGC
Date: May 16, 2014
Page 4

Third Supplemental Response to Plaintiff's Request for Production of Documents (Set # 6)." Mr. Manley explains the supplemental responses he has received include notice reports and defendant Rowley's and defendant Hammock's admissions and interrogatories.

The court will not specifically address Defendants' third supplemental responses because Plaintiff does not have a copy and, in light of Ms. Fairbank's representation, a fourth supplemental response will more than likely be filed early next week. However, after brief discussion regarding Request for Production of Documents No. 1, 3 and 7 in the third supplemental responses, the court requests, and Ms. Fairbank agrees, to revise and clarify the responses.

In light of the rapidly approaching dispositive motion(s) deadline, the court reiterates the importance and sense of urgency that needs to be present to bring finality to the discovery matters in this case. The warden's and medical office of Ely State Prison shall be advised of the urgency in these maters. The court directs Ms. Fairbank to immediately arrange and coordinate with the warden's office a time for Mr. Manley to review the documents submitted by the Defendants. Ms. Fairbank shall email a copy of "Defendants' Third Supplemental Response to Plaintiff's Request for Production of Documents," to the appropriate person at the institution and then have it delivered to Plaintiff so he has possession of the document during his review of documents. Additionally, Ms. Fairbank shall write a letter to Mr. Manley explaining and itemizing what has been produced in this case (i.e., what documents will he find in the warden's office, the date responses were produced, etc.). The letter shall be faxed or emailed to the warden today and delivered to Plaintiff immediately.

### IV.     Defendants' Waiver of Service During Summary Judgment Briefing

Ms. Fairbank represents that, for the limited purpose regarding the briefing as to Defendants' Summary Judgment (Doc. # 201) or any counter dispositive motion Plaintiff may file, Defendants are satisfied with the CM/ECF electronic copy they receive from the United States District Court, District of Nevada Clerk's Office. Therefore, Mr. Manley is not required to serve copies on Defendants of any counter motion or briefing related to Defendants' Motion for Summary Judgment.

**IT IS SO ORDERED.**

11:42 a.m. Court adjourns.

**MINUTES OF PROCEEDINGS**
3:11-cv-00636-RCJ-WGC
Date: May 16, 2014
Page 5

                                          LANCE S. WILSON, CLERK

                              By:          /s/        
                                   Katie Lynn Ogden, Deputy Clerk