**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

CHARLES MANLEY,  )
  )
      Plaintiffs,  )
  )    3:11-cv-00636-RCJ-WGC
  vs.  )
  )    **ORDER**
  )
STATE OF NEVADA et al.,  )
  )
      Defendants.  )
  )
  )

      This prisoner civil rights action arises out of injuries allegedly sustained during a cell extraction. (Compl., ECF No. 1-1, at 1). On September 1, 2011, Defendants removed the case from the Seventh Judicial District Court of the State of Nevada. (Notice of Removal, ECF No. 1). In the complaint, Plaintiff alleged that Defendant Zimmer failed to protect him from harm caused by his cellmate and that Defendants Hammock, Horsley, Manning, and Rowley used excessive force against him during a related cell extraction. (Compl., ECF No. 1, at 1). Pursuant to the Court's March 27, 2012 scheduling order, Plaintiff had until May 29, 2012 to join additional parties. (ECF No. 25). On May 17, 2013, Plaintiff moved to substitute Defendants Manning and Horsley with Issac Windsor and Carol Gardner. (Mot. Substitute, ECF No. 150). The Magistrate Judge denied the motion, explaining:

> As a result of certain supplemental discovery propounded on Plaintiff in March of 2013, Plaintiff indicates he has, for the first time, become aware of the participation of Issac Windsor and Carol Gardner during the cell extraction on July 2, 2009. Therefore, Plaintiff now seeks leave to substitute the names of Mr. Windsor and Ms. Gardner in place and stead of defendant Horsley and defendant Manning.
>
> Defendants contend that Ms. Gardner's identity was disclosed in August of 2012 and Mr. Windsor's identity was disclosed in March of 2013. Defendants believe plaintiff has known the identity of these individuals prior to him seeking

leave to amend the complaint and he should have included the names when he was permitted to file his amended complaint

The court finds there has been an unreasonable delay in Mr. Manley's request to substitute parties. In light of this delay, plaintiff's Motion to Substitute Two Defendants Pursuant to Rule 15(c) (Doc. # 150) is DENIED. The court notes it is also concerned with the procedure in which plaintiff used to seek the substitution of the parties and believe [*sic*] the appropriate mechanism would have been to seek leave to amend the complaint with an attached proposed amended complaint with the substituted names identified.

(Min. Order, ECF No. 206, at 3–5). Pursuant to Federal Rule 72(a), Plaintiff now objects to this order. (ECF No. 207). For the reasons stated below, this Court concludes that the magistrate judge did not err.

Rule 72(a) permits a district court judge to modify or set aside a magistrate judge's non-dispositive ruling that is clearly erroneous or contrary to law:

When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a); *see also* Local R. IB 3-1(a). "Under Rule 72(a), '[a] finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Burgie v. Euro Brokers, Inc.*, No. CV-05-0968-CPS-KAM, 2008 WL 4185701, at *6 (E.D.N.Y. Sept. 8, 2008) (quoting *Concrete Pipe and Prods., Inc. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 622 (1993)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.*

Here, Plaintiff contends that the magistrate judge's order is contrary to the plain language of Rule 15(c). Specifically, Plaintiff argues that under Rule 15(c), "the correct legal standard is whether the new defendants would suffer prejudice and had notice" and not "whether [Plaintiff] knew or if the substitution could have been brought sooner." (Objection, ECF No. 207, at 2). However, Plaintiff's reliance on Rule 15(c) is misplaced. Rule 15(c), entitled "Relation Back of Amendments," does not apply unless an amendment is proper in the first place.

Where, as here, Rule 15(a)(1) is inapplicable, Rule 15(a)(2) is the applicable basis for leave to amend. In relevant part, Rule 15(a)(2) provides the following: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2) (applicable where a party is not entitled to an amendment as a matter of course under Rule 15(a)(1)). In this case, the magistrate judge declined to grant leave under Rule 15(a)(2), finding "an unreasonable delay in [Plaintiff's] request to substitute parties." (Min. Order, ECF No. 206, at 3–5). In sum, Plaintiff was never granted leave to amend, and Rule 15(c), which deals with the relation back of proper amendments, is therefore inapplicable. Accordingly, the Court is without reason to disturb the magistrate judge's order, and the pending objection (ECF No. 207) is denied.

Finally, to the extent Plaintiff argues that "this court should certify the issue for appeal under 28 U.S.C. [§] 1292(b)," (*see* Objection, ECF No. 207, at 5), the Court disagrees, concluding that the instant dispute does not merit certification under § 1292(b)'s narrow exception to the final judgment rule, *see* 28 U.S.C. § 1292(b) ("When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the

ultimate termination of the litigation, he shall so state in writing in such order."); *see also Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) ("Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met."); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981) (A district court may certify an order for interlocutory appellate review under Section 1292(b) only if all of the following three requirements are met: (1) there is a controlling question of law; (2) there are substantial grounds for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation.). Other issues aside, there is simply no substantial ground for disagreement with respect to the defect in Plaintiff's Rule 15(c) argument. Accordingly, certification under § 1292(b) is improper.

## CONCLUSION

IT IS HEREBY ORDERED that the Objection (ECF No. 207) is DENIED.

IT IS SO ORDERED.

Dated: - July 23, 2014

_____
ROBERT C. JONES
United States District Judge