# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES MANLEY, | 3:11-cv-00636-RJC-WGC |
| Plaintiff, | **ORDER** |
| v. | Re: Doc. ## 251, 263, 258 |
| STATE OF NEVADA, et al., | |
| Defendants. | |

Before the court are three related motions, two filed by Plaintiff and the third by Defendants. The court ruled on all three motions during a hearing held on July 24, 2014, and this written order follows.

First, Plaintiff filed a Motion to hold Defendants' Counsel in Contempt and an Order Imposing Sanctions Against the Defendants. (Doc. #251.)[1] Defendants filed a response (Doc. # 257) to which Plaintiff replied. (Doc. # 264.)

Next, Plaintiff filed a Motion for Court Order Transcribing the May 16, 2014, Court Hearing (Doc. # 263), to which Defendants filed a response. (Doc. # 268.)

Finally, Defendants' filed a Motion to Seal Doc. # 257 Response to Motion, Exhibits B and D. (Doc. # 258.) No response has been filed.

For the reasons discussed below, Plaintiff's motions (Doc. ## 251 and 263) are **DENIED**, and Defendants' motion (Doc. # 258) is **GRANTED.**

///

///

///

///

---

[1] Refers to court's docket number.

# I. BACKGROUND

This is a prisoner civil rights action brought against Defendants pursuant to 42 U.S.C. § 1983 for injuries allegedly sustained during a cell extraction and the subsequent escort of Plaintiff from the housing unit to "visiting holding." (*See* Compl., Doc. # 1-2 at 1.)[2] On September 1, 2011, Defendants removed this action form the Seventh Judicial District Court of the State of Nevada. (*See* Notice of Removal, Doc. # 1.) At all times relevant to this action, Plaintiff was an inmate in the custody of Nevada Department of Corrections (NDOC), housed at Ely State Prison (ESP). In the complaint, Plaintiff alleged that Defendant Zimmer failed to protect him from harm caused by his cellmate, and that Defendants Hammock, Horsley, Manning, and Rowley used excessive force against him during a related subsequent escort. (Compl., Doc. # 1-2 at 1.)

The three current motions stem from two discovery orders issued by this court. First, on April 17, 2014, the court issued an order directing Defendants to supplement their responses to certain of Plaintiff's discovery requests, including Request Nos. 44 and 45, which are the subject of the present motions. (Doc. # 236 at 26-27.) Specifically, Defendants were ordered to produce certain materials pertaining to the 2009 NDOC policies and procedures for cell extraction, sought in Plaintiff's Request No. 44. (*Id.* at 26.) The court further ordered Defendants to produce an interview between investigator Thompson and inmate Hubble, sought in Plaintiff's Request No. 45. (*Id.* at 27.) The order provided that Defendants' supplemental responses were to be filed no later than May 2, 2014. (*Id.*)

Second, on May 16, 2014, the court held a discovery status conference (Doc. # 249) in order to "resolve any remaining discovery issues as soon as possible, and avoid further delay of this litigation." (*See* Minutes of Proceedings, Doc. # 249 at 2.) During the hearing, it was determined that Defendants had provided all supplemental responses they were ordered to produce (Doc. # 236), with the exception of Request Nos. 44 and 45. The court determined at

---

[2] There appears to be some inconsistency between the complaint (Doc. # 1-2), notice of removal (Doc. # 1), several orders, and statements made by Plaintiff during the July 24, 2014, court hearing on the instant motions whether Plaintiff alleges excessive force was used by Defendants during the cell extraction, subsequent escort, or both. However, the distinction is immaterial to the three motions under consideration in this order.

that all supplemental responses which were provided by the May 2 deadline were sufficient and complied with the court's order (Doc. # 236). (*Id.*)

Also during the May 16 hearing, with respect to Request No. 44, Defendants indicated that they had partially complied with the court's order regarding these materials by making the relevant portions of NDOC policies and procedures for cell extraction available to Plaintiff in the warden's office at ESP (Doc. # 249 at 3.) However, with respect to the 2009 training manuals for cell extraction also sought in Request No. 44, Defendants indicated that the documents had recently been retrieved from archives, and that they were currently in the process of clarifying which of the training materials retrieved were actually utilized in 2009. (*Id.*)

Defendants further stated at the hearing that, in attempt to fully comply with the court's order (Doc. # 236), they had mailed to Plaintiff "Defendants' Third Supplemental Response to Plaintiff's Request for Production of Documents" (Doc. # 250) on May 2, 2014. Defendants indicated that this document explained the reasons for their delay in producing the 2009 training manuals. (*See* Doc. # 250 at 6.)  However, Plaintiff stated at the hearing that as of May 16, he had not received nor had access to "Defendants' Third Supplemental Response."
(Doc. # 249 at 3.)

