1

2

3

4                            **UNITED STATES DISTRICT COURT**

5                                 **DISTRICT OF NEVADA**

6    CHARLES MANLEY,                          )
                                              )
7                    Plaintiff,               )              3:11-cv-00636-RCJ-WGC
                                              )
          vs.                                 )
8                                             )                    **ORDER**
                                              )
9    ALAN ZIMMER, *et al.*,                   )
                                              )
10                   Defendants.              )
                                              )
11   _____       )

12        Plaintiff filed four motions (ECF Nos. 223, 240, 262, 276) asking the Court to reconsider

13   various discovery rulings made by the magistrate judge.  For the reasons set forth below,

14   Plaintiff's motions are DENIED.

15   **I.      PROCEDURAL HISTORY AND FACTS**

16        At all times relevant to Plaintiff's complaint, he was an inmate being held by the Nevada

17   Department of Corrections ("NDOC") and housed at the Ely State Prison.  On July 22, 2011,

18   Plaintiff filed suit in White Pine County, Nevada claiming that Defendants were responsible for

19   failing to protect Plaintiff and for using excessive force on Plaintiff as he was transferred to a

20   different cell following a fight with another inmate. (Compl. 1, ECF No. 1 Ex. 1).  Defendants

21   then removed the case to this Court. (Notice of Removal, ECF No. 1).  The parties have

22   experienced a number of discovery disputes over which the magistrate judge has ruled.

23   Specifically at issue here are the magistrate judge's orders dated February 20, 2014 ("February

24

                                                 1

1   Order"), April 17, 2014 ("April Order"), June 13, 2014 ("June Order"), and August 4, 2014

2   ("August Order").

3        **A.  February Order**

4        The February Order dealt with Plaintiff's Motion to Compel (ECF No. 161) and his

5   Motion to Determine the Sufficiency of the Defendants' Answer (ECF No. 163).  The Motion to

6   Compel asserted that Defendants should be ordered by the Court to provide information and

7   documentation regarding their insurance policies, sources of income, financial debt, and assets.

8   (Pl.'s Mot. to Compel 5–7, ECF No. 161).  Plaintiff argued that Defendants' financial

9   information was relevant as well as discoverable under Nev. Rev. Stat. 41.0349. (Reply to

10  Defs.'s Opp'n to Pl.'s Mot. to Compel 3–4, ECF No. 188).  The magistrate denied Plaintiff's

11  Motion as to each of these requests and also found Nev. Rev. Stat. 41.0349 to be inapplicable to

12  the parties' dispute. (Feb. 20, 2014 Mins. of Proceedings 2, ECF No. 219).  The magistrate judge

13  stated that if Plaintiff successfully demonstrated *prima facie* evidence of a punitive damage

14  claim, he would revisit the ruling regarding Defendants' assets. (*Id.*).

15       The magistrate judge next considered interrogatories that were served on Defendant

16  Baker.  The first interrogatory sought all instances in which Defendants had used "force" since

17  January 2003 (Pl.'s Mot. to Compel 8).  The magistrate judge found this request to be unduly

18  burdensome because it would require a review of close to 1000 incident reports. (Feb. 20, 2014

19  Mins. of Proceedings 3).  The magistrate judge also ruled that the responses were duplicative of

20  what had previously been requested or irrelevant. (*Id.* at 3).  Other interrogatories sought

21  information regarding medical documents, medical insurance policies, and documents

22  maintained by the Inspector General. (Pl.'s Mot. to Compel 10).  In these instances, the

23  magistrate judge ruled that Plaintiff either had equal access to the documents through appropriate

24

1    NDOC procedures or that Defendant Baker did not have authorization to access the records.

2    (Feb. 20, 2014 Mins. of Proceedings 3–4).  Finally, the magistrate judge denied Plaintiff's

3    request that Defendants Baker and McDaniel make certain admissions as to Plaintiff's medical

4    records. (*Id.* at 5).  The magistrate judge determined that even if these defendants had access to

5    the records, it would be inappropriate to require them to interpret the records. (*Id.*).  Thus, the

6    Defendants were not required to supplement their responses to Plaintiff's previous requests for

7    admission. (*Id.*).

