1

2

3

4                    UNITED STATES DISTRICT COURT

5                       DISTRICT OF NEVADA

6    CHARLES MANLEY,                        3:11-cv-00636-RCJ-MMD

7                          Plaintiff,        **ORDER**

8          v.

9    ALAN ZIMMER, et. al.

10                         Defendants.

11

12         Before the court is Defendants' Motion for Leave to File Exhibits I and J in support of

13   Defendants' Motion for Summary Judgment Under Seal. (Doc. # 202.)[1]

14         Exhibits I and J consist of Plaintiff's medical record; therefore, Defendants seek leave of

15   court to file them under seal.

16         "Historically, courts have recognized a general right to inspect and copy public records

17   and documents, including judicial records and documents." *See Kamakana v. City and County of*

18   *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted).

19   "'Throughout our history, the open courtroom has been a fundamental feature of the American

20   judicial system. Basic principles have emerged to guide judicial discretion respecting public

21   access to judicial proceedings. These principles apply as well to the determination of whether to

22   permit access to information contained in court documents because court records often provide

23   important, sometimes the only, bases or explanations for a court's decision.'" *Oliner v.*

24   *Kontrabecki*, 745 F.3d 1024, 1025(9th Cir. Mar. 20, 2014) (quoting *Brown & Williamson*

25   *Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

26         Documents that have been traditionally kept secret, including grand jury transcripts and

27   warrant materials in a pre-indictment investigation, come within an exception to the general right

28

---

[1] Refers to court's docket number.

1  of public access. *See Kamakana*, 447 F.3d at 1178.  Otherwise, "a strong presumption in favor of

2  access is the starting point." *Id*. (internal quotation marks and citation omitted).

3        A motion to seal documents that are part of the judicial record, or filed in connection with

4  a dispositive motion, must meet the "compelling reasons" standard outlined in *Kamakana*. Thus,

5  a party seeking to seal judicial records must show that "compelling reasons supported by specific

6  factual findings...outweigh the general history of access and the public policies favoring

7  disclosure." *Kamakana*, 447 F.3d at 1178-79. The trial court must weigh relevant factors

8  including "the public interest in understanding the judicial process and whether disclosure of the

9  material could result in improper use of the material for scandalous or libelous purposes or

10  infringement upon trade secrets." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 n.  6 (9th

11  Cir. 2010) (internal quotation marks and citation omitted). While the decision to grant or deny a

12  motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in

13  deciding a motion to seal. *Pintos*, 605 F.3d at 679.

14        The court recognizes that the need to protect medical privacy has qualified as a

15  "compelling reason," for sealing records. *See, e.g., San Ramon Regional Med. Ctr., Inc. v.

16  Principal Life Ins. Co.,* 2011 WL89931, at *n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii

17  Employers Mut. Ins.* Co., 2010 WL4715793, at * 1-2 (D.  HI. Nov. 15, 2010); *G. v. Hawaii*, 2010

18  WL 267483, at *1-2 (D.HI.  June 25, 2010)*; Wilkins v. Ahern,* 2010 WL3755654 (N.D. Cal.

19  Sept. 24, 2010); *Lombardi v. TriWest Healthcare Alliance Corp.*, 2009 WL 1212170, at * 1

20  (D.Ariz. May 4, 2009).

21        Here, Exhibits I and J contain Plaintiff's sensitive health information, medical history,

22  and treatment records. Balancing the need for the public's access to information regarding

23  Plaintiff's medical history, treatment, and condition against the need to maintain the

24  confidentiality of Plaintiff's medical records weighs in favor of sealing these exhibits.

25  Therefore, the motion to file Exhibits I and J (Doc. # 202) under seal is **<u>GRANTED</u>**.

26  **IT IS SO ORDERED.**

27
28  DATED: December 22, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE