1

2

3

4                        UNITED STATES DISTRICT COURT

5                             DISTRICT OF NEVADA

6   CHARLES MANLEY,                          3:11-cv-00636-RCJ-MMD

7                          Plaintiff,        **ORDER**

8          v.

9   ALAN ZIMMER, et. al.,

10                        Defendants.

11        Before the court is Plaintiff's Motion to Submit Exhibit C1 Under Seal. (Doc. # 252.)[1]

12        Exhibit C1 contains Plaintiff's medical records, which he wants to submit under seal in

13   support of his cross-motion for summary judgment and opposition to Defendants' motion for

14   summary judgment.

15        "Historically, courts have recognized a general right to inspect and copy public records

16   and documents, including judicial records and documents." *See Kamakana v. City and County of*

17   *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted).

18   "'Throughout our history, the open courtroom has been a fundamental feature of the American

19   judicial system. Basic principles have emerged to guide judicial discretion respecting public

20   access to judicial proceedings. These principles apply as well to the determination of whether to

21   permit access to information contained in court documents because court records often provide

22   important, sometimes the only, bases or explanations for a court's decision.'" *Oliner v.*

23   *Kontrabecki*, 745 F.3d 1024, 1025(9th Cir. Mar. 20, 2014) (quoting *Brown & Williamson*

24   *Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

25        Documents that have been traditionally kept secret, including grand jury transcripts and

26   warrant materials in a pre-indictment investigation, come within an exception to the general right

27

28
   _____

        [1] Refers to court's docket number.

1    of public access. *See Kamakana*, 447 F.3d at 1178.  Otherwise, "a strong presumption in favor of

2    access is the starting point." *Id*. (internal quotation marks and citation omitted).

3            A motion to seal documents that are part of the judicial record, or filed in connection with

4    a dispositive motion, must meet the "compelling reasons" standard outlined in *Kamakana*. Thus,

5    a party seeking to seal judicial records must show that "compelling reasons supported by specific

6    factual findings...outweigh the general history of access and the public policies favoring

7    disclosure." *Kamakana*, 447 F.3d at 1178-79. The trial court must weigh relevant factors

8    including "the public interest in understanding the judicial process and whether disclosure of the

9    material could result in improper use of the material for scandalous or libelous purposes or

10   infringement upon trade secrets." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 n.  6 (9th

11   Cir. 2010) (internal quotation marks and citation omitted). While the decision to grant or deny a

12   motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in

13   deciding a motion to seal. *Pintos*, 605 F.3d at 679.

14           The court recognizes that the need to protect medical privacy has qualified as a

15   "compelling reason," for sealing records. *See, e.g., San Ramon Regional Med. Ctr., Inc. v.*

16   *Principal Life Ins. Co.,* 2011 WL89931, at *n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii*

17   *Employers Mut. Ins.* Co., 2010 WL4715793, at * 1-2 (D.  HI. Nov. 15, 2010); *G. v. Hawaii*, 2010

18   WL 267483, at *1-2 (D.HI.  June 25, 2010)*; Wilkins v. Ahern,* 2010 WL3755654 (N.D. Cal.

19   Sept. 24, 2010); *Lombardi v. TriWest Healthcare Alliance Corp.*, 2009 WL 1212170, at * 1

20   (D.Ariz. May 4, 2009).

21           Here, Exhibit C1 contains Plaintiff's sensitive health information, medical history, and

22   treatment records. Balancing the need for the public's access to information regarding Plaintiff's

23   medical history, treatment, and condition against the need to maintain the confidentiality of

24   Plaintiff's medical records weighs in favor of sealing these exhibits.  Therefore, the motion to

25   file Exhibit C1 (Doc. # 252) under seal is **<u>GRANTED</u>**.

26   **IT IS SO ORDERED.**

27
     DATED: December 22, 2014.

28
                                                              WILLIAM G. COBB
                                                              UNITED STATES MAGISTRATE JUDGE