UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES MANLEY,<br><br>          Plaintiff,<br><br>vs.<br><br>ALAN ZIMMER et al.,<br><br>          Defendants. | 3:11-cv-00636-RCJ-WGC<br><br>**ORDER** |

   Plaintiff is a prisoner in the custody of the Nevada Department of Corrections. He sued Defendants in this Court for three Eighth Amendment violations. The Magistrate Judge has submitted a Report and Recommendation ("R&R") recommending that the Court dismiss the first claim without prejudice, grant summary judgment to Defendants at to the third claim, and deny summary judgment to both sides as to the second claim. The Court adopts the R&R as to the third claim but respectfully rejects it in part as to the first and second claims.

   First, the Court adopts the facts concerning the first claim as found by the Magistrate Judge, but the Court will grant summary judgment as to the first claim, not dismiss it without prejudice, as recommended. Although a dismissal for failure to exhaust is without prejudice, Defendants have moved for summary judgment against the first claim, not for dismissal, so victory on that motion results in a final adjudication of the claim. *See Albino v. Baca*, 747 F.3d

1162, 1165–66 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003)). If a failure to exhaust is clear on the face of the complaint, the affirmative defense of non-exhaustion may succeed under Rule 12(b)(6), resulting in dismissal without prejudice, but if evidence is adduced as under the previous "unenumerated Rule 12(b) motion" framework, the motion is in the nature of summary judgment and must be treated accordingly. *See id.*

Second, the Court adopts the Magistrate Judge's findings of fact as to the second claim but respectfully disagrees that there is any genuine issue of material fact as to the claim, which is the claim of excessive force during the cell extraction. The evidence adduced shows that Plaintiff had been in a significant violent altercation with his cellmate when officers arrived at his cell, and that he had been under the influence of methamphetamine and at least one other drug to the extent that he could not walk or speak and that he was experiencing hallucinations even into the following day after he had recovered his ability to speak and walk. Plaintiff's ability to accurately recollect events in such a state was so compromised as to be virtually worthless.[1] Also, the Court respectfully disagrees that the fact of a gap in the film of the incident

---

1 The only evidence potentially supporting a verdict in favor of Plaintiff is Plaintiff's own self-interested testimony. Because a court is not to weigh evidence or judge credibility at the summary judgment stage, that can be enough to avoid summary judgment, but it is not always enough. *See, e.g.*, *Fleischer Studios, Inc. v. AVELA, Inc.*, 654 F.3d 958, 967 (9th Cir. 2011) (holding that an uncorroborated, self-interested declaration of a plaintiff does not create a genuine issue of material fact as to secondary meaning of a trademark). In this case, the Court believes Plaintiff's self-interested testimony, particularly based on his perceptions during a highly hallucinogenic state, is insufficient to create a genuine issue of material fact for trial. Admittedly, the Court does not have an excellent track record with the Court of Appeals in granting summary judgment under similar circumstances, (*see* Mem. Op. in *Asher v. Pac. Legends Condo. Assoc.*, No. 2:08-cv-914, ECF No. 79 (reversing this Court's grant of summary judgment and remanding for trial); Mem. Op. in *Dennis v. State of Nevada ex rel. Nev. Dep't of Corr.*, No. 3:10-cv-591, ECF No. 106 (same); Mem. Op. in *Snow v. McDaniel*, No. 3:08-cv-46, ECF No. 114 (same); *Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 873 (9th Cir. 2010) (same)), but the Court of Appeals has an equally poor record with juries after remand, (*see* Jury Verdict in *Asher*, ECF No. 118 (finding for the defendants after reversal of summary judgment and remand for trial); Jury Verdict in *Dennis*, ECF No. 149 (same); Jury Verdict in *Snow*, ECF No. 178

creates any genuine issue of material fact.  Plaintiff alleges Defendants gratuitously struck him during a portion of the film focusing on his cellmate where Plaintiff is out of the frame.  But a defendant has no burden on summary judgment to affirmatively disprove a claim via video or otherwise.  The fact that a defendant has not affirmatively disproved a claim does not mean that a Plaintiff has provided evidence sufficient to create a genuine issue of material fact.  The declarations of two other prisoners adduced relate to other alleged incidents of excessive force, not the present incident.

Third, the Court adopts the R&R as to the third claim.  Baker and McDaniel cannot be held liable as supervisors, because there was no underlying violation, because there is no evidence that they directed or otherwise set into motion the alleged violation via any specific event or policy, *see Hydrick v. Hunter*, 669 F.3d 937, 942 (2012), and because a post-event failure to investigate cannot have caused a preceding violation.

///

///

///

///

///

///

///

---

(same); Jury Verdict in *Eid*, No. 2:04-cv-1304, ECF No. 390 (same; summary judgment by this Court but trial conducted by three other judges)), so this Court's record in finding that a reasonable jury could not find for a plaintiff is ultimately very good.  The Court therefore respectfully implores the Court of Appeals to consider that the District Court may have a better perspective as to whether a reasonable jury could render a verdict in favor of a plaintiff under similar circumstances and, although review is, to be sure, *de novo*, might view plaintiff's uncorroborated, self-interested testimony with caution.

## CONCLUSION

IT IS HEREBY ORDERED that the R&R (ECF No. 283) is ADOPTED IN PART and REJECTED IN PART.

IT IS FURTHER ORDERED that the Motion for Summary Judgment (ECF No. 201) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment (ECF No. 254) is DENIED.

IT IS FURTHER ORDERED that the Motion for Extension of Time (ECF No. 247) is DENIED as moot.

IT IS FURTHER ORDERED that the Clerk shall close the case.

IT IS SO ORDERED.

Dated this 10th day of February, 2015.

_____
ROBERT C. JONES
United States District Judge