In response to the forgoing, the court issued the following instructions to Defendants during the May, 16, 2014 hearing:

> In light of the rapidly approaching dispositive motion(s) deadline [May 30, 2014], the court reiterates the importance and sense of urgency that needs to be present to bring finality to the discovery matters in this case. The warden's and medical office of Ely State Prison shall be advised of the urgency in these matters. The court directs Ms. Fairbank to *immediately* arrange and coordinate with the warden's office a time for Mr. Manley to review the documents submitted by the Defendants. Ms. Fairbank shall email a copy of "Defendants' Third Supplemental Response to Plaintiffs Request for Production of Documents" to the appropriate person at the institution and then have it delivered to Plaintiff so he has possession of the documents during his review of the documents. Additionally, Ms. Fairbank shall write a letter to Mr. Manley explaining and itemizing what has been produced in this case (i.e., what documents will he find in the warden's office, the date responses were produced, etc.). The letter shall be faxed or emailed to the warden *today* and delivered to Plaintiff *immediately*.

*See* Minutes of Proceedings, Doc. # 249 at 4, ¶ 2; (emphasis added).

**A. Plaintiff's Motion for Contempt and Sanctions (Doc. # 251)**

In his motion, Plaintiff argues that contempt sanctions are warranted for Defendants' failure to follow the discovery orders contained in Doc. ## 236, 249. Specifically, Plaintiff contends that Defendants have failed to produce the 2009 NDOC training manuals sought in Request No. 44, and that they also failed to produce the interview with inmate Hubble sought in Request No. 45. Plaintiff contends that Defendants' failure to produce these documents by May 2, 2014, puts them in violation of the court's April 17 order (Doc. # 236). Plaintiff further alleges Defendants failed to comply with the court's subsequent instructions from the May 16, 2014, hearing, during which Plaintiff contends Defendants were ordered to produce both of these documents "immediately." (*See* Doc. # 249.)[3]

Plaintiff states that he has been "prejudiced" by his lack of access to these materials while preparing his cross motion for summary judgment. Plaintiff argues that he had not received these materials as of May 26, 2014, on which date he was apparently required to mail his motion in order to meet the May 30, 2014, deadline. (*See* Doc. # 251 at 13.) Plaintiff further alleges that Defendants intentionally ignored the court's orders to produce these materials solely because they did not want Plaintiff to have access to information sought in Request Nos. 44 and 45.

Consequently, Plaintiff seeks an order pursuant to Rule 37(b)(2)(A)(vii), treating Defendants' alleged failure to comply with the discovery orders as contempt, and imposing sanctions against in the amount of $500 to be paid to the court, and $200 to be paid to Plaintiff.

In their response (Doc. # 257), Defendants contend that there has been no contemptible conduct because they have substantially complied with the court's April 17, 2014 order. (Doc. # 236.) Defendants cite several events as support for this assertion: (1) Plaintiff was provided with "Defendants' Second Supplemental Response" on May 2, 2014, which contained

---

[3] As discussed infra, it was revealed at the motion hearing that Plaintiff did in fact receive "Defendants Third Supp. Response" on May 16, as ordered by the court. It appears that Plaintiff erroneously believed this document was supposed to include the 2009 training materials. However, the minutes of proceedings (Doc. # 249) indicate Defendants were still working on producing this item, and the document the court ordered Defendants to produce that same day was their explanation for the delay in producing the 2009 training materials – "Defendants Third Supp. Response" – and not the actual 2009 training materials. It was not the court's intention that the 2009 training materials were to be produced "immediately."

- 4 -

most of the documents sought in Request No. 44; (2) Defendants also mailed to Plaintiff on May 2, 2014, "Defendants' Third Supplemental Response," which contained an explanation for Defendants' delay in producing the reaming materials sought in Request No. 44 (the 2009 NDOC training manual); and (3) the 2009 training materials for cell extraction, along with all other supplemental responses previously produced, were personally served and mailed to Plaintiff at ESP on May 28, 2014, as "Defendants' Fourth Supplemental Response." (*See* Doc. # 257, Exh. A at 6, Exh. B.) Defendants contend that Plaintiff has not been prejudiced by their delay because he now has all of the materials Defendants were ordered to produce in Doc. # 236.