8         **B.  April Order**

9         The April Order dealt in part with whether Plaintiff's Motion for Order Requiring

10   Defendants to Accept and Answer Discovery Requests (ECF No. 170) should be granted.  The

11   issue was whether the magistrate judge should compel Defendants to respond to Plaintiff's

12   seventh and eighth sets of Requests for the Production of Documents. (Apr. 17, 2014 Order 7,

13   ECF No. 236).  The seventh set was given to Defendants' counsel on November 15, 2013 and the

14   eighth set was mailed on November 20, 2013 (*Id.*).  Plaintiff argued that since his requests were

15   made prior to the November 27, 2013 discovery cut-off deadline, Defendants were compelled to

16   answer by that deadline. (Pl.'s Mot. for Order Requiring Defs. to Accept and Answer Disc.

17   Reqs. 3).  The magistrate judge pointed out that the rule of the District is that written discovery

18   requests must be made thirty days prior to the discovery deadline so that the opposing party has

19   sufficient time to respond. (Apr. 17, 2014 Order 8).  Nevertheless, the magistrate judge

20   considered the totality of the circumstances surrounding the requests before making his ruling.

21        The magistrate judge determined that certain requests pertaining to depositions taken

22   during a lawsuit against Defendant McDaniel in 2000, an interoffice memorandum relating to

23   NDOC administration regulations, and the make and model of the prison's audio visual cameras

24

1    were all of "questionable relevance." (*Id.* at 11–12).  The magistrate judge also noted that if

2    discovery were allowed to proceed with these additional sets, it would delay the Court from

3    proceeding with dispositive motions. (*Id.* at 12).  By weighing the relevancy and inevitable delay

4    with the burden that compelling additional answers would place on Defendants, and considering

5    the extensive discovery that had already taken place, the magistrate judge ruled in his discretion

6    that precluding the discovery sought in the seventh and eighth sets "would not unduly restrict the

7    truth-seeking function imposed on this court." (*Id.*).

8    **C.  June Order**

9    In his June Order, the magistrate judge granted Defendants' motion for an extension of

10   time to file a reply to Plaintiff's opposition to Defendants' Motion for Summary Judgment. (Jun.

11   13, 2014 Mins. of Proceedings 2, ECF No. 261).  The Court extended Defendants deadline to

12   July 15, 2014 due to the extensive nature of Plaintiff's opposition and cross motion. (*Id.*)

13   **D.  August Order**

14   The August Order dealt with two motions made by Plaintiff, a Motion to Hold

15   Defendants' Counsel in Contempt (ECF No. 251) and a Motion for Court Order Transcribing the

16   May 16, 2014 Court Hearing (ECF No. 263).  In the April Order, the magistrate judge had

17   ordered Defendants to supplement certain responses made to Plaintiff's discovery requests. (Apr.

18   17, 2014 Order at 26–27).  The magistrate judge directed Defendants to produce the 2009 NDOC

19   policies and procedures relevant to Plaintiff's complaint and the training manual used to instruct

20   officers on proper cell extraction, as well as records of an interview between Defendant

21   Thompson and the inmate with whom Plaintiff fought on the day of the incident. (*Id.* at 27).

22   These supplemental responses were due by May 2, 2014. (*Id.*).  At a subsequent hearing held on

23   May 16, 2014, the magistrate judge found that Defendants had complied with the April 17th

24

1    order except that the NDOC training manual had not yet been produced. (May 16, 2014 Mins. of

2    Proceedings 3–4, ECF No. 249).  Defendants stated that they partially complied by making

3    relevant portions of the policies and procedures available for Plaintiff's review in the warden's

4    office, but that the training manual had just recently been retrieved from archives and Defendants

5    were currently identifying which policies were actually in place in 2009. (*Id.* at 3).  Defendants

6    also insisted that they had sent "Defendants' Third Supplemental Response to Plaintiff's Request

7    for Production of Documents" on May 2, 2014 providing the responses in compliance with the

8    April 17th order and explaining to Plaintiff why the NDOC training manual had not yet been

9    produced. (*Id.*).