In his reply (Doc. # 264), Plaintiff acknowledged receipt of all discovery materials sought in Request No. 44. Nonetheless, Plaintiff reiterates the same arguments asserted in his motion. In addition, Plaintiff argues that despite the materials received on May 28, it would be "unfair to force Mr. Manley to file supplemental briefings" while allowing the Defendants to supposedly escape sanctions. Essentially, Plaintiff contends that in the interest of fairness, the court should impose contempt sanctions on Defendants for their delay, rather than grant Plaintiff leave to file supplemental briefing on his dispositive motions.[4]

On July 24, 2014, the court held a hearing on Plaintiff's motion (Doc. # 251). At the hearing, Defendants stated that on May 16, 2014, they emailed to ESP "Defendants' Third Supplemental Response" along with a description of all materials Plaintiff would find in the Warden's office, in compliance with the court's order (Doc. # 249). Plaintiff indicated that he received those documents the same day. Though it is not entirely clear, it appears that Plaintiff believed the courts May 16 order directed Defendants to produce to Plaintiff the 2009 training materials that same day.

Also during the hearing, Defendants addressed the portion of the courts May 16 order

---

[4] On July 9, 2014, the court issued a Minute Order (Doc. # 265) setting new dispositive motion deadlines in order to allow the parties to address any additional issues presented by the discovery materials produced by Defendants on May 28, 2014. Plaintiff was granted up to and including July 25, 2014 to supplement his Opposition to Defendants' Motion for Summary Judgment and Cross Motion for Summary Judgment (Doc. ## 253, 254). Defendants' deadline to file their singular reply in support of their motion and response to Plaintiff's cross motion for summary judgment was extended up to and including August 8, 2014.

1  directing them to produce all materials relating to 2009 cell extractions as soon as possible.
2  Defendants stated that while some of these materials were emailed to ESP on May 16, it had
3  taken them longer than anticipated to compile the cell extraction training materials actually used
4  in 2009, but that they were personally served upon Plaintiff on May 28, 2014.
5  (*See* Doc. # 258, Exh. D.) However, Plaintiff stated that he had not received any material relating
6  to cell extraction until May 28.

**B.  Plaintiff's Motion for Order Transcribing the May 16, 2014, Hearing (Doc. # 263)**

In his second motion, Plaintiff requests the production of a transcript of the May 16, 2014, discovery status conference (Doc. # 249). While Plaintiff does not specify in his motion which party should pay the cost of production, he indicated at the July 24, 2014, motion hearing that Defendants should bear the expense.

Plaintiff seeks the production of this transcript to support his motion for contempt and sanctions against Defendants (Doc. #251). Plaintiff states that the transcript should be produced "so that this court can properly rule on [Plaintiff's] contempt motion." (Doc. # 263 at 2.) Specifically, Plaintiff asserts the transcript would show that Defendants' counsel (Ms. Fairbanks) did not comply with the court's May 16, 2014, instructions regarding Plaintiff's access to "Defendants' Third Supplemental Response." Plaintiff argues that "a copy of the transcript would prove beyond a reasonable doubt that Ms. Fairbanks should be held in contempt and that discovery sanctions are required to prevent any further delay in this action." (*Id.*)

In their response (Doc. # 268), Defendants dispute the basis for Plaintiff's request. They contend that Plaintiff has other procedures available to him through which he may request the transcript without a court order. Specifically, Defendants argue that Plaintiff may order a transcript from the court at his own expense using a form AO 435. Additionally, Defendants argue that a transcript of the proceedings is unnecessary because the minutes of the May 16, 2014, hearing (Doc. # 249) are sufficiently detailed, and accurately reflect the court's instructions to Defendants.

///

///

**C. Defendants Motion to Seal Doc. # 257 Response, Exhibits B and D (Doc. #258)**

In their motion (Doc. # 257), Defendants request to seal two exhibits filed in support of Defendants' response (Doc. # 257) to Plaintiff's motion for contempt and sanctions (Doc. # 251). Defendants assert that Exhibits B and D are confidential records, which have been made available for Plaintiff to view in the warden's office at ESP, but which should not be made available to Plaintiff for retention or access on his person within ESP.

At the July 24, 2014, hearing, Defendants represented that Exhibit D contains the operating procedures for the use of force in inmate escort and cell extraction, and that Exhibit B contains the 2009 training manual for cell extraction and inmate escort. Defendants contend that, because both of these documents contain information regarding use of force training at NDOC facilities, the information is confidential and should thus be filed under seal.