10         Plaintiff claimed that he did not receive any of the materials Defendants were ordered to

11   send by the May 2nd deadline until after May 26, 2014. (Manley Decl. ¶ 13, ECF No. 251

12   Ex. 1).  His motion for contempt argued that this delay, in conjunction with Defendants' failure

13   to comply with the Court's order during a May 16th hearing to "immediately" produce the

14   documents in question, should be punished under Rule 37(b)(2)(A)(vii). (Pl.'s Mot. to Hold

15   Defs.'s Counsel in Contempt 5, ECF No. 251).  Plaintiff argued that Defendants' actions caused

16   him prejudice since he did not have access to documents he needed to properly prepare his

17   opposition to the Defendants' Motion for Summary Judgment. (Manley Decl. ¶ 13).  Defendants

18   replied that there was no contemptible conduct since they substantially complied with the

19   discovery requests and the magistrate judge's order by May 2nd. (Defs.'s Opp'n to Pl.'s Mot. to

20   Hold Defs.'s Counsel in Contempt 5–7, ECF No. 257).  In support of their argument, Defendants

21   maintained that documents responsive to the discovery requests in question had been sent in two

22   supplemental responses on May 2nd and that the NDOC training manual was personally

23

24

1  delivered to Plaintiff on May 28, 2014 as "Defendants' Fourth Supplemental Response." (*Id.*

2  Ex. A at 6, Ex. B).

3      On July 24, 2014, the magistrate judge held a hearing on Plaintiff's motions in which the

4  Defendants claimed to have emailed on May 16, 2014 "Defendants' Third Supplemental

5  Response" along with a description of documents in compliance with the Court's order from the

6  hearing that day to the warden's office, and Plaintiff indicated that he received those documents

7  the same day. (Jul 24, 2014 Mins. of Proceedings 3, ECF No. 271).  Plaintiff contended,

8  however, that he did not receive any information relating to the 2009 cell extractions until May

9  28, 2014, well after both the May 2nd deadline and the May 16th deadline. (*Id.*).

10     As to contempt, the magistrate judge ruled that although Defendants had delayed

11 discovery somewhat, Plaintiff provided insufficient evidence that Defendants' had not

12 substantially complied with the previous orders. (Aug. 4, 2014 Order 8, ECF No. 272).  The

13 magistrate judge further ruled that even if Defendants caused some delay, there was no prejudice

14 to Plaintiff since the judge, upon learning that Plaintiff had not yet received all responsive

15 documents, *sua sponte* issued a minute order giving Plaintiff until July 25, 2014 to supplement

16 his dispositive motions. (*Id.* at 9–10).  The magistrate judge also determined that the sanctions

17 Plaintiff sought for Defendants' alleged contempt would be inappropriate because there was no

18 evidence that Plaintiff suffered any monetary loss beyond $26 from printing supplemental briefs

19 to his dispositive motions, which the judge stated could be recouped from Defendants should

20 Plaintiff ultimately prevail. (*Id.* at 10).  The magistrate judge ruled that "in the exercise of its

21 discretion, the court finds that Defendants' counsel cannot properly be held in contempt." (*Id.*).

22     The magistrate judge also denied Plaintiff's second motion.  Plaintiff moved the court to

23 order a production of the transcript of the May 16, 2014 hearing, later indicating that Defendants

24

1 should bear the cost of production. (Jul. 25, 2014 Mins. of Proceedings 6).  Plaintiff wanted the

2 transcript so that he could use it to support his motion for contempt and sanctions against

3 Defendants' counsel. (Pl.'s Mot. for Ct. Order Transcribing May 16, 2014 Ct. Hr'g 2, ECF

4 No. 263).  Defendants responded that Plaintiff had other means of procuring the transcript

5 besides a court order and that the minute order from the May 16th hearing was sufficiently

6 detailed to reflect the Court's instructions. (Defs.'s Opp'n to Pl.'s Mot. for Ct. Order

7 Transcribing May 16, 2014 Ct. Hr'g 1–2, ECF No. 268).  The magistrate judge ruled that it could

8 not find any authority allowing it to order Defendants to pay for a production of transcript to be

9 used by Plaintiff to support a motion. (Aug. 4, 2014 Order 11).  Besides its apparent lack of

10 authority, the Court also determined that the transcript was not necessary for the proper

11 disposition of Plaintiff's contempt motion because the minute order from the hearing was "more

12 than adequate to address the instructions given to Defendants." (*Id.*).

13     Plaintiff now asks the Court to reconsider and overrule the magistrate judge on each of

14 these orders pursuant to Rule 72(a) and the corresponding local rules.