Also during the hearing, Defendants indicated that because the court's April 17 order (Doc. # 236) only required their production of materials related to cell extraction, some of the information originally contained in the documents was redacted prior to their being filed as Exhibits B and D. However, Defendants further indicated that no information relating to the use of force procedures was redacted from either exhibit.

## II. DISCUSSION

**A. Plaintiff's Motion for Contempt and Sanctions (Doc. # 251)**

Federal Rule of Civil Procedure 37 provides that if a party fails to obey an order to provide discovery, the court may issue further orders which may include treating such failure as contempt. Fed. R. Civ. P. 37(b)(2)(A)(vii). Rule 37 provides for civil contempt instead of, or in addition to, other sanction. *Lamar Fin. Corp. v. Adams*, 918 F.2d 564, 567 (5th Cir. 1990).

An order of civil contempt is characterized by the courts desire to compel a party's obedience to a specific and definite court order, after that party has failed to take all reasonable steps within the party's power to comply. *Go-Video, Inc. v. Motion Picture Ass'n of America*, 10 F.3d 693, 695 (9th Cir. 1993); *see also Falstaff Brewing Corp. v Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983). Civil contempt is also characterized by the court's desire to "compensate the contemnor's adversary for the injuries which resulted from noncompliance." *Id.*

While contempt "need not be willful," a party should not be held in contempt if their actions "appear to be based on good faith and a reasonable interpretation of the court's order." *In re Dual-Deck Video Cassette Recorder Antitrust Litigation*, 10 F.3d 693, 695 (9th Cir. 1993) quoting *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982); *see also In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1363 (9th Cir. 1987). "Substantial compliance with the courts order is a defense to civil contempt, and is not vitiated by a 'few technical violations' where every reasonably effort has been made to comply." *Id.* (quoting *Vertex Distrib.* 689 F.2d at 891); *see also General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1378-79 (9th Cir. 1986). The party alleging civil contempt "bears the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *Federal Trade Comm'n v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999)(citation omitted); *see also Federal Trade Comm'n v. Enforma *532 Natural Prods., Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004). If the moving party can meet this standard, the burden then shifts to contemnors to demonstrate why they were unable to comply. *Id.*

While it is clear that Defendants have caused some delay in the discovery stage of this case, Plaintiff has failed to demonstrate by clear and convincing evidence that under a reasonable interpretation of the court's discovery orders, Defendants did not substantially comply with the orders. In addition, the court is not convinced that Plaintiff has suffered any injury or prejudice as a result of Defendants' delay.[5]

Plaintiff contends in his motion that Defendants purposely withheld the 2009 training materials and interview with inmate Hubble "because it would be unfavorable to them." (Doc. # 251.) However, Plaintiff simply provides no support for the allegation that Defendants' delay in producing these items was intentional or otherwise the product of bad faith. Indeed, the only evidence available in the record points to the contrary. (*See* Doc. ## 249, 250 at 6, 257.)

Moreover, Defendants appear to have made a reasonable effort to comply with the court's

---

[5] Any prejudice Plaintiff may have suffered as a consequence of receiving "Defendants' Fourth Supplemental Response" on May 28, two days after mailing his dispositive motions (Doc. ## 253, 254), was mitigated by the court's July 9, 2014, minute order (Doc. # 265) granting Plaintiff up to and including July 25, 2014, to supplement his dispositive motions.

1    discovery orders (Doc. ## 236, 249). Regarding the April 17 order (Doc. # 236), Defendants
2    mailed to Plaintiff on May 2 their supplemental responses to all but two (Nos. 44 and 45) of the
3    requests they were directed to supplement, and the court subsequently found these responses
4    sufficient and compliant with the court order. (Doc. # 249 at 2-3.) With respect to the 2009
5    training materials sought in Request No. 44, Defendants also mailed to Plaintiff on May 2 an
6    explanation for the delay in producing these materials. (*See* Doc. # 250 at 6.)

7         In addition, Defendants made good faith efforts to comply with the court's instructions
8    form the May 16 status conference (Doc. # 249). During the July 24, 2014, motion hearing,
9    Defendants stated that they emailed "Defendants' Third Supplemental Response" to ESP on
10   May 16, in compliance with the court's instructions (Doc. # 249). Plaintiff indicated that he
11   received access to the document that same day.