15 **II.    DISCUSSION**

16     A district judge may reconsider and set aside a pretrial discovery issue decided by the

17 magistrate judge based on a showing that the ruling is "clearly erroneous or is contrary to law."

18 Fed. R. Civ. P. 72(a); *see also* LR IB 3-1(a).  Under this standard, "the district judge must affirm

19 the magistrate judge unless it is left with the definite and firm conviction that a mistake has been

20 committed." *Ideal Elec. Co. v. Flowserve Corp.*, 230 F.R.D. 603, 606 (D. Nev. 2005) (citing

21 *Burdick v. Comm'r Internal Revenue Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992)) (internal

22 quotations omitted).  An order is contrary to law "when it fails to apply or misapplies relevant

23 statutes, case law or rules of procedure." *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d

24

1  70, 74 (N.D.N.Y. 2000).  Based on this standard of review, the Court does not find any clear

2  error in the orders challenged by Plaintiff's motions or that any ruling is contrary to law.

3  **A.  February Order**

4         Plaintiff's contends that the February Order was erroneous because the magistrate denied

5  his request for financial and medical records that Plaintiff argues Defendants' either possess or

6  have means to obtain. (Defs.'s Objections to Magistrate Judge Order 2–3, ECF No. 223).

7  However, Rule 26(b) allows the trial court to limit the extent of discovery when the "burden or

8  expense of the proposed discovery outweighs its likely benefit" or the discovery sought is

9  duplicative of what can be obtained from other sources that are more convenient. Fed. R. Civ. P.

10  26(b)(2)(C).  The court, moreover, is vested with inherent authority to settle discovery disputes

11  at its discretion. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (stating that "[r]ule 26 vests

12  the trial judge with broad discretion to tailor discovery narrowly"); *see also Little v. City of*

13  *Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (noting that "[t]he district court has wide discretion in

14  controlling discovery").  If the court is deciding whether to limit discovery, it evaluates "the

15  totality of the circumstances, weighing the value of the material sought against the burden of

16  providing it, and taking into account society's interest in furthering the truthseeking function in

17  the particular case before the court." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th

18  Cir. 2002) (citing *Rowlin v. Alabama*, 200 F.R.D. 459, 461 (M.D. Ala. 2001) (internal quotations

19  omitted); *see also Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990) (identifying

20  that courts may limit the scope of discovery to avoid annoyance, embarrassment, oppression, or

21  undue burden or expense).

22         In its February Order, the magistrate judge exercised his discretion to find that the

23  financial records of the various Defendants were not relevant to Plaintiff's claim of excessive

24

1   force.  The magistrate judge also determined that the medical records Plaintiff sought could just

2   as conveniently be acquired by Plaintiff as by Defendants.  Part of Plaintiff's reasoning for

3   having Defendants access the medical files was to have Defendant Baker and McDaniels

4   interpret the information contained therein.  The Court found that this type of request was not

5   appropriate because these defendants are not medically trained.  Seeking a lay party's

6   explanation of medical documents identified in a "Request for Admission" goes beyond the

7   scope of admitting or denying the proposed assertions as required under Rule 36. Fed. R. Civ. P.

8   36(a)(4).  Rather, Plaintiff could call an expert witness to explain the relevant information to the

9   jury after securing the files himself.  The ruling to limit discovery as to these documents,

10  therefore, is not clearly erroneous.

11      Plaintiff also argues that Nev. Rev. Stat. 41.0349 makes the Court's ruling as to the

12  financial records clearly erroneous because the State would be unable to indemnify Defendants

13  should Plaintiff prevail. (Pl.'s Objections to Magistrate Judge Order 7).  The law states that the

14  State will indemnify its employees for suits brought against them unless the employee acted

15  wantonly or maliciously. N.R.S. 41.0349.  This statute at the present time is not relevant to

16  Plaintiff's request for Defendants' financial information because the individual defendants'

17  financial situations have no bearing on Plaintiff's claim of excessive force.