12        Further, while Defendants did not provide Plaintiff with the remaining 2009 training
13   materials as soon as anticipated following the May 16 hearing, they were nonetheless provided
14   on May 28, 2014, and Plaintiff acknowledged their receipt both in his reply (Doc. # 264) and at
15   the July 24 motion hearing. Finally, with respect to the interview with inmate Hubble sought in
16   Request No. 45, Defendants clearly indicated in their response (Doc. # 258) and at the motion
17   hearing that they attempted to locate this document, but that to their knowledge it does not exist.
18   (*See* Doc. # 258, Exh. F.)

19        Thus, with the exception of the 2009 training materials which were provided late, all
20   other discoverable items order to be produced were timely provided to Plaintiff, and Defendants
21   appear to have complied with the courts May 16 instructions. Accordingly, the court finds that
22   Defendants substantially complied with the court's discovery orders (Doc. ## 236, 249). This
23   finding alone is provides sufficient reason to deny Plaintiff's motion (Doc. # 251).[6]

24        The court also notes, however, that any prejudice Plaintiff may have claimed as the result
25   of Defendants' delay have largely become moot in light of the court's July 9, 2014, Minute
26   Order. (Doc. # 265.) Specifically, upon learning from his motion (Doc. # 251) that Plaintiff may

---

[6] *NLRB v. A-Plus Roofing, Inc.*, 39 F.3d 1410, 1418 (9th Cir. 1994) ("substantial compliance purges civil contempt.")

not have received all discovery materials prior to mailing his dispositive motions on May 26, the court *sua sponte* issued a minute order allowing Plaintiff until July 25, 2014, to supplement his dispositive motions (Doc. ## 253, 254). (Doc. # 265.) Plaintiff was thus provided ample time to utilize the 2009 training materials he received on May 28, thereby mitigating any potential prejudice he may otherwise have been able to claim.

Finally, even if Defendants' conduct warranted an order of contempt, the sanctions Plaintiff seeks would nonetheless be inappropriate. Compensatory sanctions must be based upon evidence of Plaintiff's actual loss, sustained "as a result of the contumacy." *General Signal Corp. v. Donallco, Inc.* 787 F.2d 1376, 1380 (9th Cir. 1986). Here, Plaintiff seeks $200 payable to himself, yet offers no evidence that he suffered an actual loss of $200. In addition, Plaintiff indicated during the motion hearing that the only loss he anticipated as a result of Defendants' delay were printing and/or copying costs associated with preparing a supplemental brief to his dispositive motions, which he estimated to be around $26. As the court stated during the hearing, Plaintiff may seek reimbursement from Defendants for these costs if he ultimately prevails in this action.

For the forgoing reasons, the court finds that Defendants have substantially complied with a reasonable interpretation of the courts discovery orders (Doc. ## 236, 249). The court also finds that Plaintiff has suffered no prejudice or injury as the result of Defendants' delay in producing the 2009 training materials. Accordingly, in exercise of its discretion, the court finds that Defendants' counsel cannot properly be held in contempt, and it would be inappropriate under Rule 37 to impose sanctions against Defendants.

**B. Plaintiff's Motion for Transcript (Doc. # 263)**

Plaintiff presents no authority for the court to order production of the transcript from the May 16, 2014, hearing at Defendants' expense. The court has discretion to order production of a transcript at the governments expense where the appellant, appealing *in forma pauperis*, can

1  demonstrate that the appeal is non frivolous and presents a "substantial question." [7] However,
2  this discretionary authority is inapplicable to Plaintiff's request. Here, Plaintiff seeks production
3  of a transcript to support another one of his motions (Doc. # 251) currently before this court, not
4  to assist in an appeal. In addition, even if Plaintiff's request were otherwise appropriate, he has
5  failed to demonstrate why the transcript is necessary for proper disposition of his motion (Doc.
6  # 251), which leads to the second reason for denying Plaintiff's request.

7  Plaintiff contends that production of the transcript will assist the court in ruling on his
8  motion (Doc. # 251) by allowing the court to see exactly what it's instructions were to
9  Defendants during the May 16, 2014, hearing (Doc. # 249). In the court's view, the five page
10 Minutes of Proceedings from the May 16 hearing more than adequately address the instructions
11 given to Defendants. (Doc. # 251). (*See* Doc. # 249 at 4, ¶ 2.)