18      The magistrate judge's ruling that Plaintiff's interrogatory regarding instances in which

19  Defendants used force against a prisoner since 2003 was unduly burdensome also fell well within

20  its discretion.  The magistrate determined that the burden of requiring Defendants to comb

21  through all of the reports for any mention of "force" greatly outweighed any benefit that doing so

22  might produce. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).  The cases Plaintiff cites do not persuade the

23  Court that this determination was clear error or contrary to controlling law.

24

9

1    Finally, Plaintiff asks that the Court to certify the issues raised in his Objection to the

2  February Order for interlocutory appeal under 28 U.S.C. § 1292(b). (Pl.'s Objections to

3  Magistrate Judge Order 15).  Section 1292(b) allows for certification where the district judge is

4  of the opinion that the "order involves a controlling question of law as to which there is

5  substantial ground for difference of opinion." 28 U.S.C. § 1292(b); *see also Couch v. Telescope*

6  *Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) ("Certification under § 1292(b) requires the district court

7  to expressly find in writing that all three § 1292(b)requirements are met."); *In re Cement*

8  *Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981) (A district court may certify an order for

9  interlocutory appellate review under Section 1292(b) only if all of the following three

10  requirements are met: (1) there is a controlling question of law; (2) there are substantial grounds

11  for difference of opinion; and (3) an immediate appeal may materially advance the ultimate

12  termination of the litigation.).  In the present dispute, there is simply no substantial ground for

13  disagreement with respect to the February Order and the included discovery rulings.

14  Accordingly, certification under § 1292(b) is improper.

15    **B.  April Order**

16    Plaintiff's Objection to the April Order states that he challenges the ruling "in its

17  entirety." (Pl.'s Objections to Magistrate Judge's Apr. 17, 2014 Order 2, ECF No. 240).

18  However, the Objection focuses on the ruling as it relates to Plaintiff's seventh and eighth sets of

19  his requests for the production of documents. (*Id.*).  The Objection does not address the

20  timeliness issue identified by the magistrate judge, focusing instead on why the requests made in

21  those sets are important to Plaintiff's ability to effectively respond to Defendants' summary

22  judgment motion. (*Id.* at 3–5).

23

24

1    As previously stated, Rule 26(b) provides the trial court with discretion to narrow the

2    scope of discovery. *Crawford-El*, 523 U.S. at 598.  And the court should consider the totality of

3    the circumstance before doing so, including whether the truthseeking function of discovery has

4    been fulfilled. *Patterson*, 281 F.3d at 681.  In his April Order, the magistrate judge summarized

5    in a bulleted list the extensive discovery process the parties' had engaged in, including Plaintiff's

6    eight requests for the production of documents, multiple sets of interrogatories with a request to

7    extend the number of interrogatories per defendant to 100, multiple sets of requests for

8    admission, and numerous motions asking the magistrate judge to compel Defendants' answers.

9    (Apr. 17, 2014 Order 2–6).  It was against this background that the magistrate judge determined

10   that the truthseeking discovery standard had been met.  Notwithstanding this conclusion, the

11   magistrate judge still ordered Defendants to produce certain other materials sought by Plaintiff as

12   discussed below. (*Id.* at 31).  Accordingly, the Court finds that Plaintiff was given ample time

13   and opportunity to acquire from Defendants all unprivileged materials and information relevant

14   to his failure to protect and excessive force claims.  Any limit to discovery, therefore, imposed

15   by the magistrate judge's denial of Plaintiff's Motion was not in clear error or contrary to law.

16   **C.  June Order**

17   Plaintiff contends that the magistrate judge's June Order should be overruled.  The June

18   Order granted Defendants an extension of time to reply to Plaintiff's opposition to Defendants'

19   summary judgment motion. (Pl.'s Objection to Magistrate Judge's June 13, 2014 Order 1, ECF

20   No. 262).  The Defendants argued that the extension was needed due to the extensive nature of

21   Plaintiff's opposition and cross motion. (June 13, 2014 Mins. of Proceedings 1).  The magistrate

22   judge concluded that Defendants' need constituted good cause for the extension. (*Id.*).  Plaintiff

23   argues that by giving an extension to the Defendants, the Court acted unfairly since it had

24

11

1    previously denied Plaintiff's request for an extension to draft his opposition to Defendants'

2    summary judgment motion. (Pl.'s Objection to Magistrate Judge's June 13, 2014 Order 3).