12 For the reasons stated, the court finds that it lacks authority under the circumstances to
13 order production of the transcript Plaintiff seeks at Defendants' expense. The court also finds
14 that a transcript of the proceedings is wholly unnecessary for proper disposition of Plaintiff's
15 motion for contempt and sanctions (Doc. # 251). Accordingly, if Plaintiff wishes to obtain a copy
16 of the transcript from the court's May 16, 2014, hearing, he may do so at his own expense by
17 submitting a from AO 435, along with the applicable fee.

18 **C.  Defendants' Motion to Seal Exhibits (Doc. # 258)**

19 Historically, courts have recognized a general right to inspect and copy public records
20 and documents, including judicial records and documents." *See Kamakana v. City and County of*
21 *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)(internal quotation marks and citation omitted).
22 Documents that have been traditionally kept secret, including grand jury transcripts and warrant
23 materials in a pre-indictment investigation, come within an exception to the general right of
24 public access. *See id.* Otherwise, "a strong presumption in favor of access is the starting point."
25 *Id.* (Internal quotation marks and citation omitted).  "[T]he usual presumption of the public's

---

[7] Fees for transcripts furnished outside of criminal proceedings or habeas petitions to persons appealing *in forma pauperis*, "shall … be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question." 28 U.S.C. § 753(f); *See also Randle v. Franklin*, slip copy, 2012 WL 201757 (E.D. Cal. January 23, 2012) at *2 ("the appellant has the burden to demonstrate nonfrivolity and substantiality of the claims.")

right of access is rebutted" in two situations: discovery and in resolving nondispositive motions. *Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 679 n. 6 (9th Cir. 2010)(internal quotation marks and citation omitted).  In these situations, a less exacting "good cause" standard is applied. *Id.*

A motion to seal documents that are not part of the judicial record, such as "private materials unearthed during discovery," is governed by Federal Rule of Civil Procedure 26(c), which provides that a trial court may grant a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* at 678. As the Ninth Circuit explained, "[t]he relevant standard for purposes of Rule 26(c) is whether 'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Id.* (internal quotation marks and citation omitted).

Here, Plaintiff's motion for contempt and sanctions (Doc. # 251), in response to which Defendants filed the instant exhibits, is not "dispositive" of Plaintiff's case. In addition, the documents contained in Exhibit B and D are traditionally kept confidential, and were 'unearthed' only in the discovery phase of this litigation. Accordingly, "good cause" appears to be the appropriate standard by which to evaluate the instant motion (Doc. # 258.)

Defendants' motion (Doc. # 258) was filed in connection with two exhibits produced for Plaintiff's review in the warden's office at ESP, pursuant to Request for Production No. 44, and the court's April 17 order (Doc. # 236).  (*See* Doc # 257, Exh. B and D.) Defendants seek to file these documents under seal to preserve their confidential nature, and prevent Plaintiff from gaining personal access to them outside of the Warden's office. Defendants represent that these documents are generally confidential, and that they are not otherwise available in the public records or for NDOC inmates to view.  As such, Defendants contend "good cause" exists to seal these exhibits. The court agrees.

Exhibits B and D consist of confidential NDOC administrative regulation, procedures, and training materials regarding the use of force in cell extraction and inmate escorts. The court recognizes the potential safety risks to NDOC personnel and their ability to control the inmate

1 population if these materials were made available to the public or accessible to NDOC inmates.

2       Balancing the need for the public's access to this information against the need to maintain
3 confidentiality of these materials weighs in favor of sealing the exhibits. The fact that these
4 materials were not made available to the general public or inmate population prior to their
5 production in discovery further tips the scale in favor of granting Defendants' motion. (Doc.
6 # 58.) Accordingly, good cause exists to seal the documents contained in Exhibits B and D filed
7 in support of Defendants' response (Doc. # 257) to Plaintiff's motion (Doc. # 251.)

8       In accordance with the findings set out in this order, the court rules as follows:

9       1. Plaintiff's Motion to Hold Defendants' Counsel in Contempt and an Order
10          Imposing Sanctions Against the Defendants (Doc. #251) is **DENIED**;

11       2. Plaintiff's Motion for Order Transcribing the May 16, 2014, Court Hearing (Doc.
12          # 263) is **DENIED**; and

13       3. Defendants' Motion to Seal Doc. # 257 Response to Motion, Exhibits B and D
14          (Doc. # 258) is **GRANTED**.

16 **IT IS SO ORDERED**.

18 DATED: August 4, 2014.

                               _____
19                                WILLIAM G. COBB
                               UNITED STATES MAGISTRATE JUDGE