3          Rule 6(b) states that "the court may, for good cause, extend the time" an act may or must

4    be done. Fed. R. Civ. P. 6(b).  The rule says that a court "may" extend the time, which means

5    that the court "may not" grant extensions as well.  In either case, it is the trial court's

6    responsibility to exercise its discretion in granting or denying extensions of time as it manages

7    the progress of litigation. *See Choi v. Chem. Bank*, 939 F. Supp. 304, 309 (S.D.N.Y. 1996).  The

8    magistrate judge's ruling in the June Order is a proper exercise of the authority and discretion

9    granted by Rule 6(b).  Therefore, the Court does not find clear error.

10         **D.  August Order**

11         Plaintiff argues that the magistrate judge improperly denied his Motion to Hold

12   Defendants' Counsel in Contempt because undeniably Defendants failed to provide Plaintiff with

13   a copy of the NDOC training manual by May 2nd. (Pl.'s Objection to Magistrate Judge's August

14   4, 2014 Order 3, ECF No. 276).  The magistrate judge's instructions were that Defendants should

15   "produce the requested documents which pertain to 2009 training policies and NDOC procedures

16   for cell extractions" and that "Defendants shall make these materials available to Plaintiff within

17   fifteen (15) days of the date of this Order." (Apr. 17, 2014 Order 31).  Defendants sent a number

18   of supplemental responses to Plaintiff on May 2nd, but the training manual was not delivered

19   until May 28, 2014. (Defs.'s Opp'n to Pl.'s Mot to Hold Defs. Counsel in Contempt 3).  This was

20   clearly past the deadline set by the magistrate judge, but the he ruled that the production through

21   Defendants' other supplemental responses on May 2nd constituted substantial compliance with

22   the order.  In any event, the magistrate judge determined that Plaintiff suffered no prejudice due

23

24

1    to Defendants' delayed response given that the magistrate judge on his own chose to give

2    Plaintiff more time to file supplements to his dispositive motions. (August 4, 2014 Order 8–9).

3          The Court agrees with the magistrate judge.  Where a party fails to comply with a

4    discovery order, the court may treat the failure as contempt. Fed. R. Civ. P. 36(b)(2)(A)(vii).

5    Again, the word "may" leaves it to the discretion of the trial court to decide whether a party or its

6    attorney should be found in contempt.  In issuing its ruling, the magistrate judge reviewed the

7    various supplemental responses Defendants provided to Plaintiff and found that they

8    substantially complied with his previous order.  Since an order of civil contempt is designed to

9    compel obedience, *Go-Video, Inc. v. Motion Pictures Ass'n of Am.*, 10 F.3d 693, 695 (9th Cir.

10   1993), the magistrate could have employed this tool if he believed it was necessary.  Moreover, a

11   finding of contempt here would not have compensated Plaintiff for any injuries allegedly caused

12   by Defendants' noncompliance. *Id.* at 696.  The magistrate judge's order extending Plaintiff's

13   deadline to file supplements to his dispositive motions cured any potential injury wrought by the

14   delay.  Any additional expenses that Plaintiff incurred in copying and filing the supplements can

15   be recovered if he prevails in the case.  Therefore, the Court does not see any clear error in the

16   magistrate judge's order denying Plaintiff's contempt motion.

17         Plaintiff next argues that the magistrate judge erred by not ordering the production of a

18   transcript from the May 16, 2014 hearing because he feels that the minute order does not reflect

19   all that occurred there. (Pl.'s Objection to the Magistrate Judge's Aug. 4, 2014 Order 10).  For

20   instance, Plaintiff alleges that the magistrate judge ordered Defendants to provide additional

21   declarations and that they failed to do so. (*Id.* at 6).  Plaintiff believes this would have supported

22   his contempt motion. (*Id.*).  Plaintiff does not explain, however, why Defendants should pay for

23   the creation of a transcript to support the arguments in Plaintiff's motion or why an AO 435 form

24

13

1   would not have worked to secure him a copy.  Accordingly, the Court does not see any clear

2   error in the magistrate judge's denial of this motion or its direction to Plaintiff to seek a copy of

3   the transcript through an AO 435 form at his own expense.

**CONCLUSION**

5       IT IS HEREBY ORDERED that Plaintiff's Objections (ECF Nos. 223, 240, 262, 276) are

6   DENIED.

7       IT IS SO ORDERED.

8   Dated:  September 10, 2014.

_____
ROBERT C. JONES
United States District Judge